**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **Anas ELHADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:16-cv-375 (AJT/JFA)** |
| ) | |
| **CHARLES H. KABLE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER TO THE AMENDED COMPLAINT

Defendants Charles H. Kable, Director of the Terrorist Screening Center ("TSC"); Kelli Ann Burriesci, Principal Deputy Director of TSC; Timothy P. Groh, Deputy Director for Operations at TSC; Deborah Moore, Director of Department of Homeland Security Traveler Redress Inquiry Program ("DHS TRIP"); Nicholas J. Rasmussen, Director of the National Counterterrorism Center ("NCTC"); David Pekoske, Administrator of the Transportation Security Administration ("TSA"); Christopher Wray, Director of the Federal Bureau of Investigation ("FBI"); and Kevin K. McAleenan, Acting Commissioner of United States Customs and Border Protection ("CBP"), all in their official capacities (collectively, "Defendants"), answer the Amended Complaint as follows:

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied.

5.      Denied.

6.      Denied.  Furthermore, Defendants note that the Government has not confirmed

nor denied the authenticity of these purportedly leaked documents.

7.       The first sentence appears to characterize or summarize the purportedly leaked

document mentioned in paragraph 6; Defendants neither confirm nor deny the authenticity,

content, or accuracy of that document because this information is protected by privileges.  Admit

the second sentence only to the extent that there have been over 1.5 million "nominations" in that

timeframe, but aver that "nominations" do not reflect placement of unique individuals, but all

changes to TSDB information.  Otherwise, denied.

8.   Denied.

9.   Denied.

10.      Admit only the numbers of "nominations" but aver that "nominations" do not

reflect placement of unique individuals, but all changes to TSDB information.  Otherwise,

denied.

11-12.  The allegations in these paragraphs purport to characterize or partially quote an

opinion of this Court, to which the Court is referred for a full and accurate statement of its

contents.

13.      Defendants lack sufficient information to confirm or deny the truth of the

allegations in the first sentence.  The second sentence contains legal conclusions, to which no

response is required.

14.      Defendants lack sufficient information to confirm or deny the truth of the

allegations in the first and third sentences.  The second sentence contains legal conclusions, to

which no response is required.  The third sentence also characterizes this action and no response is required.

15.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

16.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

17.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

18.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

19.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

20.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

21.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

22.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

23.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

24.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

25.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

26.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

27.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

28.      Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

29.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

30.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

31.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

32.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

33.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

34.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

35.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

36.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

37.     Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  The second sentence contains legal conclusions, to which no response is required.

38.     Deny, and aver that Charles H. Kable is the current Director of the Terrorist Screening Center.  Admit that TSC develops and maintains the Terrorist Screening Database, including accepting appropriate nominations.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know what is intended by the phrase "similarly situated American citizens".  The last sentence characterizes the action and no response is required.  Otherwise, denied.

39.   Deny, and aver that Kelli Ann Burriesci is the current Principal Deputy Director of TSC. Admit that TSC develops and maintains the Terrorist Screening Database, including accepting appropriate nominations.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know what is intended by the phrase "similarly situated American citizens".  The last sentence characterizes the action and no response is required.  Otherwise, denied.

40.     Deny, and aver that Timothy P. Groh is the Deputy Director for Operations at TSC. Admit that TSC develops and maintains the Terrorist Screening Database, including accepting appropriate nominations.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know what

is intended by the phrase "similarly situated American citizens".  The last sentence characterizes the action and no response is required.  Otherwise, denied.

41.     Deny, and aver that Deborah Moore is the Director of DHS TRIP.  Defendants further aver that DHS TRIP is the redress process for travelers who have been denied or delayed airline boarding; have been denied or delayed entry into or exit from the U.S. at a port of entry or border crossing; or have been repeatedly referred to additional (secondary) screening. The last sentence characterizes the action and no response is required.

42.     Denied, and aver that Nicholas J. Rasmussen is the current Director of NCTC and that NCTC is not "responsible" for nominations of other agencies.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know what is intended by the phrase "similarly situated American citizens".  The last sentence characterizes the action and no response is required.  Otherwise, denied.

43.     Deny, and aver that David Pekoske is the Administrator of TSA.  The last sentence characterizes the action and no response is required.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know that is intended by the phrase "similarly situated American citizens". Otherwise, denied.

44.     Deny, and aver that Christopher Wray is the current Director of the FBI. Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges) and do not know what is intended by the phrase "similarly situated American citizens". The last sentence characterizes the action and no response is required. Otherwise, denied.

45.    Deny, and aver that Kevin McAleenan is the Acting Commissioner of CBP. The last sentence characterizes the action and no response is required.  Otherwise, denied.

46-50.  The allegations in these paragraphs contain legal conclusions, to which no response is required.

51.  With regard to the first sentence of Paragraph 51, Defendants admit that the TSC was created in September 2003 pursuant to HSPD-6, and that it maintains the government's consolidated terrorist watchlist, the "Terrorist Screening Database" or "TSDB.  Defendants also admit the other allegations in paragraph 51, except to aver that the TSDB includes records related to known or suspected terrorists.

52.    Denied, except to admit that the No Fly List is designed to prevent individuals on the List from boarding aircraft flying to, from, or over the United States and the Selectee List is designed to ensure passengers on that list undergo enhanced screening prior to being permitted to board a commercial aircraft flying to, from, or over the United States.  Defendants do not confirm or deny the watchlist status of Plaintiffs (because that information is protected by statute and privileges), and Defendants do not confirm or deny allegations regarding security procedures (because that information is protected by statute and privilege).  Defendants do not confirm or deny allegations regarding security procedures (because that information is protected by statute and privilege).

53.    Admit that subsets of the TSDB are made available to other federal agencies, including TSA and CBP, for use in screening, vetting and/or inspection, as appropriate. Otherwise, denied.

54.     Defendants neither confirm nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals – information which is protected by statute and privileges.

55.     Defendants neither confirm nor deny the allegations in this paragraph because they reflect watchlist status of particular individuals and alleged confidential communications with foreign governments – information which is protected by statute and/or privileges.

56.  Deny the first sentence, except to the extent that it reflects the watchlist status of particular individuals, which Defendants neither confirm nor deny because that information is protected by statute and privileges.  Defendants do not know what is intended by the phrase "similarly situated American citizens".  The allegations in the second sentence are vague, compound and ambiguous, and therefore Defendants cannot respond.  To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this sentence.

57.     Admit the first sentence.  Deny the second.

58.     Denied.

59.     Denied.

60.     Denied, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

61.     Denied.

62.     Defendants note that this sentence is compound, vague and ambiguous to the extent Defendants cannot answer.  To the extent a response is required, denied, except to the

extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

63.   Denied.

64.   The allegations in this paragraph purport to partially quote and characterize a public statement by former TSC Director Christopher Piehota, as quoted in media reporting, to which the Court is referred for a full and accurate statement of its contents.

65.   The allegations in this paragraph purport to partially quote and characterize a public statement by former TSC Director Christopher Piehota, as quoted in media reporting, to which the Court is referred for a full and accurate statement of its contents.

66.   Defendants can neither confirm nor deny the allegations in this paragraph because they reflect TSDB status of particular individuals – information which is protected by statute and privileges.  Defendants do not know what is intended by the phrase "similarly situated American citizens".

67.   Defendants lack sufficient information to confirm or deny the allegations in the first sentence, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".   The second sentence is denied, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

68.   Denied, except to admit that some subsets of the TSDB are exported to NCIC, and except to the extent that it reflects the watchlist status of particular individuals (which

Defendants neither confirm nor deny because that information is protected by statute and privileges).

69.    Denied, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

70.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges). Defendants do not know what is intended by the phrase "similarly situated American citizens".

71.    Defendants lack sufficient information to confirm or deny the truth of the allegations regarding interpretation of state law.  Defendants do not know what is intended by the phrase "similarly situated American citizens".  Otherwise, denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

72.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".

73.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".

74.     Admit that TSA prohibits air carriers and airport operators from authorizing non-traveling individuals or non-travelers, as defined at 49 C.F.R. § 1560.3, to enter the sterile area of an airport if their identities are a match to certain subsets of the TSDB.  Deny that listing in the TSDB results in denying individuals who work for airports or airlines unescorted access to the security identification display area of an airport.  Deny that the Defendants make employment decisions for airports or airlines.  Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".

75.     Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

76.      Denied.

77.     Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

78.     Defendants note that the use of the word "control" is ambiguous in this context but admits that TSC develops and maintains the TSDB.

79.     Denied except to admit that nominations of known or suspected international terrorists are submitted by federal departments and agencies and are processed through NCTC, who forwards certain identities for inclusion in TIDE.  Further admit that the FBI is responsible for all nominations of known or suspected domestic terrorists, and submits those domestic terrorist identity nominations directly to the TSC. Otherwise, denied.

80.     Admit that the FBI is responsible for all nominations of known or suspected domestic terrorists, and submits those domestic terrorist identity nominations directly to the TSC. Otherwise denied.

81.     Admit that TSC determines whether the substantive criteria for inclusion in the TSDB are met by a nomination.  Deny the second sentence.

82.     The allegations in this paragraph purport to partially quote and characterize unspecified public testimony of the former Director of TSC.  The Court is respectfully referred to such testimony for a full and accurate statement of its contents.

83.     Admit except to aver that Defendants have made public the substantive derogatory criteria for inclusion on the No Fly List and the general standard for inclusion in the TSDB.  Defendants deny that a boarding pass marked "SSSS" indicates the individual is on the Selectee list.

84.     Denied.

85.     Defendants deny the first and third sentences.  Defendants can neither confirm nor deny the allegations in the second sentence because the second sentence is ambiguous and a full response requires the inclusion of information protected by privileges.

86.     Defendants can neither confirm nor deny the allegations in this paragraph because the sentence is ambiguous, and a full response requires the inclusion of information protected by privileges.

87.     This paragraph poses legal analysis of a hypothetical situation, and no response is required.  To the extent a response is required, Defendants lack sufficient information to evaluate the hypothetical situation posed by the allegations in this paragraph.

88.     This allegation is ambiguous and confusing and Defendants cannot meaningfully respond.  To the extent a response is required, denied.

89.     Admit that information about a specific target is not required for placement in the TSDB.  Otherwise deny.

90.     Defendants can neither confirm nor deny the allegations in this paragraph because the information is protected by statute and privileges.

91.     Defendants aver that the criteria for inclusion on the No Fly List are public and respectfully refer the Court to those criteria for a full and accurate statement of their contents.  To the extent a further response is required, Defendants admit that some of the substantive derogatory criteria for placement on the No Fly List may be met without specific information about an aviation-related threat.

92.     Admit, and aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information.

93.     Denied.

94.     Deny the first sentence.  Admit the second and third sentences, but aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information.

95.     The allegations in this paragraph are vague and ambiguous and Defendants do not know what is meant by "systematically prevented from flying," and therefore Defendants cannot respond.  To the extent a response is required, denied.

96.     Denied.

14

97.     The first sentence purports to characterize facts in a 2007 GAO report, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants cannot confirm or deny the second sentence because the information is protected by privileges.

98.     The allegations in this paragraph purport to characterize and partially quote Congressional testimony, to which the Court is referred for a full and accurate statement of its contents.

99.     Denied.

100.    Denied.

101.    Denied.  Moreover, the citations quote allegations from other litigation, not judicial findings; the Court is referred to the cited cases for a full and accurate statement of their contents.

102.    Denied.

103.    The allegations in this paragraph characterize what purport to be leaked government records, and the Defendants neither confirm nor deny the authenticity, content or accuracy of that document because that information is protected by privileges.  Generally, the allegations in this paragraph reflect information that the Defendants neither confirm nor deny because it is protected by privileges.

104.    Defendants lack sufficient information to confirm or deny the truth of the allegations in the first sentence.  Second sentence is denied.

105.    This allegation characterizes and partially quotes a purportedly leaked document, and the Defendants neither confirm nor deny the authenticity, content or accuracy of that document because that information is protected by privileges.  The content of the actual Watchlisting Guidance is protected by statute and privileges.

15

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".

115.    Defendants deny that they acted unlawfully.

116.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

117.    Defendants cannot confirm or deny the allegations in this paragraph because a response requires information protected by privileges.

118.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph, and note that this paragraph fails to define "terrorist acts."

119.    The extent these allegations are contingent on the allegations in the previous paragraph, Defendants incorporate the response to the previous paragraph here.  Otherwise, denied.

120.    Admit, except to the extent the second sentence is confusing and ambiguous and Defendants are unable to respond.

121.    The allegation in this paragraph is vague, ambiguous and confusing and Defendants cannot respond.  To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

122.    The allegation in this paragraph is vague, ambiguous and confusing and Defendants cannot respond.  To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

123.    The allegation in this paragraph is vague, ambiguous and confusing and Defendants cannot respond.  To the extent a response is required, Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

124.    Defendants cannot confirm or deny the allegations in this paragraph because ut would reveal information protected by privileges.

125.    Admit and aver that "nominations" do not reflect placement of unique individuals, but all changes to TSDB information.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".

131.    Deny the first sentence except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Defendants do not know what is intended by the phrase "similarly situated American citizens".  Admit the second sentence, except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).  Admit the third sentence but aver that placement in TIDE does not cause travel restrictions.

132.    Admit that individuals who seek redress for travel-related difficulties including watch list issues must submit an inquiry through DHS TRIP.  Admit that DHS TRIP provides individuals who submit an inquiry with a Redress Control Number.  Otherwise, denied.

133.    Admit that DHS TRIP provides redress to individuals for travel-related difficulties, including watchlist issues.  To the extent not admitted, denied.

134.    Denied.

135.    Deny that TSC makes determinations on its own, and refuse to confirm or deny the watchlist status of particular individuals because that information is protected by statute and privileges.   Admit that some DHS TRIP response letters do not confirm or deny watchlist status and do not set forth the substantive standard for inclusion; otherwise denied.

136.    Denied.

137.    Denied, except to the extent it purports to characterize an IG report, to which the Court is respectfully referred for a full and accurate statement of its contents.

138.    Denied.

139.    Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

140.    Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

141.    Defendants refuse to confirm or deny the watchlist status of particular individuals because that information is protected by statute and privileges.

**Plaintiff Anas Elhady**

142.    Denied.

143.    Denied.

144.    Denied.

145.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

146.    Admit.

147.    Admit.

148.    Admit that on or about April 11, 2015, Mr. Elhady was inspected by CBP at the Ambassador Bridge Port of Entry in Detroit, Michigan, and admit that he was at the Port of Entry for several hours.  Otherwise, Defendants lack sufficient information to confirm or deny the details of these allegations in their records.  Otherwise, denied.

149.    Denied.

150.    Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

151.    Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

152.   Defendants lack sufficient information to confirm or deny the details of these allegations in their records.  Otherwise, denied.

153.   Denied.

154.   Admit that Emergency Medical Services were called for Mr. Elhady.  Defendants lack sufficient information to confirm or deny the truth of the remaining allegations in this paragraph.

155.   Admit that Mr. Elhady was taken to a local hospital.  Defendants lack sufficient information to confirm or deny the truth of the remaining allegations in this paragraph.

156.   Admit that Mr. Elhady was transported back to the Ambassador Bridge. Defendants lack sufficient information to confirm or deny the truth of the remaining allegations in this paragraph.

157.   Admit only that there was contact (by telephone) between named agent and Mr. Elhady.  Deny as to the remainder of this paragraph.

158.   Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

159.   Denied.

160.   Defendants neither confirm nor deny Mr. Elhady's alleged status in the TSDB, because that information is protected by statute and privileges.

161.   Defendants neither confirm nor deny Mr. Elhady's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Elhady was deprived of his liberty interests or that his constitutional rights were violated.

162.     Defendants neither confirm nor deny Mr. Elhady's alleged status in the TSDB, because that information is protected by statute and privileges.

163.     Defendants neither confirm nor deny Mr. Elhady's alleged status in the TSDB, because that information is protected by statute and privileges.

164.     Defendants neither confirm nor deny Mr. Elhady's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Baby Doe 2.[1]**

165.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

166.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Plaintiff makes no plausible allegation that the Government considers a toddler to be a "known or suspected terrorist." Defendants lack sufficient information to confirm or deny the truth of the remaining allegations in this paragraph.

167.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

168.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

169.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.

---

[1] Defendants have not been provided with the actual identities of the anonymous plaintiffs and lack sufficient information to respond to any factual information about them.

170.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph, but deny that Baby Doe was deprived of his liberty interests or that his constitutional rights were violated.

171.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph, except to the extent that TSDB status of particular individuals is protected by privileges.

172.     Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph.   TSDB status of particular individuals is protected by privileges, but Plaintiff makes no plausible allegation that the Government considers a toddler to be a "known or suspected terrorist."

**Plaintiff Yaseen Kadura**

173.     Admit that Mr. Kadura was inspected by CBP and entered the United States on September 22, 2012.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records.  Otherwise, denied.

174.     Admit that CBP detained Mr. Kadura's phone.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

175.     Admit that CBP conducted a border search of Mr. Kadura's phone; otherwise, denied

176.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

177.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

178.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

179.     Defendants lack sufficient information to confirm or deny this allegation to the extent it concerns what airline personnel said.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

180.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

181.     Denied, except to admit that Special Agent Fout attempted to contact Mr. Kadura.

182.     Denied.

183.     Denied.

184.     Denied, except that Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.

185.     Denied that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

186.     Denied and aver that Mr. Kadura first completed a DHS TRIP traveler inquiry form on November 21, 2012.  The Court is respectfully referred to that document for a full and accurate statement of its contents.

187.    Admit that DHS TRIP issued a letter to Mr. Kadura's representative on or about May 8, 2013, to which the Court is respectfully referred for a full and accurate statement of its contents.

188.    Admit.

189.    Defendants admit that Mr. Kadura filed a lawsuit, and respectfully refer the Court to the docket and Complaint for a full and accurate statement of its contents.

190.    The allegations in this paragraph characterize and partially quote a letter from DHS TRIP, to which the Court is respectfully referred for a full and accurate statement of its contents.

191.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

192.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

193.    Defendants lack sufficient information to confirm or deny the allegations regarding Mr. Kadura's own actions.  Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

194.    The allegations are vague, compound and ambiguous, and Defendants cannot respond.  To the extent a response is required, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

195.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

196.    Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.

197.    Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Kadura was deprived of his liberty interests or that his constitutional rights were violated.

198.    Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.

199.    Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.

200.    Defendants neither confirm nor deny Mr. Kadura's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Osama Hussein Ahmed**

201.    Admit that Mr. Ahmed arrived at the Detroit Metropolitan Airport by commercial flight in February 2011.

202.    Denied.

203.    Denied.

25

204.    Admit to the extent that there was contact between named agent and Mr. Ahmed, but the remainder of the allegations are too vague to confirm or deny.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Admit.

209.    Defendants have insufficient knowledge or information in their records to confirm or deny the allegations in this paragraph.  To the extent Plaintiffs' allegation asserts the watchlist status of particular individuals in this allegation, Defendants neither confirm nor deny because that information is protected by statute and privileges.

210.    Defendants have insufficient knowledge or information in their records to confirm or deny the allegations in this paragraph.  To the extent Plaintiffs' allegation asserts the watchlist status of particular individuals in this allegation, Defendants neither confirm nor deny because that information is protected by statute and privileges.

211.    Defendants lack sufficient information to confirm or deny the allegations regarding his alleged attempt to apply for employment at the airport.  Otherwise, denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

212.    Denied except to the extent that it reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

213.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the

remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

214.     Defendants neither confirm nor deny Mr. Ahmed's alleged status in the TSDB, because that information is protected by statute and privileges; otherwise denied.

215.     Defendants neither confirm nor deny Mr. Ahmed's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Ahmed was deprived of his liberty interests or that his constitutional rights were violated.

216.     Defendants neither confirm nor deny Mr. Ahmed's alleged status in the TSDB, because that information is protected by statute and privileges.

217.     Defendants neither confirm nor deny Mr. Ahmed's alleged status in the TSDB, because that information is protected by statute and privileges.

218.     Defendants neither confirm nor deny Mr. Ahmed's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Ahmad Ibrahim Al Halabi**

219.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

220.  Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

221.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph, except to the extent it calls for information whose existence or nonexistence is protected by statute and privileges.

222.    Admit that on June 25, 2014, Mr. al Halabi and his family members were inspected by CBP at the Ambassador Bridge port of entry in Detroit Michigan.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

223.    Admit that Mr. al Halabi's phone was detained and inspected, and otherwise deny.

224.    Denied that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

225.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges, and in any event Defendants lack sufficient information to confirm or deny Mr. al Halabi's motivations.

226.    Admit.

227.    Admit that Mr. Al Halabi was assigned multiple Redress Control Numbers.  The remainder of the allegations in this paragraph characterize letters from DHS TRIP, to which the Court is respectfully referred for a full and accurate statement of their contents.

228.    Defendants neither confirm nor deny Mr. Halabi's alleged status in the TSDB, because that information is protected by statute and privileges.

229.    Defendants neither confirm nor deny Mr. Halabi's alleged status in the TSDB, because that information is protected by statute and privileges.  Otherwise, deny that Mr. Halabi was deprived of his liberty interests or that his constitutional rights were violated.

230.    Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

231.    Denied.

28

232.     Defendants neither confirm nor deny Mr. Halabi's alleged status in the TSDB, because that information is protected by statute and privileges.

233.     Defendants neither confirm nor deny Mr. Halabi's alleged status in the TSDB, because that information is protected by statute and privileges.

234.     Defendants neither confirm nor deny Mr. Halabi's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Michael Edmund Coleman**

235.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

236.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

237.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants lack sufficient information to confirm or deny the truth of the allegations regarding his actions.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

238.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

239.     Admit except to aver that Mr. Coleman first attempted to submit a DHS TRIP inquiry on October 1, 2015.  DHS TRIP administratively closed this inquiry due to Mr. Coleman's failure to submit required documentation.

240.    Denied, except to admit that DHS TRIP never provided a Redress Control Number and administratively closed Mr. Coleman's inquiry due to his failure to submit required documentation.

241.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

242.    Denied.

243.    Denied.

244.    Defendants neither confirm nor deny Mr. Coleman's alleged status in the TSDB, because that information is protected by statute and privileges.

245.    Defendants neither confirm nor deny Mr. Coleman's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Coleman was deprived of his liberty interests or that his constitutional rights were violated.

246.    Defendants neither confirm nor deny Mr. Coleman's alleged status in the TSDB, because that information is protected by statute and privileges.

247.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges, and in any event Defendants lack sufficient information to confirm or deny Mr. Coleman's motivations.

248.    Defendants neither confirm nor deny Mr. Coleman's alleged status in the TSDB, because that information is protected by statute and privileges.

249.    Defendants neither confirm nor deny Mr. Coleman's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Dr. Wael Hakmeh**

250.    Admit that Dr. Hakmeh arrived at Chicago O'Hare International Airport by a flight in May 2014.

251.    Admit that Dr. Hakmeh was inspected by CBP at Chicago O'Hare International Airport in May 2014 while traveling inbound to the United States.  Otherwise, denied.

252.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

253.    Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

254.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges

255.  Defendants lack sufficient information to confirm or deny allegations regarding the purpose of Dr. Hakmeh's trip to San Diego.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

256.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  To the extent a response is required, denied.

257.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  To the extent a response is required, denied.

258.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  To the extent a response is required, denied.

259.    Denied that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

260.    Defendants neither confirm nor deny Mr. Hakmeh's alleged status in the TSDB, because that information is protected by statute and privileges.

261.    Defendants neither confirm nor deny Mr. Hakmeh's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Hakmeh was deprived of his liberty interests or that his constitutional rights were violated.

262.    Defendants neither confirm nor deny Mr. Hakmeh's alleged status in the TSDB, because that information is protected by statute and privileges.

263.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

264.    Defendants neither confirm nor deny Mr. Hakmeh's alleged status in the TSDB, because that information is protected by statute and privileges.

265.    Defendants neither confirm nor deny Mr. Hakmeh's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Hassan Shibly**

266.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

267.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

268.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

269.     Admit that the FBI received a FOIA request from Plaintiff in 2014.  Deny the remainder of the allegations.

270.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

271.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

272.     Denied.

273.     Admit that on November 25, 2009, Mr. Shibly was inspected by CBP at the port of entry in Port Huron, Michigan.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records.  Otherwise, denied.

274.     Denied.

275.     Admit.

276.     Admit that Mr. Shibly was inspected by CBP; otherwise, Defendants lack sufficient information to confirm or deny the details of these allegations in their records. Otherwise, denied.

277.     Admit that Mr. Shibly was inspected by CBP; otherwise, Defendants lack sufficient information to confirm or deny the details of these allegations in their records. Otherwise, denied.

278.     Admit that Mr. Shibly was inspected by CBP; otherwise, Defendants lack sufficient information to confirm or deny the details of these allegations in their records. Otherwise, denied.

279.    Admit that Mr. Shibly was inspected by CBP; otherwise, Defendants lack sufficient information to confirm or deny the details of these allegations in their records. Otherwise, denied.

280.    Admit that CBP inspected Mr. Shibly on August 6, 2013 at the Ambassador Bridge port of entry and asked questions related to the state purpose of his international travel.

281.    Admit that CBP officers inspected Mr. Shibly on August 18, 2010.  Otherwise, denied.

282.    Defendants lack sufficient information to confirm or deny the details of these remaining allegations in their records.  Otherwise, denied.

283.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

284.    Admit that Mr. Shibly became employed by Regional Elite in 2011.  Defendants lack sufficient information to confirm or deny the allegation related to Delta Airlines in this paragraph.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

285.    Admit that Mr. Shibly was required to undergo a security threat assessment conducted by TSA before he could access the sterile areas of an airport.  Otherwise, denied.

286.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

287.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

288.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

289.    Defendants lack sufficient information to confirm or deny the allegations relating to meeting with the President, other government officials, U.S. Congress members, and state and local representatives regarding Islam and civil rights issues facing Muslims in this paragraph. Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

290.    Defendants lack sufficient information to confirm or deny the allegation that Mr. Shibly was scheduled to meet with senior advisors to the President.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

291.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of information is protected by statute and privileges.

292.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

293.    Denied that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

294.    Admit.

295.    Denied, except to admit that DHS TRIP issued a letter to Mr. Shibly on or about March 8, 2011,  to which the Court is respectfully referred for a full and accurate statement of their contents.

296.    Defendants neither confirm nor deny Mr. Shibly's alleged status in the TSDB, because that information is protected by statute and privileges.

297.    Defendants neither confirm nor deny Mr. Shibly's alleged status in the TSDB, because that information is protected by statute and privileges.  Otherwise, deny that Mr. Shibly was deprived of his liberty interests or that his constitutional rights were violated.

298.    Defendants neither confirm nor deny Mr. Shibly's alleged status in the TSDB, because that information is protected by statute and privileges.

299.    Defendants neither confirm nor deny Mr. Shibly's alleged status in the TSDB, because that information is protected by statute and privileges.

300.    Defendants neither confirm nor deny Mr. Shibly's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Ausama Elhuzayel**

301.    Defendants admit that Mr. Elhuzayel appeared at the Los Angeles International Airport on or about April 2016.  Defendants neither confirm nor deny the other allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

302.    Admit.

303.    Admit.

304.    Admit.

305.    Admit that Mr. Elhuzayel first submitted a DHS TRIP inquiry on April 24, 2016.

306.    Denied.  DHS TRIP provided a Redress Control Number to Mr. Elhuzayel on or about April 28, 2016.

307.    Defendants neither confirm nor deny Mr. Elhuzayel's alleged status in the TSDB, because that information is protected by statute and privileges.

308.     Defendants neither confirm nor deny Mr. Elhuzayel's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Elhuzayel was deprived of his liberty interests or that his constitutional rights were violated.

309.     Defendants neither confirm nor deny Mr. Elhuzayel's alleged status in the TSDB, because that information is protected by statute and privileges.

310.     Defendants neither confirm nor deny Mr. Elhuzayel's alleged status in the TSDB, because that information is protected by statute and privileges.

311.     Defendants neither confirm nor deny Mr. Elhuzayel's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Donald Thomas**

312.     Admit.

313.     Admit.

314.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

315.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

316.     Defendants lack sufficient information to confirm or deny the allegations regarding the actions of airline employees; otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

317.     Defendants lack sufficient information to confirm or deny the allegations regarding the actions of airline employees; otherwise, Defendants neither confirm nor deny the

allegations in this paragraph, because the existence or non-existence of this information is protected by statute and privileges.

318.    Denied.

319.    Defendants lack sufficient information to confirm or deny the allegations regarding the actions of airline employees; otherwise Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

320.    Admit.

321.    Denied.

322.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

323.    Admit that CBP inspected Mr. Thomas on or about January 31, 2016.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records.  Otherwise, denied.

324.    Admit that CBP conducted a border search of Mr. Thomas's electronic device. Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records.  Otherwise, denied.

325.    Admit.

326.    Denied.

327.    Defendants neither confirm nor deny Mr. Thomas's alleged status in the TSDB, because that information is protected by statute and privileges.

328.     Defendants neither confirm nor deny Mr. Thomas's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Thomas was deprived of his liberty interests or that his constitutional rights were violated.

329.     Defendants neither confirm nor deny Mr. Thomas's alleged status in the TSDB, because that information is protected by statute and privileges.

330.     Defendants neither confirm nor deny Mr. Thomas's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Murat Frljuckic**

331.     Admit that Mr. Frljuckic was inspected by CBP at Blue Water Bridge in late September 2012 while traveling inbound to the United States from Canada.  Otherwise, denied.

332.     Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records.  Otherwise, denied.

333.     Admit that Mr. Frljuckic was inspected by CBP at Blue Water Bridge in August 2014 while traveling inbound to the United States from Canada.  Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

334.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

335.     Denied that family members or friends learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

336.     Admit.

39

337.   Denied.

338.   Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

339.   Denied.

340.   Defendants neither confirm nor deny Mr. Frljuckic's alleged status in the TSDB, because that information is protected by statute and privileges.

341.   Defendants neither confirm nor deny Mr. Frljuckic's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Frljuckic was deprived of his liberty interests or that his constitutional rights were violated.

342.   Defendants neither confirm nor deny Mr. Frljuckic's alleged status in the TSDB, because that information is protected by statute and privileges.

343.   Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.  In any event, Defendants lack sufficient knowledge to confirm or deny the allegations regarding his motivations.

344.   Defendants neither confirm nor deny Mr. Frljuckic's alleged status in the TSDB, because that information is protected by statute and privileges.

345.   Defendants neither confirm nor deny Mr. Frljuckic's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Ibrahim Awad**

346.   Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph.

347.   Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph.

348.    Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph.

349.    Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph.

350.    Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph.

351.    Denied.

352.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of such information is protected by statute and privileges.

353.    Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel.  Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

354.    Defendants lack sufficient information to confirm or deny the allegations regarding actions of airline personnel.  Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Admit that Mr. Awad was contacted by the named agents in May 2015.  Admit that conflict in Syria was discussed and that the other topics listed may have been discussed in the course of a general discussion about conflict in Syria.

359.     Admit to asking Mr. Awad to report suspicious activity.  Otherwise, deny as to characterization of conversation.

360.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.

361.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.

362.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Awad was deprived of his liberty interests or that his constitutional rights were violated.

363.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.

364.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.

365.     Defendants neither confirm nor deny Mr. Awad's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Mark Amri**

366.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

367.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

368.     Defendants lack sufficient information to confirm or deny allegations about airline employees.  Otherwise, Defendants neither confirm nor deny the allegations in this

paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

369.    Defendants lack sufficient information to confirm or deny allegations about airline employees.  Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

370.    Defendants lack sufficient information to confirm nor deny the allegations in this paragraph.

371.    Defendants lack sufficient information to confirm or deny this allegation to the extent it concerns what airline personnel said.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

372.    Admit.

373.    Admit that DHS TRIP issued a letter to Mr. Amri's representative on or about July 19, 2016 and the Court is respectfully referred to the letter itself for a full and accurate statement of its contents.

374.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

375.    Defendants lack sufficient information to confirm or deny this allegation to the extent it concerns the actions of Mr. Amri or airline personnel.  Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

376.    Admit.

377.    Defendants neither confirm nor deny Mr. Amri's alleged status in the TSDB, because that information is protected by statute and privileges.

378.    Defendants neither confirm nor deny Mr. Amri's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Amri was deprived of his liberty interests or that his constitutional rights were violated.

379.    Defendants neither confirm nor deny Mr. Amri's alleged status in the TSDB, because that information is protected by statute and privileges.

380.    Defendants neither confirm nor deny Mr. Amri's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Adnan Khalil Shaout**

381.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

382.    Denied.

383.    Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

384.    Denied.

385.    Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph; this allegation does not provide a departure city, an arrival city, or other pertinent information necessary to investigate and respond.

44

386.   Defendants lack sufficient information to confirm or deny the truth of the allegations in this paragraph; this allegation does not provide a departure city, an arrival city, or other pertinent information necessary to investigate and respond.

387.   Defendants lack sufficient information to confirm or deny Mr. Shaout's alleged motivations; otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

388.   Deny that family members or friends learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

389.   Admit.

390.   Admit that DHS TRIP issued a letter to Mr. Shaout on or about November 5, 2015, and the Court is respectfully referred to that letter for a full and accurate statement of its contents.

391.   Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges

392.   Denied.

393.   Defendants neither confirm nor deny Mr. Shaout's alleged status in the TSDB, because that information is protected by statute and privileges.

394.   Defendants neither confirm nor deny Mr. Shaout's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Shaout was deprived of his liberty interests or that his constitutional rights were violated.

395.    Defendants neither confirm nor deny Mr. Shaout's alleged status in the TSDB, because that information is protected by statute and privileges.

396.    Defendants neither confirm nor deny Mr. Shaout's alleged status in the TSDB, because that information is protected by statute and privileges.

397.    Defendants neither confirm nor deny Mr. Shaout's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Saleem Ali**

398.    Denied.

399.    Denied.

400.    Denied.

401.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the information is protected by statute and privileges.

402.    Denied.

403.    Admit.

404.    Admit that DHS TRIP issued a letter to Mr. Ali, and the Court is respectfully referred to that letter for a full and accurate statement of its contents.

405.    Defendants neither confirm nor deny Mr. Ali's alleged status in the TSDB, because that information is protected by statute and privileges.

406.    Defendants neither confirm nor deny Mr. Ali's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Ali was deprived of his liberty interests or that his constitutional rights were violated.

46

407.     Defendants neither confirm nor deny Mr. Ali's alleged status in the TSDB, because that information is protected by statute and privileges.

408.     Defendants neither confirm nor deny Mr. Ali's alleged status in the TSDB, because that information is protected by statute and privileges.

409.     Defendants neither confirm nor deny Mr. Ali's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Shahir Anwar.**

410.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

411.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of this information is protected by statute and privileges.

412.     Denied.

413.     Admit.

414.     Admit that DHS TRIP issued a letter to Mr. Shahir Anwar on or about March 23, 2015, and the Court is respectfully referred to that letter for a full and accurate statement of its contents.

415.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.  Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.

416.     Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

417.     Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Anwar was deprived of his liberty interests or that his constitutional rights were violated.

418.     Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

419.     Defendants neither confirm nor deny the allegations in this paragraph, because the information is protected by statute and privileges.

420.     Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

421.     Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Samir Anwar**

422.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

423.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

424.     Admit.

425.    Admit that DHS TRIP issued a letter to Mr. Samir Anwar on or about August 7, 2014; the Court is respectfully referred to that letter for a full and accurate statement of its contents.

426.    Admit that Mr. Anwar was inspected by CBP at the Blue Water Bridge port of entry on February 21, 2015, while traveling inbound to the United States from Canada.

427.    Admit that Mr. Anwar was inspected by CBP; Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

428.    Admit that Mr. Anwar was inspected by CBP; Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

429.    Denied.

430.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

431.    Denied.

432.    Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

433.    Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Anwar was deprived of his liberty interests or that his constitutional rights were violated.

434.    Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

435.    Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

436.    Defendants neither confirm nor deny Mr. Anwar's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Muhammad Yahya Khan**

437.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

438.    Denied.

439.    Denied.

440.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

441.   Admit that Mr. Khan was contacted by the FBI in December 2013 at his home.  Deny Plaintiffs' characterization of the type and nature of the contact.

442.    Deny to the extent that plaintiff characterizes this as a "refusal," but otherwise Defendant has insufficient knowledge or information to form a belief regarding the truth of the allegations in this paragraph.

443.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

444.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

445.    Admit.

446.    Admit that DHS TRIP issued a letter to Mr. Khan on or about July 14, 2015; the Court is respectfully referred to that letter for a full and accurate statement of its contents.

447.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

448.    Denied.

449.    Defendants neither confirm nor deny Mr. Khan's alleged status in the TSDB, because that information is protected by statute and privileges.

450.    Defendants neither confirm nor deny Mr. Khan's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Khan was deprived of his liberty interests or that his constitutional rights were violated.

451.    Defendants neither confirm nor deny Mr. Khan's alleged status in the TSDB, because that information is protected by statute and privileges.

452.    Defendants neither confirm nor deny Mr. Khan's alleged status in the TSDB, because that information is protected by statute and privileges.

453.    Defendants neither confirm nor deny Mr. Khan's alleged status in the TSDB, because that information is protected by statute and privileges.


**Plaintiff Hassan Fares**

454.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of the information is protected by statute and privileges.

455.     Defendants lack sufficient information to respond to this allegation, which does not provide a departure city, an arrival city, or other pertinent information necessary to investigate and respond.

456.     Defendants lack sufficient information to respond to this allegation, which does not provide a departure city, an arrival city, or other pertinent information necessary to investigate and respond.

457.     Defendants lack sufficient information to respond to this allegation, which does not provide a departure city, an arrival city, or other pertinent information necessary to investigate and respond.

458.     Deny that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

459.     Defendants neither confirm nor deny Mr. Fares's alleged status in the TSDB, because that information is protected by statute and privileges.

460.     Defendants neither confirm nor deny Mr. Fares's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. Fares was deprived of his liberty interests or that his constitutional rights were violated.

461.     Defendants neither confirm nor deny Mr. Fares's alleged status in the TSDB, because that information is protected by statute and privileges.

462.     Defendants neither confirm nor deny Mr. Fares's alleged status in the TSDB, because that information is protected by statute and privileges.

463.     Defendants neither confirm nor deny Mr. Fares's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Zuhair El-Shwehdi**

464.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges

465.     Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

466.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  To the extent it seeks information protected by statute or privilege, Defendants neither confirm nor deny.

467.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

468.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

469.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

470.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

471.    Denied.

472.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

473.    Deny that family members learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

474.    Admit.

475.    Denied.

476.    Defendants neither confirm nor deny Mr. El-Shwehdi's alleged status in the TSDB, because that information is protected by statute and privileges.

477.    Defendants neither confirm nor deny Mr. El-Shwehdi's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that Mr. El-Shwehdi was deprived of his liberty interests or that his constitutional rights were violated.

478.    Defendants neither confirm nor deny Mr. El-Shwehdi's alleged status in the TSDB, because that information is protected by statute and privileges.

479.    Defendants lack sufficient information to confirm or deny the allegations regarding Mr. El-Shwedi's alleged motivations.  Otherwise, Defendants neither confirm nor deny the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

480.    Defendants neither confirm nor deny Mr. El-Shwehdi's alleged status in the TSDB, because that information is protected by statute and privileges.

481.    Defendants neither confirm nor deny Mr. El-Shwehdi's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff Mahmoud Eraqi**

482.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants neither confirm nor deny the remainder of the allegations in this paragraph, because the existence or nonexistence of that information is protected by statute and privileges.

483.     Denied.

484.     Denied.

485.     Admit that Mr. Eraqi was inspected by CBP at a port of entry in Port Huron, Michigan, in May of 2016, while traveling inbound to the United States from Canada. Defendants deny the remaining allegations in this paragraph.

486.     Admit that Mr. Eraqi was inspected by CBP; Defendants lack sufficient information to confirm or deny the details of the remaining allegations in their records. Otherwise, denied.

487.     Deny that friends learned his status, which Defendants neither confirm nor deny because it is protected by statute and privileges.

488.     Defendants neither confirm nor deny Mr. Eraqi's alleged status in the TSDB, because that information is protected by statute and privileges.

489.     Defendants neither confirm nor deny Mr. Eraqi's alleged status in the TSDB, because that information is protected by statute and privileges.

490.     Defendants neither confirm nor deny Mr. Eraqi's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff John Doe 1**

491.    Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants lack sufficient information to confirm or deny the other allegations in this paragraph.

492.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

493.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.

494.    Denied.

495.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

496.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

497.    Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.

498.    Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that John Doe 1 was deprived of his liberty interests or that his constitutional rights were violated.

499.    Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.

500.    Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.

501.     Defendants neither confirm nor deny John Doe 1's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff John Doe 2**

502.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

503.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

504.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

505.     Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants lack sufficient information to confirm or deny the other allegations in this paragraph.

506.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

507.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

508.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

509.     Defendants neither confirm nor deny John Doe 2's alleged status in the TSDB, because that information is protected by statute and privileges.

510.     Defendants neither confirm nor deny John Doe 2's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that John Doe 2 was deprived of his liberty interests or that his constitutional rights were violated.

511.    Defendants neither confirm nor deny John Doe 2's alleged status in the TSDB, because that information is protected by statute and privileges.

512.    Defendants neither confirm nor deny John Doe 2's alleged status in the TSDB, because that information is protected by statute and privileges.

513.    Defendants neither confirm nor deny John Doe 2's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff John Doe 3.**

514. Defendants deny that a boarding pass marked "SSSS" indicates the individual has been designated as a known or suspected terrorist.  Defendants lack sufficient information to confirm or deny the other allegations in this paragraph.

515.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

516.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

517.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

518.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

519.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

520.  Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

521.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

522.    Denied.

523.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

524.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

525.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

526.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

527.    Defendants neither confirm nor deny John Doe 3's alleged status in the TSDB, because that information is protected by statute and privileges.

528.    Defendants neither confirm nor deny John Doe 3's alleged status in the TSDB, because that information is protected by statute and privileges.  Deny that John Doe 3 was deprived of his liberty interests or that his constitutional rights were violated.

529.    Defendants neither confirm nor deny John Doe 3's alleged status in the TSDB, because that information is protected by statute and privileges.

530.    Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

531.    Defendants neither confirm nor deny John Doe 3's alleged status in the TSDB, because that information is protected by statute and privileges.

532.     Defendants neither confirm nor deny John Doe 3's alleged status in the TSDB, because that information is protected by statute and privileges.

**Plaintiff John Doe 4.**

533.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

534.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

535.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

536.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

537.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

538.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

539.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

540.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

541.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

542.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

543.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

544.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  To the extent called for by the allegation, Defendants cannot confirm or deny the watchlist status of particular individuals, because that information is protected by statute and privileges.

545.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

546.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

547.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

548.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

549.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

550.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

551.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

552.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

553.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

554.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

555.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.   Defendants neither confirm nor deny John Doe 4's alleged status in the TSDB, because that information is protected by statute and privileges.

556.     Defendants lack sufficient information to confirm or deny the allegations in this paragraph.  Deny that John Doe 4 was deprived of his liberty interests or that his constitutional rights were violated.

557.     Defendants neither confirm nor deny John Doe 4's alleged status in the TSDB, because that information is protected by statute and privileges.

558.     Defendants neither confirm nor deny John Doe 4's alleged status in the TSDB, because that information is protected by statute and privileges.

**Count I.**

559.     The foregoing responses are incorporated herein.

560.     Deny that any of the Plaintiffs learned of their watchlist status (or lack thereof), except insofar as some of them were informed that there is no reason they cannot fly.  Otherwise, Defendants lack sufficient information to confirm or deny the allegations in this paragraph.

561.     Denied.

562.     Denied, except to the extent that this paragraph reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

563.    These allegations contain conclusions of law to which no response is required. Otherwise, denied.

564.    These allegations contain conclusions of law to which no response is required. Otherwise, denied.

565.    Denied.

566.    Denied.

567.    Denied.

568.    Denied.

569.    Denied.

The unnumbered paragraph following paragraph 569 is a statement of the relief sought and requires no response.  To the extent a response is deemed required, denied.

**Count II**

570-81.       The Court dismissed Count II of the Complaint and no response to these paragraphs is required.

**Count III**

582.    The foregoing responses are incorporated herein.

583.    Denied.

584.    Denied, except to the extent that this paragraph reflects the watchlist status of particular individuals (which Defendants neither confirm nor deny because that information is protected by statute and privileges).

585.    Denied.

586.    Denied.

587.    Denied.

588.    This paragraph reflects legal conclusions that require no response.

The unnumbered paragraph following paragraph 588 is a statement of the relief sought and requires no response.  To the extent a response is deemed required, denied.

**Count IV**

589-595.    The Court dismissed Count IV of the Complaint and no response to these paragraphs is required.

**Count V**

596-604.    The Court dismissed Count V of the Complaint and no response to these paragraphs is required.

The remainder of the Complaint is Plaintiffs' Prayer for Relief and no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiffs are not entitled to any relief whatsoever.  Defendant also denies all allegations in the Complaint not expressly addressed.

<u>FIRST DEFENSE</u>

Plaintiffs have failed to demonstrate standing.

<u>SECOND DEFENSE</u>

Plaintiffs have failed to exhaust administrative remedies to the extent they have not fully utilized the DHS TRIP process.

/

/

/

Dated: October 4, 2017

Respectfully submitted,

DANA J. BOENTE
United States Attorney

CHAD READLER
Acting Asst. Attorney General, Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov


_____/s/_____
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 4, 2017, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which sent a notification of such filing (NEF) to the following

counsel of record:

Gadeir Abbas
The Law Office of Gadeir Abbas
1155 F Street NW, Suite 1050
Washington, D.C. 20004
Telephone: (720) 251-0425
Fax: (720) 251-0425
Email: gadeir.abbas@gmail.com


                        _____/s/_____
                        LAUREN A. WETZLER
                        Chief, Civil Division
                        Assistant United States Attorney
                        Office of the United States Attorney
                        2100 Jamieson Ave.,
                        Alexandria, VA. 22314
                        Tel: (703) 299-3752
                        Fax: (703) 299-3983
                        Lauren.Wetzler@usdoj.gov