# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **ANAS ELHADY,** *et al.*, | ) | |
| | ) | **Case No. 16-cv-00375** |
| Plaintiffs, | ) | **Hon. Anthony J. Trenga** |
| | ) | |
| v. | ) | |
| | ) | |
| **CHARLES H. KABLE,** Director of the | ) | |
| Terrorist Screening Center; in his official | ) | |
| capacity, *et al.;* | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO TSC

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Charles H. Kable, Director of the Terrorist Screening Center ("TSC"); hereby submits initial objections and responses to the discovery requests titled, "Plaintiffs' First Requests for Production of Documents to Defendant Piehota," served September 26, 2017. Defendant Kable is automatically substituted for the previous officeholder, pursuant to Rule 25(d). The Defendants' responses are provided in accordance with Federal Rule 26(b)(1), which permits the discovery of any information, not privileged, that is both (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. The Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or other appropriate ground. The inadvertent production by the Defendants of information or documents protected by any privilege or protection shall not constitute a waiver of the applicable privilege or protection as to any information or documents disclosed. The Defendants reserve the right to supplement or amend their responses should additional or different information become available.

1

## OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS

1.      Defendants object to the Plaintiffs' Definition 1 (of "you" and "your" "Official-Capacity Defendants" and "Defendant") to the extent that such definitions purport to apply to any of the Defendants individually.  In responding to the Requests for Production, Defendant Kable responds in each and every response as the TSC, based upon information in the agency's possession, custody, or control.

2.      Defendants object to the Plaintiffs' Definition 7 (of "TSDB" "Terrorism Screening Database" or "watch list") as vague to the point of meaningless.  The actual database at issue is known as the "Terrorist Screening Database", or "TSDB", but Plaintiffs define it using a colloquial term without legal definition -- "the terrorism watch list" -- without giving the defined terms further content or definition.  Defendants will assume those terms refer to the Terrorist Screening Database and will respond as such with respect to each and every RFP that uses these terms.

3.      Defendants object to other definitions (including, but not limited to, Definitions 3, 4, 5, 6, 9, 12, 13, and 14) because they define terms not actually used in this set of requests for production.  Defendants reserve all objections to such definitions if they are used in future discovery requests.

4.      Defendants object to Instructions 3 and 4 regarding privileged communications between counsel, or between parties and their counsel, to the extent they conflict with the Parties' Joint Discovery Plan, as approved by the court, which specifically provides that: "If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log."  They also conflict with the Federal Rules of Civil Procedure and ordinary practice by supposing that privilege is waived if not

2

asserted on such a log and by requiring identification of privileged documents beyond what is ordinarily required on a privilege log.  With respect to each and every request, Defendants respond consistently with the Discovery Plan and the Federal Rules.

5.      Defendants object to Instruction 5 to the extent it imposes obligations in excess of those imposed by the Federal Rules, which do not require identification of documents that no longer exist.  Such an exercise is likely impossible, but in any event burdensome, disproportionate and not required by the Federal Rules.  Defendants will comply with the Federal Rules.

6.      Defendants object to Instruction 7 to the extent it imposes obligations in excess of those imposed by the Federal Rules.  Particularly in combination with the new RFPs served October 6, 2017, Plaintiffs have served broad, overlapping discovery requests and the exercise of identifying which documents respond to which of several involved requests would be burdensome, pointless, and disproportionate to the needs of the case.  Defendants will comply with the Federal Rules.

## **OBJECTIONS**

*RFP 1: All written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the inclusion standards on the TSDB.*

**Objections:**     Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  The inclusion standards on the TSDB possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences. Even if the inclusion standards were somehow relevant, it would be overbroad, burdensome and

3

disproportionate to the needs of the case to require a search for all documents "that relate" to the inclusion standards on the TSDB at every point since its creation.  Read broadly in connection with RFP 2, Plaintiffs' requests could encompass nearly every document at the TSC, which is responsible for maintaining the TSDB.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC will search for and process policies and procedures that embody the current inclusion standards for the TSDB. To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 2:        All written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the acceptance of nominations to the TSDB.***

**<u>Objections:</u>** Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  Even if the acceptance of nominations generally is relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the "acceptance of nominations" on the TSDB at every point since its creation.   The request is so vague as to be meaningless, and read broadly, such a request could encompass nearly every document at the TSC, including documents reflecting policies, documents about every individual nomination ever received, and just about

everything else.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as vague.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC will search for and process current policies and procedures for acceptance of nominations to the TSDB. To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis. Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 3: All written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, written/computer generated embodiments, statistical information, and/or other documents pertaining to any local authority, state authority, foreign government, airline, financial institution, private corporation, private entity and/or private individual—that regard a non-federal government entity receiving access, either directly or indirectly, to any information from the TSDB.***

**<u>Objections:</u>** Defendants object to the request as overbroad and seeking irrelevant information. Not a single Plaintiff has made a factual allegation related to the alleged dissemination of his alleged watchlist status to a "state authority", "foreign government", "private corporation", "private entity", or "private individual." Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of the TSDB at every point since its creation. Defendants object to the terms "records," "written

computer generated embodiments", and "statistical information" as vague.  Defendants further object to the terms "access" and "indirectly" as vague and ambiguous.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

8

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC will search for and process current policies and procedures for sharing TSDB data with non-federal entities, to the extent any such documents exist.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 4:       All written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, written/computer generated embodiments, statistical information, employee handbooks, educational and/or training materials of TSC personnel, and/or other documents pertaining to the acceptance or distribution of any information from the TSDB to any local authority, state authority, foreign government, airline, financial institution, private corporation, private entity and/or private individuals.***

**<u>Objections:</u>** Defendants object to the request as overbroad and seeking irrelevant information. Not a single Plaintiff has made a factual allegation related to the alleged dissemination of his alleged watchlist status to a "state authority", "foreign government", "private corporation", "private entity", or "private individual."  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of the

TSDB at every point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as vague.  Defendants further object to the terms "access" and "indirectly" as vague and ambiguous.  And Defendants further object to RFP as duplicative RFP 3.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be

construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC will search for and process current policies and procedures for sharing TSDB data with non-federal entities, as well as current TSC training materials on that subject.   To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis, to the extent any such documents exist.   Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 5:   All documents reviewed or relied upon for each of the individual Plaintiffs that resulted in the acceptance of their nomination and/or placement on the watch list.***

**<u>Objections</u>**: Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals or any information underlying such alleged placement.   The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.   *See* Slip Opinion at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim).   Defendants will not consent to the disclosure to Plaintiffs in discovery of whether or not any plaintiff is on a watchlist.   It should not be necessary to disclose to the Plaintiffs in discovery

11

the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> **RFP 6:**        **All documents that relate, refer, or pertain to the distribution of any information from the TSDB regarding each of the individual Plaintiffs to any local authority, state authority, state or municipal court, foreign government, airline, financial institution, private corporation, private entity and/or private individual.**

**Objections**: Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals.  The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.  *See* Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim).  Defendants will not consent to the disclosure to Plaintiffs in discovery of whether any plaintiff is on a watchlist.  It should not be necessary to disclose to the Plaintiffs in discovery the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

13

Defendants object to the request as overbroad and seeking irrelevant information.  Not a single Plaintiff has made a claim related to the alleged dissemination of the watchlist to a "state authority", "foreign government", "private corporation", "private entity", or "private individual." Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of the TSDB at every point since its creation.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

14

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 7:        A complete copy of any and all documents, records, communications and other written or computer generated embodiments relating, referring, or pertaining to each of the Plaintiffs.***

**<u>Objections</u>**: Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals, including whether TSC maintains records about them.  The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.  *See* Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim).  Defendants will not consent to the disclosure to Plaintiffs in discovery of whether any plaintiff is on a watchlist. It should not be necessary to disclose to the Plaintiffs in discovery the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

Defendants object to the request as overbroad.  Even if Plaintiffs' watchlist status were somehow relevant, all documents mentioning their names would not be relevant to an evaluation of the process.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

16

> ***RFP 8:*** ***All written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, employee handbooks, educational and/or training materials of TSC personnel, and/or other documents that contain the words "Islam," "Muslim," "mosque(s)," "masjid(s)," "Qur'an," "Koran," "Mecca," "Makkah," "Hajj," "pilgrimage," "Fajr," "morning prayer," "Ramadan," "Imam," or any other Islamic term.***

**Objections:** Defendants object to this request as irrelevant, overbroad, and outside the proper scope of discovery. The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist. *See* Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim). Defendants further object to this request as burdensome, overbroad, and disproportionate to the needs of the case because TSC should not be required to do a word search of every document in the TSC for particular words.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks

information subject to the law enforcement and investigatory files privilege, Sensitive Security

Information (including Sensitive Security Information that is not appropriate for disclosure under

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law

No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise

protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

constitutional or common law privilege. Nothing contained in the following responses shall be

construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of

privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


*RFP 9:*        *The paperwork that pertains to the nomination or acceptance of*
*individuals onto the watch list.*

**<u>Objections:</u>** Defendants object to the request as overbroad and seeking information not relevant

to any claim or defense in this case.  Even if the acceptance of nominations generally could be

relevant, the request is overbroad, burdensome and disproportionate to the needs of the case

because the word "paperwork" is undefined.  The request is so vague as to be meaningless, and

read broadly, such a request could encompass nearly every document at the TSC, which is

responsible for maintaining the TSDB.

Defendants further object to the extent that this document request seeks the disclosure of

policies and procedures not currently in effect; the complaint seeks only injunctive relief and past

policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will search for and process any blank hard-copy forms currently used for nominating information to the TSDB.

To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

Dated: October 26, 2017

Respectfully submitted,

DANA J. BOENTE
United States Attorney

CHAD READLER
Acting Asst. Attorney General, Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/     Amy E. Powell
AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was sent via electronic mail to

Counsel of Record in this case.

*/s/     Amy E. Powell*
AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

October 26, 2017