Exhibit 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ANAS ELHADY,** *et al.*, | ) | |
| | ) | **Case No. 16-cv-00375** |
| Plaintiffs, | ) | **Hon. Anthony J. Trenga** |
| | ) | |
| v. | ) | |
| | ) | |
| **CHARLES H. KABLE,** Director of the | ) | |
| Terrorist Screening Center; in his official | ) | |
| capacity, *et al.;* | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TSC AND FBI

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendants Charles H. Kable, Director of the Terrorist Screening Center ("TSC"); Kelli Ann Burriesci, Principal Deputy Director of TSC; Timothy P. Groh, Deputy Director for Operations at TSC; and Christopher Wray, Director of the Federal Bureau of Investigation, hereby submit initial objections and responses to the discovery requests titled, "Plaintiffs' First Requests for Production of Documents to Defendants Piehota, Mabeus, Grigg and Wray," served October 6, 2017. Defendants Kable, Burriesci, and Groh are automatically substituted for the previous officeholders, pursuant to Rule 25(d). The Defendants' responses are provided in accordance with Federal Rule 26(b)(1), which permits the discovery of any information, not privileged, that is both (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. The Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or other appropriate ground. The inadvertent production by the Defendants of information or documents protected by any privilege or protection shall not

1

constitute a waiver of the applicable privilege or protection as to any information or documents disclosed. The Defendants reserve the right to supplement or amend their responses should additional or different information become available.

## **OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendants object to the Plaintiffs' Definition 1 (of "you" and "your" "Official-Capacity Defendants" and "Defendant") to the extent that such definitions purport to apply to any of the Defendants individually.  In responding to the Requests for Production, Defendants respond in each and every response as the TSC or FBI, based upon information in the agency's possession, custody, or control.

2.      Defendants object to the Plaintiffs' Definition 7 (of "TSDB" "Terrorism Screening Database" or "watch list") as vague to the point of meaningless.  The actual database at issue is known as the "Terrorist Screening Database", or "TSDB", but Plaintiffs define it using a colloquial term without legal definition -- "the terrorism watch list" -- without giving the defined terms further content or definition.  Defendants will assume those terms refer to the Terrorist Screening Database and will respond as such with respect to each and every RFP that uses these terms.

3.      Defendants object to other definitions (including, but not limited to, Definitions5, 6, and 14) because they define terms not actually used in this set of requests for production. Defendants reserve all objections to such definitions if they are used in future discovery requests.

4.      Defendants object to Instructions 3 and 4 regarding privileged communications between counsel, or between parties and their counsel, to the extent they conflict with the Parties' Joint Discovery Plan, as approved by the court, which specifically provides that: "If any discovery request is susceptible of a construction that calls for the production of such documents, those

2

documents need not be produced or identified on any privilege log." They also conflict with the Federal Rules of Civil Procedure and ordinary practice by supposing that privilege is waived if not asserted on such a log and by requiring identification of privileged documents beyond what is ordinarily required on a privilege log. With respect to each and every request, Defendants respond consistently with the Discovery Plan and the Federal Rules.

5.      Defendants object to Instruction 5 to the extent it imposes obligations in excess of those imposed by the Federal Rules, which do not require identification of documents that no longer exist. Such an exercise is likely impossible, but in any event burdensome, disproportionate and not required by the Federal Rules. Defendants will comply with the Federal Rules.

6.      Defendants object to Instruction 7 to the extent it imposes obligations in excess of those imposed by the Federal Rules. Particularly in combination with the RFPs served September 26, 2017, Plaintiffs have served broad, overlapping discovery requests and the exercise of identifying which documents respond to which of several involved requests would be burdensome, pointless, and disproportionate to the needs of the case. Defendants will comply with the Federal Rules.

## **OBJECTIONS**

*RFP 1: All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the inclusion standards on the TSDB.*

**Objections:**   Defendants object to the request as duplicative with RFP 1 to TSC, served September 26, 2017. Defendants further object to the request as overbroad and seeking information not relevant to any claim or defense in this case. The inclusion standards on the TSDB

3

possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.  Even if the inclusion standards were somehow relevant, it would be overbroad, burdensome and disproportionate to the needs of the case to require a search for all documents "that relate" to the inclusion standards on the TSDB at every point since its creation.  Read broadly in connection with RFP 2, Plaintiffs' requests could encompass nearly every document at the TSC, which is responsible for maintaining the TSDB.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process policies and procedures that embody the current inclusion standards for the TSDB.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 2:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the acceptance of nominations to the TSDB.***

**Objections:** Defendants object to the request as duplicative with RFP 2 to TSC, served September 26, 2017.  Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  Even if the acceptance of nominations generally is relevant, the

request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the "acceptance of nominations" on the TSDB at every point since its creation.   The request is so vague as to be meaningless, and read broadly, such a request could encompass nearly every document at the TSC, including documents reflecting policies, documents about every individual nomination ever received, and just about everything else.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as vague.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise

6

protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process current policies and procedures for acceptance of nominations to the TSDB.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

*RFP 3: All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information, and/or other documents that relate to the dissemination of any information contained in the TSDB to banks and other financial institutions, including, but certainly not limited to JPMorgan Chase Bank, TCF Bank, PNC Bank, and Western Union.*

**Objections:** Defendants object to the request as overbroad and seeking irrelevant information. Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every

point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.  TSC does not export TSDB information to financial institutions as a general matter, and Defendants are not required to search every FBI file in the country to determine whether it has ever happened as an ad hoc matter.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

8

constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process any current policies and procedures regarding dissemination of TSDB information to banks and other financial institutions.  Defendants do not currently believe that any responsive documents exist.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> *RFP 4:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information, and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to airlines and airline personnel, whether to screen passengers or to screen airline personnel for employment at airports.*

**Objections:** Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they were denied employment at an airport, and there is a separate procedural mechanism for individuals to challenge employment decisions.  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad,

burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation. Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague. Moreover, read broadly, it is potentially extraordinarily burdensome. TSC does not export TSDB information directly to airlines as a general matter. Rather, TSC exports certain subsets of TSDB data to TSA for use in screening. To the extent the request seeks information about how TSA uses that data, the request is mis-directed to TSC and FBI.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law

No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


> ***RFP 5:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information, and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to non-federal government agencies, including states, and all state and local law enforcement agencies.***

**Objections**: Defendants object to the request as duplicative with RFP 4 to TSC, served September 26, 2017.  Defendants object to the request as overbroad and seeking irrelevant information.   Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation. Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.  TSC does not export TSDB information directly to state and local

government authorities as a general matter, and Defendants are not required to search every FBI file in the country to determine whether it has ever happened as an ad hoc matter. Rather, TSC exports certain subsets of TSDB data to NCIC, which may be queried by state and local law enforcement.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be

construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process current policies and procedures for sharing TSDB data with non-federal government entities, as well as current TSC training materials on that subject.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis, to the extent any such documents exist.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 6:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information, and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to gun sellers.***

**Objections**: Defendants object to the request as duplicative with RFP 4 to TSC, served September 26, 2017.  Defendants object to the request as overbroad and seeking irrelevant information.  None of the Plaintiffs makes an allegation that they were denied the ability to purchase a gun, and there is a separate procedural mechanism for individuals to challenge such decisions.  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for

all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.  Defendants do not share TSDB information directly with gun sellers as a general matter, and Defendants are not required to search every FBI file in the country to determine whether it has ever happened as an ad hoc matter.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> **RFP 7:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information, and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to private contractors.**

**Objections**: Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "private contractors." Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation.  Defendants object to the terms "private contractors" "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague. Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Based on the foregoing objections, Defendants will not respond.


*RFP 8:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records,*

16

*communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to captains of sea-faring vessels.*

**Objections:** Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "captains of sea-faring vessels." Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation. Defendants object to the terms "captains of sea-faring vessels" "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague. Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks

information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


*RFP 9:*      *All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to foreign governments.*

**Objections:**  Defendants object to the request as duplicative with RFP 4 to TSC, served September 26, 2017.  Defendants object to the request as overbroad and seeking irrelevant information.  None of the Plaintiffs makes an allegation that they have been affected by "foreign governments."  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since

its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 10:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to using information contained in the TSDB in any way to conduct background checks pertaining to employment with the federal government.***

**Objections:**  Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "background checks pertaining to employment with the federal government."   Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation. Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.   Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


*RFP 11:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records,*

*communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to using information contained in the TSDB in any way to conduct background checks pertaining to the issuance of Hazmat licenses, FAA licenses, and any other license issued by the federal government.*

**Objections:**  Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "the issuance of Hazmat licenses, FAA licenses, and any other license issued by the federal government."  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

*RFP 12:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to using information contained in the TSDB in any way to conduct background checks pertaining to expedited screening programs, including, but not limited to, Nexus, TSA Precheck, Global Entry and CLEAR.*

**Objections:**  Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "background checks pertaining to expedited screening programs."  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate. Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law

No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 13:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to using information contained in the TSDB in any way to conduct background checks pertaining to employment opportunities with the federal government.***

**Objections:**  Defendants object to the request as duplicative with RFP 10, *supra*.  Defendants refer Plaintiffs to Defendants' objections in response to RFP 10.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 14:        All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information***

*and/or other documents that relate or refer to the dissemination of any information contained in the TSDB to federal, state, municipal, local, or any other court.*

**Objections:**  Defendants object to the request as overbroad and seeking irrelevant information. None of the Plaintiffs makes an allegation that they have been affected by "dissemination of any information contained in the TSDB to federal, state, municipal, local, or any other court."  Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of "any information" in the TSDB at every point since its creation.  Defendants object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.  Moreover, read broadly, it is potentially extraordinarily burdensome.   TSC does not export TSDB information directly to state and local government authorities as a general matter, and Defendants are not required to search every FBI file in the country to determine whether it has ever happened as an ad hoc matter.  Rather, TSC exports certain subsets of TSDB data to NCIC, which may be queried by state and local law enforcement.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate. Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 15:*** ***All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to access information contained in the TSDB in any way to CBP and TSA, and any other screening agency.***

27

**Objections:** Defendants object to the request as so confusing and vague as to be meaningless, as well as overbroad and seeking irrelevant information. Defendants object to the term "access information," as undefined and ambiguous. Defendants also object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague. Moreover, read broadly, it is potentially extraordinarily burdensome.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate. Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:** Subject to and without waiving all of the foregoing objections, TSC will search for and process current policies and procedures for sharing TSDB data with other federal entities, to the extent any such documents exist.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

*RFP 16:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the following statement made by Defendant Healy before the Senate Homeland Security and Governmental Affairs Committee:*

> *TSC accepts nominations into the Terrorist Watchlist when they satisfy two requirements. First, the biographic information associated with a nomination must contain sufficient identifying data so that a person being screened can be matched to or disassociated from a watchlisted terrorist. Second, the facts and circumstances pertaining to the nomination must meet the "reasonable suspicion" standard of review established by terrorist screening Presidential Directives. Reasonable suspicion requires "articulable" facts which, taken together with rational inferences, reasonably warrant a determination that an*

*individual is known or suspected to be or has been engaged in conduct constituting, in preparation for, in aid of or related to terrorism and terrorist activities, and is based on the totality of the circumstances. Due weight must be given to the reasonable inferences that a person can draw from the facts. Mere guesses or inarticulate "hunches" are not enough to constitute reasonable suspicion.*

**Objections:** Defendants object to the request as duplicative with RFP 1 and RFP 2, *supra*, to the extent that this uncited quote refers to or summarizes the inclusion standards and acceptance of nominations into the TSDB.   Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.   The inclusion and nomination standards on the TSDB possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.   Read broadly in connection with RFP 1 and RFP 2, Plaintiffs' requests could encompass nearly every document at the TSC, which is responsible for maintaining the TSDB.   Defendants should not be required to search its records for documents relating to a portion of purported congressional testimony quoted out of context in Plaintiffs' discovery requests. Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

*RFP: 17* *All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents, including all correspondences, that relate or refer to the following statement made by Deputy Director of the National Counterterrorism Center Russel E. Travers at a March 10, 2010 Senate Homeland Security Hearing:  "[t]he*

> *entire federal government is leaning very far forward on putting people on the list,"*
>
> *and that the watch list is "getting bigger, and it will get even bigger."*

**Objections:**  Defendants object to the request as so confusing and vague as to be meaningless, as well as overbroad and seeking irrelevant information.  Defendants further object that this request is nonsensical and potentially extraordinarily burdensome.  Defendants should not be required to search its records for documents relating to a single sentence of purported congressional testimony quoted out of context in Plaintiffs' discovery requests. Defendants also object to the terms "records," "written computer generated embodiments", "statistical information" and "dissemination" as vague.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


*RFP 18:*      *All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the "reasonable suspicion" standard of review.*

**Objections:**  Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  The "reasonable suspicion" standard of review of the TSDB possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.  Even if the "reasonable suspicion" standard of review was somehow relevant, it would be overbroad, burdensome and disproportionate to the needs of the case to require a search for all documents "that relate" to the "reasonable suspicion" standard of review on the TSDB at every point since its creation.  Read broadly, Plaintiffs' requests could encompass nearly every

document at the TSC, which is responsible for maintaining the TSDB.  Defendants object to the terms "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process any current policies and procedures regarding the "reasonable suspicion" portion of the inclusion standards for the TSDB.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.


> ***RFP 19:***       ***All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the nomination or acceptance of "non-investigatory subjects" on the TSDB.***

**Objections:**  Defendants object to the request as duplicative with RFP 1 and RFP 2, *supra*, to the extent that this request relates to the inclusion standards and acceptance of nominations into the TSDB.  Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  The inclusion and nomination standards on the TSDB possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.  Defendants object to the terms "non-investigatory subjects," "records," "written

computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


>    ***RFP 20:       All correspondences, written policies, protocols, practices, procedures,***
>
>    ***agreements, memorandums, memorandums of understanding, contracts,***
>
>    ***written/computer generated embodiments, and statistical information, and/or other***
>
>    ***documents pertaining to (1) the March 2013 Watchlisting Guidance (Dkt. 22-2); (2) the***
>
>    ***Directorate of Terrorist Identities (DTI): Strategic Accomplishments (2013) (Dkt. 22-***
>
>    ***3); and (3) Department of Justice's March 2014 Audit of the Federal Bureau of***
>
>    ***Investigation's Management of Terrorist Watchlist (Dkt. 22-4).***

**Objections:**   Defendants object to this request insofar as the Government has not confirmed nor denied the authenticity, content or accuracy of these purportedly leaked documents.

Defendants object to the terms "written computer generated embodiments" and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

*RFP 21:*        *All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the following inclusion standard articulated in the March 2013 Watchlisting Guidance (Dkt. 22-2): "[t]ravel for no*

**known lawful or legitimate purpose to a locus of terrorist activity" being a basis for**
**inclusion on the watch list.**

**Objections:**  Defendants object to this request insofar as the Government has not confirmed nor denied the authenticity, content or accuracy of this purportedly leaked document.

Defendants object to the terms "records," "written computer generated embodiments," and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**   Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process policies and procedures that embody the current inclusion standards for the TSDB.   To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> *RFP 22:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to a review of a nomination for inclusion on the TSDB subsequent to the acquittal or dismissal of terrorism-related charges of an American citizen.*

**Objections:**  Defendants object to the request as duplicative with RFP 1 and RFP 2, *supra*, to the extent that this request relates to the inclusion standards and acceptance of nominations into the TSDB.   Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  The inclusion and nomination standards on the TSDB possibly could

be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences. Defendants object to the terms "terrorism-related charges," "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

41

constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

> ***RFP 23:       All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to the acceptance or nomination of individuals on the TSDB that the federal government does not have evidence pertaining to a threat to aviation.***

**Objections:**  Defendants object to the request as duplicative with RFP 1 and RFP 2, *supra*, to the extent that this request relates to the inclusion standards and acceptance of nominations into the TSDB.  Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  The inclusion and nomination standards on the TSDB possibly could be relevant to the claims which were dismissed; they are not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.  Defendants object to the terms "threat to aviation," "records," "written computer generated embodiments", and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.

*RFP 24       Statistical information pertaining to (1) the number of individuals currently on the TSDB, (2) the number of individuals currently on the TSDB that have*

*not been charged or convicted of a terrorism-related offense, (3) the number of*

*nominations made for inclusion in the TSDB for fiscal years 2012 until the present, (4)*

*the number of acceptances of nominations made for inclusion in the TSDB for fiscal*

*years 2012 until the present, (5) the number of individuals on the No Fly List for fiscal*

*years 2012 until the present, (6) the number of United States citizens on the No Fly List*

*for fiscal years 2012 until the present, (7) the number of individuals on the Selectee*

*List for fiscal years 2012 until the present, (8) the number of United States citizens on*

*the Selectee List for fiscal years 2012 until the present, (9) the number of rejections of*

*nominations for inclusion in the TSDB for fiscal years 2012 until the present, (10) the*

*number of individuals on the TSDB that were approached by federal agents to act as*

*government informants, (11) the number of terrorist attacks committed within the*

*United States in the last decade, (12) the number of terrorist attacks committed within*

*the United States in the last decade by United States citizens, (13) the number of*

*terrorist attacks committed within the United States in the last decade by individuals*

*included on the TSDB at the time of the terrorist attack, (14) the number of terrorist*

*attacks committed within the United States in the last decade by United States citizens*

*included on the TSDB at the time of the terrorist attack, (15) the number of individuals*

*on the TSDB and the words "Islam" or "Muslim" (or any variation of those words)*

*was contained in the nomination to the TSDB, and (16) the number of individuals that*

*were accepted for inclusion on the TSDB and the words "Islam" or "Muslim" (or any*

*variation of those words) was contained in the nomination to the TSDB.*

**Objections:** Defendants object to the request as overbroad and seeking information not relevant

to any claim or defense in this case.  Defendants further object to this request as burdensome and

44

disproportionate because the TSDB does not include all of these categories of data.  The requested information is not necessary to evaluate the adequacy of the process available to people who believe they are on the watchlist due to their travel experiences.  Defendants object to the terms "statistical information" and "terrorist attack" as being so vague as to be meaningless.  Defendants object to this request as burdensome, overbroad, and disproportionate to the needs of the case because Defendants should not be required to do a word search of every document for particular words.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC will search for and process existing, formal, official TSC reports from 2012 to present, reflecting the information requested in categories (1), (3), (4), (7), (8), and (9).  Based on the foregoing objections,

45

Defendants will not respond to requests for the remaining categories. To the extent any such nonprivileged, non-SSI documents exist, they will be produced beginning November 30, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 25:      All directives, written policies, protocols, practices, procedures, agreements, memorandums, memorandums of understanding, contracts, records, communications, written/computer generated embodiments, statistical information and/or other documents that relate or refer to your involvement in the DHS TRIP process.***

**<u>Objections:</u>**  Defendants object to the request as overbroad and seeking irrelevant information. Defendants object to the phrase "your" to the extent that Plaintiffs are requesting information from the Defendants individually. In responding to this request, the Defendants respond as the TSC and the FBI, based upon information in the agencies' possession, custody, or control.  Defendants object to the terms "involvement," "record," "written computer generated embodiments," and "statistical information" as being so vague as to be meaningless.

Defendants further object to any document request that seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery

of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process current policies and procedures that describe TSC and FBI's involvement in the DHS TRIP process.  To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 30, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> ***RFP 26:***      ***Any and all records, communications, written/computer generated embodiments, notes, and/or other documents pertaining to any and all Plaintiffs that were provided by you to any and all persons or entities that are not federal agencies.***

**Objections:** Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, *see* Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information. Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs. It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question. Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them.

Defendants object to the phrase "you" to the extent that Plaintiffs are requesting information from the Defendants individually. In responding to this request, the Defendants respond as the TSC and the FBI, based upon information in the agencies' possession, custody, or control. Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense

of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

*RFP 27:       Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to any and all DHS TRIP inquiries filed by Plaintiffs.*

**Objections:** Defendants object to this request as overbroad; all documents mentioning Plaintiffs' names would not be relevant to an evaluation of the adequacy of the post-deprivation process. Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs. It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question. Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them. Defendants also object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

*RFP 28:        Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to any and all entries to the United States by Plaintiffs.*

**Objections:**  Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information.  Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them related to their alleged entries into the United States.  Moreover, Plaintiffs should be aware whether and when they entered the United States.

Defendants further object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

> *RFP 29:*      *Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to interrogations or questioning of any and all Plaintiffs by federal agents.*

**Objections:**  Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information. Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs. It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question. Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them related to any "interrogations or questioning . . . by federal agents." Moreover, Plaintiffs should be aware whether and when any such instances have occurred.

Defendants further object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants object to the terms "interrogations," "questioning," "federal agents," "record," and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

54

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


> ***RFP 30:        The data downloaded from Plaintiff Yaseen Kadura's phone when it was***
>
> ***confiscated at the Peace Bridge Port of Entry in Port Huron, Michigan when he***
>
> ***attempted to reenter the United States on September 22, 2012, or at any other time from***
>
> ***any of his electronic devices by you, and any and all records, communications,***
>
> ***written/computer generated embodiments, notes, and/or other documents that relate or***
>
> ***refer to the data.***

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.  In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "record," and "written computer generated embodiments" as being so vague as to be meaningless.  Defendants also object to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

56

any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

> ***RFP 31:      Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to Plaintiff Yaseen Kadura and any financial institution, including Western Union.***

**Objections:**  Defendants object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants further object to this request because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.  In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information.  Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them.

Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

***RFP 32:*** ***The data downloaded from Plaintiff Osama Ahmed's USB flash drive***
***when it was confiscated by the FBI, or at any other time from any of his electronic***
***devices by you, and any and all records, communications, written/computer generated***
***embodiments, notes, and/or other documents that relate or refer to the data.***

**Objections:** Defendants object to this request because it seeks information not relevant to any

claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants'

Position in the Joint Discovery Plan.  In particular, Defendants object to any request that is wholly

divorced from whether the watchlist redress process available to Plaintiffs comports with the

requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and

FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant

information.  Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if

any, that TSC and FBI maintain regarding Plaintiffs.  It should not be necessary to disclose such

records to the Plaintiffs in discovery in order to adjudicate the procedural due process question.

Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm

to national security because they would enable individuals who merely allege they are on a

watchlist to determine whether the TSC and FBI maintain records on them.   Moreover, Plaintiffs

should be aware and in possession of any such data on their own electronic devices.

Defendants further object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants object to the terms "data," "electronic

devices," "you," "record," and "written computer generated embodiments" as being so vague as

to be meaningless.  Defendants also object to the phrase "at any other time" as overbroad and

seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

***RFP 33:        The data downloaded from Plaintiff Ahmad Ibrahim Al-Halabi's phone***

***when it was confiscated by CBP, or at any other time from any of his electronic devices***

***by you, and any and all records, communications, written/computer generated***

***embodiments, notes, and/or other documents that relate or refer to the data.***

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any

such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "record," and "written

computer generated embodiments" as being so vague as to be meaningless.  Defendants also object

to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's

claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

***RFP 34:***       ***The documents provided to Plaintiff Hassan Shibly in response to Freedom of Information Act Requests he submitted to you, and any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to the request.***

**Objections:**  Defendants object to this request to the extent it seeks information not within the purview or control of the TSC and FBI, and already in Plaintiffs' possession.  Defendants further object to this request because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.  Further, it should not be necessary to disclose such records to the Plaintiff because, as the request acknowledges, Plaintiff was already provided them.  Defendants object to the request as overbroad.  Even if Plaintiff's FOIA request were relevant, all documents relating to it are not.  Defendants object to the terms "you," "record," and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security

Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

*RFP 35:        Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to Plaintiff Ibrahim Awad and the Chevrolet car dealership located in Sterling Heights, Michigan.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants further object to this request because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs. It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question. Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them.

Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

> *RFP 36:        Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to Plaintiff Ibrahim Awad and the New York Police Department.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants further object to this request because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information.  Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them.

Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


> *RFP 37:*        *The data downloaded from Plaintiff Saleem Ali's phones when they*
> *were confiscated by CBP, or at any other time from any of his electronic devices by*
> *you, and any and all records, communications, written/computer generated*
> *embodiments, notes, and/or other documents that relate or refer to the data.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any

such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "you," "record," and "written computer generated embodiments" as being so vague as to be meaningless. Defendants also object to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


*RFP 38:*        *The data downloaded from Plaintiff Samir Anwar's phone when it was*

*confiscated by CBP, or at any other time from any of his electronic devices by you, and*

*any and all records, communications, written/computer generated embodiments, notes,*

*and/or other documents that relate or refer to the data.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any

such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "you," "record," and "written computer generated embodiments" as being so vague as to be meaningless.  Defendants also object to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

71

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

> *RFP 39:*        *The data downloaded from Plaintiff Zuhair El-Shwehdi's electronics*
> *each and every time they were confiscated by TSA or any other federal agents, or at*
> *any other time from any of his electronic devices by you, and any and all records,*
> *communications, written/computer generated embodiments, notes, and/or other*
> *documents that relate or refer to the data.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any

such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "you," "record," and "written computer generated embodiments" as being so vague as to be meaningless. Defendants also object to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


> *RFP 40:       The data downloaded from Plaintiff Mahmoud Eraqi's phone when it*
>
> *was confiscated by CBP, or at any other time from any of his electronic devices by you,*
>
> *and any and all records, communications, written/computer generated embodiments,*
>
> *notes, and/or other documents that relate or refer to the data.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.   Moreover, Plaintiffs should be aware and in possession of any

such data on their own electronic devices.

Defendants object to the terms "data," "electronic devices," "you," "record," and "written computer generated embodiments" as being so vague as to be meaningless.  Defendants also object to the phrase "at any other time" as overbroad and seeking information not relevant to Plaintiff's claims and allegations.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

75

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

> *RFP 41:        Any and all records, communications, written/computer generated*
> *embodiments, notes, and/or other documents that relate or refer to Plaintiff John Doe*
> *No. 1 and any financial institution, including, but not limited to, JPMorgan Chase*
> *Bank, TCF Bank and PNC Bank.*

**Objections:**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.

Defendants object to the terms "record" and "written computer generated embodiments"

as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

***RFP 42:*** ***Any and all records, communications, written/computer generated embodiments, notes, and/or other documents that relate or refer to Plaintiff John Doe No. 3 and any financial institution, including, but not limited to, JPMorgan Chase Bank.***

**Objections:**  Defendants object to this request to the extent it seeks information not within the purview or control of the TSC and FBI.  Defendants further object to this request because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan.  In particular, Defendants object to any request that is wholly divorced from whether the watchlist redress process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16, and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are under investigation, and other wholly irrelevant information.  Defendants will not consent to the disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order to adjudicate the procedural due process question.  Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine whether the TSC and FBI maintain records on them.   TSC does not export TSDB information to financial institutions as a general matter, and Defendants are not required to search every FBI file in the country to determine whether it has ever happened as an ad hoc matter.

Defendants object to the terms "record" and "written computer generated embodiments" as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

***RFP 43:        Any and all records, communications, written/computer generated***

***embodiments, notes, and/or other documents that relate or refer to Plaintiff John Doe***

***No. 4 and any state or local law enforcement agency, including Clinton Township and***

***Warren Police Departments in Michigan.***

**<u>Objections:</u>**  Defendants object to this request to the extent it seeks information not within the

purview or control of the TSC and FBI.  Defendants further object to this request because it seeks

information not relevant to any claim or defense in this case, and outside the proper scope of

discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular,

Defendants object to any request that is wholly divorced from whether the watchlist redress

process available to Plaintiffs comports with the requirements of due process, see Slip Op. at 16,

and instead seeks to find out what the TSC and FBI knows about the Plaintiffs, whether they are

under investigation, and other wholly irrelevant information.  Defendants will not consent to the

disclosure to Plaintiffs in discovery of records, if any, that TSC and FBI maintain regarding

Plaintiffs.  It should not be necessary to disclose such records to the Plaintiffs in discovery in order

to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in

discovery would not be appropriate, and would risk harm to national security because they would

enable individuals who merely allege they are on a watchlist to determine whether the TSC and

FBI maintain records on them.

Defendants object to the terms "record" and "written computer generated embodiments"

as being so vague as to be meaningless.

Defendants further object to this request to the extent that it defines the requested material

to include all predecisional and deliberative material, which is not relevant to any claim or defense

of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery

of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.

*RFP 44:        All documents reviewed or relied upon for each of the individual Plaintiffs that resulted in the acceptance of their nomination and/or placement on the watch list.*

**Objections:** Defendants object to the request as duplicative with RFP 5 to TSC, served September 26, 2017. Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals or any information underlying such alleged placement. The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist. *See* Slip Opinion at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim). Defendants will not consent to the disclosure to Plaintiffs in discovery of whether or not any plaintiff is on a watchlist. It should not be necessary to disclose to the Plaintiffs in discovery the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question. Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants. Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


*RFP 45:        All documents that relate, refer, or pertain to the distribution of any information from the TSDB regarding each of the individual Plaintiffs to any local authority, state authority, state or municipal court, foreign government, airline, financial institution, private corporation, private entity and/or private individual.*

**Objections:**  Defendants object to the request as duplicative with RFP 6 to TSC, served September 26, 2017.  Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope

of discovery as proposed in Defendants' Position in the Joint Discovery Plan.   In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals.   The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.   *See* Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim).   Defendants will not consent to the disclosure to Plaintiffs in discovery of whether any plaintiff is on a watchlist.   It should not be necessary to disclose to the Plaintiffs in discovery the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

Defendants object to the request as overbroad and seeking irrelevant information.   Not a single Plaintiff has made a claim related to the alleged dissemination of the watchlist to a "state authority", "foreign government", "private corporation", "private entity", or "private individual."   Even if the dissemination of TSDB information generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because it appears to require a search for all documents "that relate" to the sharing of the TSDB at every point since its creation.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving all of the foregoing objections, TSC and FBI will search for and process current policies and procedures for exporting TSDB data, as specifically agreed to in response to other requests herein.

*RFP 46:*       *A complete copy of any and all documents, records, communications and other written or computer generated embodiments relating, referring, or pertaining to each of the Plaintiffs.*

**Objections:**   Defendants object to the request as duplicative with RFP 7 to TSC, served September 26, 2017.   Defendants object to this request as overbroad and vague, and because it seeks information not relevant to any claim or defense in this case, and outside the proper scope of discovery as proposed in Defendants' Position in the Joint Discovery Plan. In particular, Defendants object to any request that would tend to confirm or deny the watchlist status of particular individuals, including whether TSC maintains records about them.   The only remaining claim in this case concerns the adequacy of the post-deprivation redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.   *See* Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the procedural due process claim).   Defendants will not consent to the disclosure to Plaintiffs in discovery of whether any plaintiff is on a watchlist. It should not be necessary to disclose to the Plaintiffs in discovery the actual watchlist status of the individuals, much less the underlying information, in order to adjudicate the procedural due process question.   Indeed, such disclosures to Plaintiffs in discovery would not be appropriate, and would risk harm to national security because they would enable individuals who merely allege they are on a watchlist to determine their status merely by filing a lawsuit and seeking discovery.

Defendants object to the request as overbroad.   Even if Plaintiffs' watchlist status were somehow relevant, all documents mentioning their names would not be relevant to an evaluation of the process.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants.  Defendants will neither search for nor produce documents reflecting draft or

predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified

and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory

protection pertaining to such information.  Defendants object to this request to the extent it seeks

information subject to the law enforcement and investigatory files privilege, Sensitive Security

Information (including Sensitive Security Information that is not appropriate for disclosure under

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law

No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise

protected by the deliberative process privilege, the attorney-client privilege, the work product

doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or

constitutional or common law privilege.  Nothing contained in the following responses shall be

construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of

any objection or privilege generally.  Inadvertent disclosure of information subject to a claim of

privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections and the Court's October 27, 2017 ruling on

Defendants' Motion for Protective Order, ECF No. 61, Defendants will not respond.


*RFP 47:*        *All written policies, protocols, practices, procedures, agreements,*

*memorandums, memorandums of understanding, contracts, employee handbooks,*

*educational and/or training materials of TSC personnel, and/or other documents that*

*contain the words "Islam," "Muslim," "mosque(s)," "masjid(s)," "Qur'an," "Koran,"*

*"Mecca," "Makkah," "Hajj," "pilgrimage," "Fajr," "morning prayer," "Ramadan,"*

*"Imam," or any other Islamic term.*

**Objections:** Defendants object to the request as duplicative with RFP 8 to TSC, served September

26, 2017.  Defendants object to this request as irrelevant, overbroad, and outside the proper scope

of discovery.  The only remaining claim in this case concerns the adequacy of the post-deprivation

redress *process* available to plaintiffs who have alleged that they were placed on a watchlist.  *See*

Slip Op. at 16 (holding that a factual record is necessary to determine "the ultimate merits" of the

procedural due process claim). Defendants further object to this request as burdensome, overbroad,

and disproportionate to the needs of the case because Defendants should not be required to do a

word search of every document for particular words.

Defendants further object to this request to the extent that it defines the requested material

to include all predecisional and deliberative material, which is not relevant to any claim or defense

of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery

of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon

the Defendants.  Defendants will neither search for nor produce documents reflecting draft or

predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified

and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory

protection pertaining to such information.  Defendants object to this request to the extent it seeks

information subject to the law enforcement and investigatory files privilege, Sensitive Security

Information (including Sensitive Security Information that is not appropriate for disclosure under

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law

No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise

protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege. Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally. Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Based on the foregoing objections, Defendants will not respond.


> ***RFP 48:        The paperwork that is filled out in order to nominate and/or accept***
>
> ***individuals onto the watch list.***

**Objections:**  Defendants object to the request as duplicative with RFP 9 to TSC, served September 26, 2017.  Defendants object to the request as overbroad and seeking information not relevant to any claim or defense in this case.  Even if the acceptance of nominations generally could be relevant, the request is overbroad, burdensome and disproportionate to the needs of the case because the word "paperwork" is undefined.  The request is so vague as to be meaningless, and read broadly, such a request could encompass nearly every document at the TSC, which is responsible for maintaining the TSDB.

Defendants further object to the extent that this document request seeks the disclosure of policies and procedures not currently in effect; the complaint seeks only injunctive relief and past policies and procedures are not relevant to determining whether the process currently available is adequate.

Defendants further object to this request to the extent that it defines the requested material to include all predecisional and deliberative material, which is not relevant to any claim or defense

of any party, not relevant to the subject matter of the action, and not likely to lead to the discovery of admissible evidence and, as such, are overbroad and impose an undue burden and expense upon the Defendants.  Defendants will neither search for nor produce documents reflecting draft or predecisional positions.

Defendants further object to this request to the extent it seeks information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information.  Defendants object to this request to the extent it seeks information subject to the law enforcement and investigatory files privilege, Sensitive Security Information (including Sensitive Security Information that is not appropriate for disclosure under Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted), national security information, or information otherwise protected by the deliberative process privilege, the attorney-client privilege, the work product doctrine, the Privacy Act (5 U.S.C. § 552a), or any other appropriate statutory protection or constitutional or common law privilege.  Nothing contained in the following responses shall be construed as a waiver of any applicable objection or privilege as to any Request or as a waiver of any objection or privilege generally.  Inadvertent disclosure of information subject to a claim of privilege shall not be deemed a waiver of such privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will search for and process any blank hard-copy forms currently used for nominating information to the TSDB. To the extent any nonprivileged, non-SSI documents exist, they will be produced beginning November 15, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

> **RFP 49:**    *A copy of any and all documents, ESI, and tangible things disclosed or referenced in Defendants' Initial Disclosures.*

**Objections:**  Defendants object to the extent that this request exceeds Defendants' obligations under the Federal Rules of Civil Procedure.

**Response:**  Subject to and without waiving all of the foregoing objections, FBI and TSC will process unclassified, nonprivileged, non-SSI policies and procedures as described in response to Section B, items (1) and (2) of Defendants' Initial Disclosures.  They will be produced beginning November 30, 2017, and thereafter on a rolling basis.  Consistent with Defendants' proposal in the Discovery Plan, including limitations on identifying classified information, privilege logs will be provided as appropriate with the rolling production of documents.

Dated: November 6, 2017                      Respectfully submitted,

                                             DANA J. BOENTE
                                             United States Attorney

                                             CHAD READLER
                                             Acting Asst. Attorney General, Civil Division

                                             ANTHONY J. COPPOLINO
                                             Deputy Director, Federal Programs Branch

                                             */s/    Amy E. Powell*_____
                                             AMY POWELL
                                             Trial Attorney, Federal Programs Branch
                                             Civil Division, Department of Justice
                                             310 New Bern Avenue, Suite 800
                                             Federal Building
                                             Raleigh, NC 27601-1461

Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was sent via electronic mail to

Counsel of Record in this case.

*/s/    Amy E. Powell*_____
AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

November 6, 2017