# Exhibit 5

| | |
|---|---|
| **From:** | Powell, Amy (CIV) |
| **To:** | gabbas@cair.com; Lena F. Masri, Esq.; Jack Cooper; Ahmed Mohamed |
| **Cc:** | Roth, Dena M. (CIV); Konkoly, Antonia (CIV) |
| **Subject:** | meet and confer on motion to compel |
| **Date:** | Monday, January 08, 2018 7:54:00 PM |

Gadeir:

This is an attempt to memorialize our meet and confer on your anticipated new motion to compel documents. Please correct me if you think I have misunderstood anything. We understand that Plaintiffs intend on or before this Thursday to move to compel the production of ALL documents on the privilege logs that are responsive to the first and second requests for production

- You stated that you had not received redacted versions or summaries of "the documents" or at least tables of contents for contents. I clarified that from my perspective, we had previously discussed the Watchlisting Guidance and the inclusion standards last month, not anything else.
- I explained that the recently produced unclassified, nonprivileged summary is a useful substitute for the Watchlisting Guidance for Plaintiffs' purposes, explaining that it is a comprehensive summary that synthesizes and explains all of the unclassified, nonprivileged information that can be gleaned about watchlisting policy and procedures. You were not persuaded and rejected the substitution, explaining, inter alia, that you do not "trust" agency summaries.
- You asked if we would provide summaries or redacted versions of "everything", by which you explained that you meant all of the documents on the privilege logs (the privilege logs responsive to the 1st and 2nd requests for production). I asked if Plaintiffs were interested in narrowing that request, explained that redactions were often extremely burdensome in this context and that we might more realistically be able to offer something if he were to narrow the request, which you declined.
- You asked if we could provide tables of contents for "everything" or the "equivalent" of a table of contents. My understanding was that this was not an effort to narrow the areas of dispute, but please correct me if I am wrong. I do not know to what extent it is possible, in any event, but will inquire.
- You emphasized that the most important thing Plaintiffs want is the WLG and that you want whatever you can get – including the title page, the table of contents, and the number of pages. You clarified, however, that you are NOT interested in using the table of contents to narrow the request. Rather, you believe Plaintiffs are literally entitled to "every word" of the WLG. I am, frankly, not sure what to do with that. If you have no interest in narrowing your request, it is hard to see what the other relevance of the table of contents would be. I can see how it might be useful for having a discussion about narrowing; it is not otherwise even arguably relevant.
- I speculated about 2 other possibilities that might permit the parties to narrow our disagreements:
    - O 1st, speculating, I indicated that it was at least possible that if Plaintiffs narrowed the request to more specific things that you believe are crucial (eg, hypothetically, the inclusion standards), that we might find that there was not a basis for state secrets assertion over a relatively narrow category of information and that even if we asserted other privileges, we could at least resolve the matter more

expeditiously. I cannot of course, guarantee that outcome in the abstract. You were not interested in discussing further and indicated that Plaintiffs want everything. O 2nd, speculating, I indicated that if you needed more information ABOUT the documents on the logs in order to determine what was relevant, that we might be able to provide such information or at least answer questions. You did not believe that such discussion would be fruitful and did not pose any specific questions.

• TIMING. So, there are at least 3 Plaintiffs' motions on the radar – your currently pending motion for an extension of discovery deadlines, your motion to compel certain RFA responses (which you anticipate filing tomorrow), and now this motion to compel (which you anticipate filing Thursday). We will likely need substantial time to respond to a motion to compel all documents on the privilege logs, particularly given that many of those documents may lead to an AG assertion of the state secrets privilege. We are conferring internally on how much time is needed. You indicated that as a result, you thought all discovery deadlines should be extended a sufficient amount of time to allow resolution of the motion and yet another round of discovery. I am not certain that is warranted, and I am concerned by the appearance that you are filing such a broad motion to compel primarily in order to extend discovery deadlines for other discovery that Plaintiffs have not gotten around to. It seems that all or almost all discovery could otherwise be completed by the current deadline. In any event, we will discuss further and get back to you about how much time we need to respond.

On a different subject, we reminded you that tomorrow is the final deadline for Plaintiffs to supplement their discovery responses. If we still find responses insufficient, we will likely move to compel this Friday, with hearing on 1/19.

Amy Elizabeth Powell
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email: amy.powell@usdoj.gov