Exhibit 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| _____ ) | |
| **Anas ELHADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:16-cv-375 (AJT/JFA)** |
| ) | |
| **Charles H. Kable, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

<u>**DEFENDANTS' REVISED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSIONS TO OFFICIAL CAPACITY TSC DEFENDANTS**</u>

<u>**INTRODUCTION**</u>

Pursuant to Federal Rule of Civil Procedure 26 and 36, Defendants Charles H. Kable,
Director of the Terrorist Screening Center ("TSC"); Kelli Ann Burriesci, Principal Deputy
Director of TSC; and Timothy P. Groh, Deputy Director for Operations at TSC (collectively, the
"TSC Defendants"), hereby submit revised  objections to the discovery requests titled "Plaintiffs'
First Requests for Admission to Defendant Mabeus," "Plaintiffs' First Requests for Admission to
Defendant Grigg," and "Plaintiffs' First Requests for Admission to Defendant Piehota," all
served September 11, 2017.  All of these Defendants were sued in their official capacities;
accordingly, pursuant to Fed. R. Civ. P. 25(d), the current officeholders are automatically
substituted.  Because the TSC Defendants all work for the same agency, they respond
collectively here on behalf of TSC.

The Defendants' responses are provided in accordance with Federal Rule 26(b)(1), which
permits the discovery of any information, not privileged, that is both (1) relevant to any party's
claim or defense, and (2) proportional to the needs of the case.  The Defendants do not, by

providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or other appropriate ground. The inadvertent production by the Defendants of information or documents protected by any privilege or protection shall not constitute a waiver of the applicable privilege or protection as to any information or documents disclosed. The Defendants reserve the right to supplement or amend their responses should additional or different information become available.

## **OBJECTIONS AS TO ALL RFAS**

1. TSC Defendants object to these Requests for Admission ("RFAs") as duplicative. There is no basis or reason for sending separate, nearly identical[1] discovery requests to multiple official capacity defendants within the same agency component. Accordingly, the TSC Defendants are not responding individually, but collectively, in their official capacities.

2. TSC Defendants object to Plaintiff's Requests for Admission to the extent, as set forth in response to specific requests below, they are improper attempts to use requests for admission as discovery devices. *See, e.g., Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985) ("Rule 36 is not a discovery tool in the truest sense, but, rather, is a procedure for obtaining admissions for the record of facts already known."); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D.W. Va. 2010) ("requests for admission are intended to narrow the scope of issues for trial, not to lead to the discovery of admissible evidence."); *see also*

---

[1] There is at least one RFA that is not directed at all TSC Defendants, and others are ordered slightly differently with respect to different Defendants. That will throw off the numbering with respect to some of the requests, as described in the footnotes below.  Moreover, Plaintiffs forwarded the RFAs in Word and PDF, and there are minor differences between the Word and PDF versions; where they differ, Defendants assume that the pdf versions are the final.

*Workman v. Chinchinian*, 807 F. Supp. 634, 646-47 (E.D. Wash. 1992); *U.S. S.E.C. v. Nutmeg Group, LLC*, 285 F.R.D. 403 (N.D. Ill. 2012).

3. TSC Defendants object to the Plaintiffs' Definition 1 (of "you" and "your" "Official-Capacity Defendants" and "Defendant") to the extent that such definitions purport to apply to the TSC Defendants individually.  In responding to the Requests for Admission, the TSC Defendants respond in each and every response as the TSC, based upon information in the agency's possession, custody, or control.

4. TSC Defendants object to the Plaintiffs' Definition 7 (of "TSDB" "Terrorism Screening Database" or "watch list") as vague to the point of meaningless.  The actual database at issue is known as the "Terrorist Screening Database", or "TSDB", but Plaintiffs define it using a colloquial term without legal definition, "the terrorism watch list," without giving the terms further content or definition.   Defendants will assume those terms refer to the Terrorist Screening Database and will respond as such with respect to each and every RFA that uses these terms.

5. TSC Defendants object to other definitions (including, but not limited to, Definitions 6, 9, 10, 11, 12, 13, 14) because they define terms not actually used in this set of requests for admission.  Defendants reserve all objections to such definitions if they are used in future discovery requests.

*RFA 1 – Admit that you develop and/or maintain the federal government's consolidated Terrorism Screening Database.*

**Objections:** Defendants object to the terms "develop and/or maintain" as vague and ambiguous, as it could refer to purely technical responsibilities or suggest substantive decision-making or any of several other possible interpretations.

**Response**: Admit to the extent that the TSC is the U.S. Government's consolidated counterterrorism watchlisting component responsible for the management of the TSDB.  The TSC is responsible for maintaining and operating the TSDB. Otherwise, deny.


*RFA 2: Admit that you accept the nominations of individuals to the [TSDB]*

**Objections:**  Defendants object to the terms "accept" and "nominations of individuals" as undefined and vague in this context.  It could imply, for example, that TSDB approves all proposed nominations to the TSDB, that all nominations involve unique individuals, that TSC Defendants review all nominations for sufficiency, or any of several other possible interpretations.

**Response**: Admit that the TSC receives and reviews TSDB nominations submitted by NCTC and the FBI.


*RFA 3: Admit that you oversee or permit the dissemination of information in the Terrorism Screening Database either directly or indirectly to state authorities.*

**Objections:**  TSC Defendants object to the phrase "oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the phrases "dissemination of information,"  "state authorities," and "indirectly" as vague and ambiguous.  In combination, these phrases could suggest that TSC chooses how and when information is shared with states, that all information is shared with all states, that some information is shared with some states or undefined "state

authorities," that TSC has a merely passive role in the dissemination of such information, that

TSC actively shares it, that TSC has the authority to prohibit such sharing, or any of several

other possible interpretations.  It is plain that Plaintiffs are not using a RFA appropriately to

obtain admission of facts already known, but using a RFA improperly as a discovery device.

TSC Defendants additionally object on grounds of relevance; none of the Plaintiffs claim that

they have been subject to action by state authorities based on watchlist status.  Moreover, TSC

Defendants object to this request to the extent it seeks privileged information regarding the FBI's

counterterrorism mission, including but not limited to information subject to the state secrets

privilege and the law enforcement privilege, such as sensitive information about how and when

and to what extent intelligence information is shared with other law enforcement authorities.

**Response**: Admit to the extent that the TSC exports a subset of TSDB information to the FBI's

National Crime Information Center (NCIC) for domestic law enforcement screening. Otherwise,

deny.


*RFA 4:        Admit that you oversee or permit the dissemination of information in the*

*Terrorism Screening Database either directly or indirectly to local authorities.*

**Objections:**  TSC Defendants object to the phrase "oversee or permit" as compound, vague and

ambiguous.  TSC Defendants further object to the phrases "dissemination of information," "local

authorities," and "indirectly" as vague and ambiguous.  In combination, these phrases could

suggest that TSC chooses how and when information is shared with local authorities, that all

information is shared with local authorities, that some information is shared with some undefined

"local authorities," that TSC has a merely passive role in the dissemination of such information,

that TSC actively shares it, that TSC has the authority to prohibit such sharing, or any of several

other possible interpretations.  It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device. TSC Defendants additionally object on grounds of relevance because, although one of the 25 plaintiffs alleges that he was subjected to adverse action by a local police officer, he does not plausibly allege that such action was based on his alleged watchlist status.  Moreover, TSC Defendants object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information subject to the state secrets privilege and the law enforcement privilege, such as sensitive information about how and when and to what extent intelligence information is shared with other law enforcement authorities.

**Response**: Admit to the extent that the TSC exports a subset of TSDB information to the FBI's National Crime Information Center (NCIC) for domestic law enforcement screening. Otherwise, deny.


***RFA 5:***     ***Admit that you oversee or permit the dissemination of information in the Terrorism Screening Database either directly or indirectly to foreign governments.***

**Objections:** TSC Defendants object to this request on grounds of relevance; none of the Plaintiffs allege that they have been subjected to any adverse action by any foreign government related to watchlist status.  TSC Defendants also object to the phrase "oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the phrases "dissemination of information" and "indirectly" as vague and ambiguous.  In combination, these phrases could suggest that TSC chooses how and when information is shared with other governments, that all information is shared with all foreign governments through some automated process, that some information is shared with some foreign governments, that TSC has a merely passive role in the

dissemination of such information, that TSC actively shares it, that TSC has the authority to

prohibit such sharing, or any of several other possible interpretations.  It is plain that Plaintiffs

are not using a RFA appropriately to obtain admission of facts already known, but using a RFA

improperly as a discovery device.  Moreover, TSC Defendants object to this request to the extent

it seeks privileged information regarding the FBI's counterterrorism mission and U.S.

intelligence activities and diplomacy, including but not limited to information subject to the state

secrets privilege and the law enforcement privilege, and Sensitive Security Information such as

sensitive information about how and when and to what extent intelligence information is shared

with foreign governments.

 **Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), Defendant clarifies

that it withdraws the objection stated in the first sentence of the above paragraph. TSC

Defendants stand on their remaining objections to this request and decline to admit or deny.


*RFA 6:*          *Admit that you permit the dissemination of information in the Terrorism*

*Screening Database either directly or indirectly to the European Union.*[2]

**Objections:** Defendants object on grounds of relevance because none of the Plaintiffs allege that

they have been subject to any action by the EU.  TSC Defendants also object to the terms/phrases

"permit," "dissemination of information," and "indirectly" as vague and ambiguous.  In

combination, these phrases could suggest that TSC chooses how and when information is shared

with the EU, that all information is shared with all parts of the EU through some automated

process, that some information is shared with some parts of the EU, that TSC has a merely

---

[2] This RFA was not included in the RFAs directed specifically to the TSC Director.  Accordingly, the numbers for
the remaining RFAs differ with respect to Mr. Kable, but are in accord with those submitted to Ms. Burriesci and
Mr. Groh.

passive role in the dissemination of such information, that TSC actively shares it, that TSC has

the authority to prohibit such sharing, or any of several other possible interpretations.  It is plain

that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but

using a RFA improperly as a discovery device.  Moreover, TSC Defendants object to this request

to the extent it seeks privileged information regarding the FBI's counterterrorism mission and

U.S. intelligence activities and diplomacy, including but not limited to information subject to the

state secrets privilege and the law enforcement privilege, and Sensitive Security Information

such as sensitive information about how and when and to what extent intelligence information is

shared with the EU.

**Response:**  In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), Defendant clarifies

that it withdraws the objection stated in the first sentence of the above paragraph. TSC

Defendants stand on their remaining objections to this request and decline to admit or deny.


*RFA 7:*        *Admit that you oversee or permit the dissemination of information in the*

*Terrorism Screening Database either directly or indirectly to corporations, private entities*

*and/or individuals.* [3]

**Objections:** TSC Defendants object to the phrase "oversee or permit" as compound, vague and

ambiguous.  TSC Defendants further object to the phrases "dissemination of information,"

"corporations, private entities and/or individuals," and "indirectly" as vague and ambiguous.  In

combination, these phrases could suggest that TSC chooses how and when information is shared

with anyone anywhere, that all information is shared with all private entities, that some

information is shared with some such entities, that TSC has a merely passive role in the

---

[3] This RFA is RFA 7 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 6 with respect to the TSC Director.

dissemination of such information, that TSC actively shares it, that TSC has the authority to

prohibit such sharing, or any of several other possible interpretations.  Moreover, the use of the

word "individuals" potentially includes individuals acting in an official capacity.  It is plain that

Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but

using a RFA improperly as a discovery device.  Moreover, TSC Defendants object to this request

to the extent it seeks privileged information regarding the FBI's counterterrorism mission,

including but not limited to information subject to the law enforcement privilege, such as

sensitive information about how and when and to what extent intelligence information is shared

with other law enforcement authorities.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


***RFA 8:        Admit that you oversee or permit the dissemination of information in the***

***Terrorism Screening Database either directly or indirectly to financial institutions.[4]***

**Objections:** TSC Defendants object to the phrase "oversee or permit" as compound, vague and

ambiguous.  TSC Defendants further object to the phrases "dissemination of information" and

"indirectly" as vague and ambiguous.  In combination, these phrases could suggest that TSC

chooses how and when information is shared with financial institutions, that all information is

shared with all financial institutions, that some information is shared with some such entities,

that TSC has a merely passive role in the dissemination of such information, that TSC actively

shares it, that TSC has the authority to prohibit such sharing, or any of several other possible

interpretations.   It is plain that Plaintiffs are not using a RFA appropriately to obtain admission

of facts already known, but using a RFA improperly as a discovery device.  Moreover, TSC

---

[4] This RFA is RFA 8 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 7 with respect to the TSC Director,

Defendants object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information subject to the law enforcement privilege, such as sensitive information about how and when and to what extent intelligence information is shared.

**Response**: Deny.

*RFA 9:         Admit that you oversee or permit the dissemination of information in the Terrorism Screening Database either directly or indirectly to private contractors.[5]*

**Objections:** TSC Defendants object to the phrase "oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the phrases "dissemination of information," "indirectly," and "private contractors" as vague and ambiguous.  In combination, these phrases could suggest that TSC chooses how and when information is shared with private contractors for governmental entities, that all information is shared with all such contractors at all such entities, that some information is shared with some such contractors at some such entities, that TSC may share information with "private contractors" unaffiliated with governmental entities, that TSC has a merely passive role in the dissemination of such information, that TSC actively shares it, that TSC has the authority to prohibit such sharing, or any of several other possible interpretations.   It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  With no working definition of "private contractors" this RFA is vague to the point of incomprehensibility.  TSC Defendants additionally object on grounds of relevance; none of the Plaintiffs allege that they have been or would be subject to any action by "private contractors."  Moreover, TSC

---

[5] This RFA is RFA 9 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 8 with respect to the TSC Director.

Defendants object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information subject to the law enforcement privilege, such as sensitive information about how and when and to what extent intelligence information is shared with law enforcement.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), Defendant clarifies that it withdraws the objection stated in the sixth sentence of the above paragraph.  TSC Defendants stand on their remaining objections to this request and decline to admit or deny.

*RFA 10: Admit that you oversee or permit the dissemination of information in the Terrorism Screening Database either directly or indirectly to airlines.*[6]

**Objections:**  TSC Defendants object to the phrase "oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the phrases "dissemination of information" and "indirectly" as vague and ambiguous.  In combination, these phrases could suggest that TSC chooses how and when information is shared with airlines, that all information is shared with all airlines, that some information is shared with some such entities, that TSC has a merely passive role in the dissemination of such information, that TSC actively shares it, that TSC has the authority to prohibit such sharing, or any of several other possible interpretations.   It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  Moreover, TSC Defendants object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privilege and Sensitive Security Information protected by statute,

_____

[6] This RFA is RFA 10 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 9 with respect to the TSC Director.

such as sensitive information about how and when and to what extent TSDB information is

shared with airline employees.

**Response**: Admit to the extent that subsets of the TSDB are provided to TSA for aviation

security screening purposes. Otherwise, deny.

*RFA 11:*        *Admit that you oversee or permit the dissemination of information in the*

*Terrorism Screening Database either directly or indirectly to sellers of firearms.*[7]

**Objections:**  TSC Defendants object on grounds of relevance, as none of the Plaintiffs alleges

that they have been denied access to firearms.  TSC Defendants also object to the phrase

"oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the

phrases "dissemination of information" and "indirectly" as vague and ambiguous.  In

combination, these phrases could suggest that TSC chooses how and when information is shared

with sellers of firearms, that all information is shared with all sellers, that some information is

shared with some such entities, that TSC has a merely passive role in the dissemination of such

information, that TSC actively shares it, that TSC has the authority to prohibit such sharing, that

TSDB information could be used in state or federal background checks, or any of several other

possible interpretations.   It is plain that Plaintiffs are not using a RFA appropriately to obtain

admission of facts already known, but using a RFA improperly as a discovery device.  Moreover,

TSC Defendants object to this request to the extent it seeks privileged information regarding the

FBI's counterterrorism mission, including but not limited to information subject to the law

enforcement privilege and Sensitive Security Information protected by statute, such as sensitive

---

[7] This RFA is RFA 11 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 10 with respect to the TSC Director.

information about how and when and to what extent TSDB information is shared with law enforcement.

**Response**: Deny.

*RFA 12: Admit that you accepted the nomination of individuals to the Terrorism Screening Database that have not been charged or convicted with a terrorism-related offense.[8]*

**Objections:** Defendants object to the terms "accept" and "nominations of individuals" as undefined and vague in this context.  It could imply, for example, that TSDB approves all such proposed nominations to the TSDB or that all such nominations involve unique individuals or that TSC Defendants review all nominations for sufficiency on a case-by-case basis, or any of several other possible interpretations.  TSC Defendants further object to the phrase "terrorism-related offense" as undefined and vague in this context.  Moreover, TSC Defendants object on grounds of relevance; this information is not necessary to determine the adequacy of the redress process available to individuals who believe they are on a watchlist due to screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information potentially subject to the state secrets privilege and the law enforcement privilege and Sensitive Security Information protected by statute, such as sensitive information about precisely how and under what circumstances individuals suspected of terrorism may be placed in the TSDB.

---

[8] This RFA is RFA 12 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 11 with respect to the TSC Director.

**Response**: Deny insofar as inclusion in the TSDB is not a determination that someone has committed a crime.  Rather, it is an assessment based on analysis of available information that the person meets the applicable criteria for inclusion. Otherwise, TSC Defendants stand on their objections to this request and decline to admit or deny.

***RFA 13:  Admit that you accepted the nomination of individuals to the Terrorism Screening Database that are not the subject of a formal ongoing federal investigation pertaining to a terrorism-related offense.[9]***

**Objections:** Defendants object to the terms "accept" and "nominations of individuals" as undefined and vague in this context.  It could imply, for example, that TSDB approves all such proposed nominations to the TSDB or that all such nominations involve unique individuals or that TSC Defendants review all nominations for sufficiency on a case-by-case basis, or any of several other possible interpretations.  TSC Defendants further object to the phrases "terrorism-related offense" and "formal ongoing federal investigation" as undefined and vague in this context.  Additionally, TSC Defendants object on grounds of relevance; the precise standards for FBI counterterrorism investigations are not relevant to the adequacy of the process received by Plaintiffs with respect to their alleged watchlist status.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information potentially subject to the state secrets privilege and the law enforcement privilege and sensitive security information protected by statute, such as sensitive information about precisely how and under what circumstances

---

[9] This RFA is RFA 13 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 12 with respect to the TSC Director.

individuals suspected of terrorism may be placed in the TSDB.  It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.

***RFA 14 -        Admit that the United States disseminates or makes available in any manner the TSDB and/or its contents to foreign countries knowing that foreign countries may restrict the ability of TSDB listees to enter foreign countries that receive the TSDB.[10]***

**Objections:**  TSC Defendants object on grounds of relevance; none of the Plaintiffs allege that they have been or would be subject to any action by foreign governments.  Defendants also object to the terms "disseminate or makes available in any manner" and "TSDB and/or its contents" and "knowing that foreign countries may" as undefined and vague in this context.  In combination, these phrases could suggest that all information is shared with all foreign countries, that some information is shared with some such entities, that TSC knows the TSDB information may be used by the foreign countries, that TSC merely knows that foreign countries may restrict entry of any foreigner, or any of several other possible interpretations.  It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object to this request to the extent it seeks information about other U.S. Government activities – information not within the custody or control of TSC Defendants.  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information subject to the state secrets privilege and the law enforcement privilege, such as sensitive information about precisely how and under what circumstances intelligence

---

[10] This RFA is RFA 14 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 13 with respect to the TSC Director.

information may be shared with foreign law enforcement or other authorities and precisely the

nature of certain confidential communications with foreign governments.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants

clarify that they withdraw the objection stated in the first sentence of the above paragraph insofar

as it encompasses "information regarding how broadly the watchlist is disseminated." TSC

Defendants stand on their remaining objections to this request and decline to admit or deny.


*RFA 15 -      Admit that the United States knows that foreign governments have utilized the*

*TSDB to make decisions regarding whether to allow entry to listees and/or to grant listees*

*visas.*[11]

**Objections:**  TSC Defendants object on grounds of relevance; none of the Plaintiffs allege that

they have been or would be subject to any such action by foreign governments or even that they

have ever been denied a foreign visa for any reason.  TSC Defendants also object to the phrase

"utilized the TSDB to make decisions" as vague and ambiguous.  It could suggest that some or

all foreign governments rely on U.S. intelligence assessments in this situation, or that they are

permitted to consider such information by agreement, or that TSC is simply aware that they

could in theory use such information for leads, investigation, or other foreign processes, or any

of several other possible interpretations. It is plain that Plaintiffs are not using a RFA

appropriately to obtain admission of facts already known, but using a RFA improperly as a

discovery device.  TSC Defendants further object to this request to the extent it seeks

information about other U.S. Government activities – information not within the custody or

control of TSC Defendants.  TSC Defendants object to this request to the extent it seeks

---

[11] This RFA is RFA 15 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 14 with respect to the TSC Director.

privileged information regarding the FBI's counterterrorism mission, including but not limited to information potentially subject to the state secrets privilege and the law enforcement privilege, such as sensitive information about precisely how and under what circumstances intelligence information may be shared with foreign law enforcement or other authorities and precisely the nature of certain confidential communications with foreign governments.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first sentence of the above paragraph insofar as it applies to "information regarding how broadly the watchlist is disseminated." TSC Defendants stand on their remaining objections to this request and decline to admit or deny.

*RFA 16 -      Admit that foreign governments question individuals on the TSDB at the request of the United States.[12]*

**Objections:** TSC Defendants object on grounds of relevance; none of the Plaintiffs allege that they have been or would be subject to any such action by foreign governments.  TSC Defendants also object to the request as ambiguous as it could suggest that individuals are questioned because of their TSDB status, or that their TSDB status is irrelevant to the requests of the United States, or that such requests are always made of all foreign governments with respect to all individuals on the TSDB, or any of several other plausible interpretations.  Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object to this request to the extent it seeks information about other U.S. Government activities – information not within the custody or control of TSC Defendants.  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not

---

[12] This RFA is RFA 16 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 15 with respect to the TSC Director.

limited to information potentially subject to the state secrets privilege and the law enforcement privilege, such as sensitive information about precisely how and under what circumstances intelligence information may be shared with foreign law enforcement or other authorities and precisely the nature of certain confidential communications with foreign governments.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first sentence of the above paragraph insofar as it encompasses "information regarding how broadly the watchlist is disseminated." TSC Defendants stand on their remaining objections to this request and decline to admit or deny.

**RFA 17 –     Admit that the TSDB is reviewed prior to issuing and/or renewing a Hazmat License.[13]**

**Objections:** TSC Defendants object on grounds of vagueness and ambiguity, as the proposed admission does not have a subject noun and could refer to many different actors.  Moreover, it could be interpreted to mean that watchlist status is determinative in such situations or merely known by (unspecified) people who may or may not make a decision with respect to Hazmat licenses.  Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object to this request to the extent it seeks information about other U.S. Government activities – information not within the custody or control of TSC Defendants.  TSC Defendants additionally object on grounds of relevance; none of the Plaintiffs allege that they have been or would be denied a Hazmat License.  In any event, such licenses are subject to an entirely separate redress scheme, which could itself be reviewed in an appropriate court if challenge were brought by an

---

[13] This RFA is RFA 17 with respect to the Principal Deputy Director and the Deputy Director Operations; it is RFA 16 with respect to the TSC Director.

appropriate plaintiff. TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission to protect the security of transportation, including but not limited to information potentially subject to the law enforcement privilege and Sensitive Security Information protected by statute, such as sensitive information about precisely how and under what circumstances intelligence information may be shared with authorities making Hazmat License determinations.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the fifth sentence of the above paragraph. TSC Defendants stand on their remaining objections to this request and decline to admit or deny.

***RFA 18 – Admit that a person can be placed on the watch list without any information that indicates that the person intends to harm an airport, an airplane, or to otherwise interfere or injure commercial aviation operations.***[14]

**Objections:** TSC Defendants object on grounds of vagueness and ambiguity; the request could be interpreted to simply state that a known terrorist need not have a known aviation target to be placed in the TSDB, or as an intelligence assessment that known or suspected terrorists are not necessarily at risk of attacking such aviation targets, or any of several other possible interpretations. It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device. TSC Defendants further object on grounds of relevance; details regarding the substantive standard for inclusion in the TSDB are not necessary or useful to evaluate the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences. It is also

---

[14] This RFA is RFA 18 with respect to the Principal Deputy Director of TSC, RFA 24 with respect to the TSC Director, and RFA 25 with respect to the Deputy Director of Operations.

beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission to protect the security of transportation, including but not limited to information potentially subject to the state secrets privilege and the law enforcement privilege and sensitive security information protected by statute, such as how and under what circumstances individuals suspected of terrorism may be placed in the TSDB.

Response:  Admit to the extent that inclusion in the TSDB does not require information about a specific aviation-related target. Otherwise, TSC Defendants stand on their objections to this request and decline to admit or deny.


***RFA 18b –     Admit that you oversee or permit the dissemination of information in the [TSDB] either directly or indirectly to municipal courts for use in the determination of bail.[15]***

**Objections:**  TSC Defendants object to the phrase "oversee or permit" as compound, vague and ambiguous.  TSC Defendants further object to the phrases "dissemination of information" and "indirectly" as vague and ambiguous.  In combination, these phrases could suggest that TSC chooses how and when information is shared with municipal courts, that all information is shared with all municipal courts, that some information is shared with some such entities, that TSC has a merely passive role in the dissemination of such information, that TSC actively shares it, that TSC has the authority to prohibit such sharing,  that TSDB information could be in theory presented by relevant witnesses, or any of several other possible interpretations.  It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but

---

[15] This RFA is RFA 17 with respect to the TSC Director, RFA 18 with respect to the Deputy Director of Operations, and RFA 25 with respect to the Principal Deputy Director.

using a RFA improperly as a discovery device.  Additionally, TSC Defendants object on grounds of relevance, as none of the Plaintiffs alleges that they have been denied bail in municipal courts on grounds of their alleged watchlist status; moreover, bail determinations are subject to their own proceedings and due process requirements, and this court is not reviewing the adequacy of process available to criminal defendants in hypothetical bail hearings.  Rather, that issue would be before a court reviewing a bail determination.  Furthermore, TSC Defendants object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission, including but not limited to information subject to the law enforcement privilege and Sensitive Security Information protected by statute, such as sensitive information about how and when and to what extent TSDB information is shared with law enforcement.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the fifth sentence of the above paragraph. TSC Defendants stand on their remaining objections to this request and decline to admit or deny.


### RFA 19 –      *Admit that a person listed on the watchlist may have his or her Federal Aviation Administration license revoked or denied.*[16]

**Objections:** TSC Defendants object on grounds of vagueness and ambiguity, as the proposed admission does not have a subject noun.  Moreover, it could be interpreted to mean that watchlist status is determinative in such situations or merely known by (unspecified) people who may or may not make a decision with respect to FAA licenses.  Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object to this request to the extent it seeks

---

[16] This RFA is RFA 19 with respect to the TSC Principal Deputy Director and the Deputy Director of Operations; it is RFA 18 with respect to the TSC Director.

information about other U.S. Government activities – information not within the custody or

control of TSC Defendants.  TSC Defendants additionally object on grounds of relevance; none

of the Plaintiffs allege that they have been or would be denied a FAA License.  In any event,

such licenses are subject to an entirely separate redress scheme, which could itself be reviewed in

an appropriate court if challenge were brought by an appropriate plaintiff.  TSC Defendants

further object to this request to the extent it seeks privileged information regarding the FBI's

counterterrorism mission and TSA's mission to protect the security of transportation, including

but not limited to information potentially subject to the law enforcement privilege and Sensitive

Security Information protected by statute, such as sensitive information about precisely how and

under what circumstances intelligence information may be shared with authorities making FAA

License determinations.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants

clarify that they withdraw the objection stated in the fifth sentence of the above paragraph. TSC

Defendants stand on their remaining objections to this request and decline to admit or deny.


*RFA 20: Admit that an immediate relative of a person on the watchlist can be listed on the*

*watch list due to his or her status as an immediate relative.[17]*

**Objections:** Defendant objects to the phrase "immediate relative" as vague and ambiguous. TSC

Defendants further object on grounds of vagueness and ambiguity; the request could be

interpreted to mean that familial relationships alone are determinative of watchlist status, that

they are factor to be considered, that they are sufficient to determine that an individual is a

known or suspected terrorist or that such individuals otherwise are identified in the TSDB or

---

[17] This RFA is RFA 20 as directed to the TSC Principal Deputy Director and the Deputy Director of Operations; it is
RFA 19 as directed to the TSC Director.

subjected to heightened screening.  It is plain that Plaintiffs are not using a RFA appropriately to

obtain admission of facts already known, but using a RFA improperly as a discovery device.

TSC Defendants further object on grounds of relevance; details regarding the substantive

standard for inclusion in the TSDB are not necessary or useful to evaluate the adequacy of the

redress process available to persons who believe they are in the TSDB due to their alleged

screening experiences.  It is also beyond the scope of proper discovery as proposed by

Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this

request to the extent it seeks privileged information regarding the FBI's counterterrorism mission

and TSA's mission to protect the security of transportation, including but not limited to

information potentially subject to the state secrets privilege and the law enforcement privilege

and Sensitive Security Information protected by statute, such as sensitive information about how

and under what circumstances individuals suspected of terrorism may be placed in the TSDB.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


*RFA 21: Admit that a person can be listed on the watch list for being a friend, colleague, or*

*fellow community member of an individual who is on the watchlist.* [18]

**Objections:**  TSC Defendants object on grounds of vagueness and ambiguity; the request could

be interpreted to mean that such relationships alone are determinative of watchlist status, that

they are factor to be considered, that they are sufficient to determine that an individual is a

known or suspected terrorist or that such individuals otherwise are identified in the TSDB or

subjected to heightened screening.  It is plain that Plaintiffs are not using a RFA appropriately to

obtain admission of facts already known, but using a RFA improperly as a discovery device.

---

[18] This RFA is RFA 21 as directed to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 20 as directed the Director of TSC.

TSC Defendants further object on grounds of relevance; details regarding the substantive standard for inclusion in the TSDB are not necessary or useful to evaluate the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission to protect the security of transportation, including but not limited to information potentially subject to the law enforcement privilege and Sensitive Security Information protected by statute, such as sensitive information about how and under what circumstances individuals suspected of terrorism may be placed in the TSDB.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


*RFA 22:*        *Admit that you have the authority to continue to include an individual on the watch list even if that individual is an American citizen who has been acquitted of terrorism charges or terrorism charges are otherwise dismissed.*[19]

**Objections:**  TSC Defendants object on grounds of relevance; none of the Plaintiffs have been acquitted of terrorism charges and details regarding a purely hypothetical application of the substantive standard for inclusion in the TSDB are not necessary to evaluate the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  This hypothetical application of the TSDB standards in a situation not present here and without any factual context does not present an appropriate use of Rule 36.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery

---

[19] This RFA is RFA 22 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 21 with respect to the TSC Director.

Plan (Dkt No. 51). TSC Defendants also object on grounds of vagueness and ambiguity; the request could be interpreted to mean that a dismissal or acquittal is not determinative of watchlist status, that it is not even a factor to be considered, or any of several other possible interpretations.  It is plain that Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.    TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission to protect the security of transportation, including but not limited to information potentially subject to the state secrets privilege and the law enforcement privilege and Sensitive Security Information protected by statute, such as sensitive information about precisely how and under what circumstances a person suspected of terrorism may be placed in the TSDB.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


*RFA 23 –*      *Admit that American citizens that you have chosen not to investigate are referred to as "non-investigatory subjects"[20]*

**Objections**:  TSC Defendants object as to vagueness of the terms "investigate," which is undefined, and "you" as TSC is not  charged with conducting criminal or counterterrorism investigations.  Moreover, the phrase, "chosen not to investigate" is vague as it could reflect an affirmative decision not to open an criminal or counterterrorism investigation, an ongoing preliminary investigation, or merely lack of current information to consider someone a subject of an criminal or counterterrorism investigation, none of which are decisions made by TSC.  The phrase "referred to" is also vague because it does not define who refers to them in that way,

---

[20] This RFA is RFA 23 with respect to the Principal Deputy Director and the Director of Operations; it is RFA 22 with respect to the TSC Director.

under what circumstances, or whether it reflects some official definition of those terms.  TSC

Defendants further object to this request to the extent it seeks information not within the custody

or control of TSC Defendants.  It is plain that Plaintiffs are not using a RFA appropriately to

obtain admission of facts already known, but using a RFA improperly as a discovery device.

TSC Defendants further object on grounds of relevance; this definition is irrelevant to the

adequacy of the redress process available to persons who believe they are in the TSDB due to

their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed

by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this

request to the extent it seeks privileged information regarding the FBI's counterterrorism

mission, including but not limited to information potentially subject to the state secrets privilege

and the law enforcement privilege, such as sensitive information about precisely how the FBI

conducts counterterrorism investigations.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


### RFA 24 –       *Admit that American citizens that you are not investigating have been placed on the watch list.*[21]

**Objections:**  TSC Defendants object as to vagueness of the terms investigating," which is

undefined, and "you" as TSC is not charged with conducting criminal or counterterrorism

investigations.  Moreover, the phrase, "are not investigating" is vague as it could reflect an

affirmative decision not to open an criminal or counterterrorism investigation, an ongoing

preliminary criminal or counterterrorism investigation, or merely lack of current information to

consider someone a subject of an criminal or counterterrorism investigation, none of which are

---

[21] This RFA is RFA 24 with respect to the Principal Deputy Director and Deputy Director for Operations; it is RFA 23 with respect to the TSC Director.

decisions made by TSC.  TSC Defendants further object to this request to the extent it seeks

information not within the custody or control of TSC Defendants.  It is plain that Plaintiffs are

not using a RFA appropriately to obtain admission of facts already known, but using a RFA

improperly as a discovery device.  TSC Defendants further object on grounds of relevance; the

existence or nonexistence of an investigation at the time of watchlisting is irrelevant to the

adequacy of the redress process available to persons who believe they are in the TSDB due to

their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed

by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this

request to the extent it seeks privileged information regarding the FBI's counterterrorism

mission, including but not limited to information potentially subject to the state secrets privilege

and the law enforcement privilege, such as sensitive information about how and under what

circumstances individuals suspected of terrorism may be placed in the TSDB.

**Response**: TSC Defendants stand on their objections to this request and decline to admit or deny.


## RFAs Related to Plaintiff Anas Elhady

***RFA 26 –***       ***Admit that you accepted the nomination of Anas Elhady to the federal watch list.***[22]

**Objections:**  Plaintiffs do not know whether they are currently on the TSDB; therefore, they are

not using an RFA appropriately to obtain admission of facts already known but using an RFA

improperly as a discovery device.  TSC Defendants further object on grounds of relevance;

Plaintiffs' actual current or past watchlist status, if any, is irrelevant to the adequacy of the

redress process available to persons who believe they are in the TSDB due to their alleged

---

[22] This RFA is RFA 26 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 25 with respect to the TSC Director. .

screening experiences.  It is also beyond the scope of proper discovery as proposed by

Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this

request to the extent it seeks privileged information regarding the FBI's counterterrorism mission

and TSA's mission regarding the security of transportation, including but not limited to

information subject to the law enforcement privileges and the state secrets privilege, and

Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants

clarify that they withdraw the objection stated in the <mark>second and third</mark> sentences of the above

paragraph. TSC Defendants stand on their remaining objections—including but not limited to

that both past and current watchlist status is subject to the privileges identified above—to this

request and decline to admit or deny.


*RFA 27 –      Admit that you never provided Plaintiff Anas Elhady with notice of the factual*

*basis for his placement on the federal watchlist.*[23]

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to

this request without confirming or denying the Plaintiff's status with respect to the TSDB.

Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress

process available to persons who believe they are in the TSDB due to their alleged screening

experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

---

[23] This RFA is RFA 27 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 26 with respect to the TSC Director

law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections—including but not limited to that both past and current watchlist status is subject to the privileges identified above—to this request, as well as the Court's entry of a protective order as to "information underlying watchlisting determinations," Dkt. No. 61, and decline to admit or deny.


***RFA 28 –      Admit that you never provided Plaintiff Anas Elhady notice of his placement on the federal watchlist.[24]***

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the

---

[24] This RFA is RFA 28 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 27 with respect to the TSC Director.

law enforcement privileges and the state secrets privilege, and Sensitive Security Information

protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications

to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017

(Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third,

and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their

remaining objections to this request—including but not limited to that both past and current

watchlist status is subject to the privileges identified above—and decline to admit or deny.


**RFAs With Respect to Plaintiff Osama Hussein Ahmed**

**_RFA 29 –      Admit that you accepted the nomination of Plaintiff Osama Hussein Ahmed to the federal watchlist._**[25]

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs

are not using a RFA appropriately to obtain admission of facts already known, but using a RFA

improperly as a discovery device.  TSC Defendants further object on grounds of relevance;

Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress

process available to persons who believe they are in the TSDB due to their alleged screening

experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

---

[25] This RFA is RFA 29 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 28 with respect to the TSC Director.

law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

*RFA 30 --        Admit that you never provided Plaintiff Osama Hussein Ahmed with notice of the factual basis for his placement on the federal watchlist.*[26]

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017

---

[26] This RFA is RFA 30 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 29 with respect to the TSC Director.

(Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFA 31 –**   *Admit that you never provided Plaintiff Osama Hussein Ahmed with notice of his placement on the federal watchlist.[27]*

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their

---

[27] This RFA is RFA 31 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 30 with respect to the TSC Director,

remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFAs With Respect to Plaintiff Ahmad Ibrahim Al Halabi**

*RFA 32 –      Admit that you accepted the nomination of Plaintiff Ahmad Ibrahim Al Halabi to the federal watchlist.[28]*

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[28] This RFA is RFA 32 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 31 with respect to the TSC Director.

***RFA 33 –*** *Admit that you never provided Plaintiff Ahmad Ibrahim Al Halabi with notice of the factual basis for his placement on the federal watchlist.*[29]

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[29] This RFA is RFA 33 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 32 with respect to the TSC Director.

***RFA 34 –***      ***Admit that you never provided Plaintiff Ahmad Ibrahim Al Halabi with notice of his placement on the federal watchlist.***[30]

**Objections:** TSC Defendants object on grounds of relevance. Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences. It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51). TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**<u>RFAs With Respect to Plaintiff Michael Edmund Coleman</u>**

---

[30] This RFA is RFA 34 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 33 with respect to the TSC Director.

**RFA 35 –** *Admit that you accepted the nomination of Plaintiff Michael Edmund Coleman to the federal watchlist.*[31]

**Objections:** Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device. TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences. It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51). TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFA 36 --** *Admit that you never provided Plaintiff Michael Edmund Coleman with notice of the factual basis for his placement on the federal watchlist.*[32]

---

[31] This RFA is RFA 35 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 34 with respect to the TSC Director.

[32] This RFA is RFA 36 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 35 with respect to the TSC Director.

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.


**RFA 37 –** *Admit that you never provided Plaintiff Michael Edmund Coleman with notice of his placement on the federal watchlist.*[33]

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process

---

[33] This RFA is RFA 37 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 36 with respect to the TSC Director.

available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.


**RFAs With Respect to Plaintiff Wael Hakmeh**

*RFA 38 –*     *Admit that you accepted the nomination of Plaintiff Wael Hakmeh to the federal watchlist.*[34]

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening

---

[34] This RFA is RFA 38 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 37 with respect to the TSC Director.

experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

law enforcement privileges and the state secrets privilege, and Sensitive Security Information

protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants

clarify that they withdraw the objection stated in the second and third sentences of the above

paragraph. TSC Defendants stand on their remaining objections to this request—including but

not limited to that both past and current watchlist status is subject to the privileges identified

above—and decline to admit or deny.


### RFA 39 --      Admit that you never provided Plaintiff Wael Hakmeh with notice of the factual basis for his placement on the federal watchlist. [35]

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to

this request without confirming or denying the Plaintiff's status with respect to the TSDB.

Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress

process available to persons who believe they are in the TSDB due to their alleged screening

experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

---

[35] This RFA is RFA 39 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 38 with respect to the TSC Director.

law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

*RFA 40 –*      *Admit that you never provided Plaintiff Wael Hakmeh with notice of his placement on the federal watchlist.*[36]

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

---

[36] This RFA is RFA 40 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 39 with respect to the TSC Director.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

## RFAs With Respect to Plaintiff Murat Frljuckic

*RFA 41 –      Admit that you accepted the nomination of Plaintiff Murat Frljuckic to the federal watchlist.[37]*

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

---

[37] This RFA is RFA 41 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 40 with respect to the TSC Director.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

***RFA 42-*** ***Admit that you never provided Plaintiff Murat Frljuckic with notice of the factual basis for his placement on the federal watchlist.***[38]

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their

---

[38] This RFA is RFA 42 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 41 with respect to the TSC Director.

remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFA 43 –** *Admit that you never provided Plaintiff Murat Frljuckic with notice of his placement on the federal watchlist.*[39]

**Objections:** TSC Defendants object on grounds of relevance. Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences. It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51). TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[39] This RFA is RFA 43 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 42 with respect to the TSC Director.

**RFAs With Respect to Plaintiff Adnan Khalil Shaout**

*RFA 44 –      Admit that you accepted the nomination of Plaintiff Adnan Khalil Shaout to the federal watchlist.[40]*

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[40] This RFA is RFA 44 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 43 with respect to the TSC Director.

**RFA 45 –**    ***Admit that you never provided Plaintiff Adnan Khalil Shaout with notice of the factual basis for his placement on the federal watchlist.***[41]

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFA 46 –**    ***Admit that you never provided Plaintiff Adnan Khalil Shaout with notice of his placement on the federal watchlist.***[42]

---

[41] This RFA is RFA 45 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 44 with respect to the TSC Director.
[42] This RFA is RFA 46 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 45 with respect to the TSC Director.

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFAs With Respect to Plaintiff Saleem Ali**

*RFA 47 –*      ***Admit that you accepted the nomination of Plaintiff Saleem Ali to the federal watchlist.***[43]

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA

---

[43] This RFA is RFA 47 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 46 with respect to the TSC Director.

improperly as a discovery device.  TSC Defendants further object on grounds of relevance;
Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress
process available to persons who believe they are in the TSDB due to their alleged screening
experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the
Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it
seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission
regarding the security of transportation, including but not limited to information subject to the
law enforcement privileges and the state secrets privilege, and Sensitive Security Information
protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants
clarify that they withdraw the objection stated in the second and third sentences of the above
paragraph. TSC Defendants stand on their remaining objections to this request—including but
not limited to that both past and current watchlist status is subject to the privileges identified
above—and decline to admit or deny.


*RFA 48 –      Admit that you never provided Plaintiff Saleem Ali with notice of the factual*
*basis for his placement on the federal watchlist.[44]*

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to
this request without confirming or denying the Plaintiff's status with respect to the TSDB.
Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress
process available to persons who believe they are in the TSDB due to their alleged screening
experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

---

[44] This RFA is RFA 48 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 47 with respect to the TSC Director.

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

law enforcement privileges and the state secrets privilege, and Sensitive Security Information

protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications

to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017

(Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third,

and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their

remaining objections to this request—including but not limited to that both past and current

watchlist status is subject to the privileges identified above—and decline to admit or deny.


*RFA 49 –*      *Admit that you never provided Plaintiff Saleem Ali with notice of his placement*

*on the federal watchlist.*[45]

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this

request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs'

actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process

available to persons who believe they are in the TSDB due to their alleged screening

experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the

Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it

seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission

regarding the security of transportation, including but not limited to information subject to the

---

[45] This RFA is RFA 49 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 48 with respect to the TSC Director.

law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.


**RFAs With Respect to Plaintiff Shahir Anwar**

*RFA 50 –     Admit that you accepted the nomination of Plaintiff Shahir Anwar to the federal watchlist.[46]*

**Objections:**  Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device.  TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the

---

[46] This RFA is RFA 50 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 49 with respect to the TSC Director.

law enforcement privileges and the state secrets privilege, and Sensitive Security Information
protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants
clarify that they withdraw the objection stated in the first, third, and fourth sentences of the
above paragraph. TSC Defendants stand on their remaining objections to this request—including
but not limited to that both past and current watchlist status is subject to the privileges identified
above—and decline to admit or deny.


**RFA 51 –**      ***Admit that you never provided Plaintiff Shahir Anwar with notice of the factual
basis for his placement on the federal watchlist.[47]***

**Objections:**  TSC Defendants object on grounds of relevance.  Defendants cannot respond to
this request without confirming or denying the Plaintiff's status with respect to the TSDB.
Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress
process available to persons who believe they are in the TSDB due to their alleged screening
experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the
Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it
seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission
regarding the security of transportation, including but not limited to information subject to the
law enforcement privileges and the state secrets privilege, and Sensitive Security Information
protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications
to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017

---

[47] This RFA is RFA 51 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is
RFA 50 with respect to the TSC Director.

(Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFA 52 –** *Admit that you never provided Plaintiff Shahir Anwar with notice of his placement on the federal watchlist.[48]*

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status. Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their

---

[48] This RFA is RFA 52 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 51 with respect to the TSC Director.

remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

**RFAs With Respect to Plaintiff Samir Anwar**

***RFA 53 –*** ***Admit that you accepted the nomination of Plaintiff Samir Anwar to the federal watchlist.[49]***

**Objections:** Plaintiffs do not know whether they are currently in the TSDB; therefore, Plaintiffs are not using a RFA appropriately to obtain admission of facts already known, but using a RFA improperly as a discovery device. TSC Defendants further object on grounds of relevance; Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences. It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51). TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: In light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the second and third sentences of the above paragraph. TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[49] This RFA is RFA 53 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 52 with respect to the TSC Director.

***RFA 54 –   Admit that you never provided Plaintiff Samir Anwar with notice of the factual basis for his placement on the federal watchlist.[50]***

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

---

[50] This RFA is RFA 54 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 53 with respect to the TSC Director.

**RFA 55 –      Admit that you never provided Plaintiff Samir Anwar with notice of his placement on the federal watchlist.[51]**

**Objections:** TSC Defendants object on grounds of relevance.  Defendants cannot respond to this request without confirming or denying the Plaintiff's status with respect to the TSDB. Plaintiffs' actual current or past TSDB status, if any, is irrelevant to the adequacy of the redress process available to persons who believe they are in the TSDB due to their alleged screening experiences.  It is also beyond the scope of proper discovery as proposed by Defendants in the Joint Discovery Plan (Dkt No. 51).  TSC Defendants further object to this request to the extent it seeks privileged information regarding the FBI's counterterrorism mission and TSA's mission regarding the security of transportation, including but not limited to information subject to the law enforcement privileges and the state secrets privilege, and Sensitive Security Information protected by statute.

**Response**: Admit to the extent that the TSC does not issue any notices or other communications to travelers regarding TSDB status.  Further, in light of the Court's ruling of October 27, 2017 (Dkt. No. 61), TSC Defendants clarify that they withdraw the objection stated in the first, third, and fourth sentences of the above paragraph. Otherwise, TSC Defendants stand on their remaining objections to this request—including but not limited to that both past and current watchlist status is subject to the privileges identified above—and decline to admit or deny.

Dated: December 22, 2017                        Respectfully submitted,

                                                DANA J. BOENTE
                                                United States Attorney

                                                CHAD READLER

---

[51] This RFA is RFA 55 with respect to the Principal Deputy Director and the Deputy Director for Operations; it is RFA 54 with respect to the TSC Director.

Assistant Attorney General, Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch


_____/s/_____
ANTONIA KONKOLY
Trial Attorney, Federal Programs Branch

AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email: amy.powell@usdoj.gov
            antonia.konkoly@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was sent via electronic mail to  Counsel

of Record in this case.

*/s/    Amy E. Powell*
AMY POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice  310
New Bern Avenue, Suite 800  Federal
Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

December 22, 2017