# Exhibit 13

```
                                                                 1
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division


------------------------------:
                              :
ANAS ELHADY, et al.,          :
             Plaintiffs,      :
                              :
     -vs-                     :     Case No. 1:16-cv-375
                              :
                              :
CHARLES H. KABLE, et al.,     :
             Defendants.      :
                              :
------------------------------:




                         HEARING ON MOTIONS

                         February 16, 2018

              Before:  John F. Anderson, Mag. Judge
```

APPEARANCES:

Gadeir I. Abbas, Counsel for the Plaintiffs

Amy Powell, Lauren A. Wetzler, Anthony J. Coppolino, and Antonia Konkoly, Counsel for the Defendants

1  things where I'm not -- I don't really think that's the right
2  topic for a 30(b)(6) deposition.  But I do think it's something
3  that the plaintiffs are entitled to know even during the
4  discovery phase.
5          So what I'm going to do is I'm going to give leave
6  for the plaintiff to serve one additional interrogatory that
7  asks a question somewhat like that.  And then, you know, a
8  written response can be prepared that outlines, or objects, or
9  whatever appropriate, but I don't think that's something that
10 needs to be done in a 30(b)(6) deposition.
11         All right.  You know, I've got one motion to
12 continue, and then I've got another joint motion for an
13 extension of the discovery deadlines.
14         You know, I do think it's appropriate to allow the
15 Groh deposition to be taken on March 1.
16         I am confused about the one that got filed last
17 night.  Who's going to address that?
18         MR. ABBAS:  I am happy to go first, or if you would
19 like to go first --
20         THE COURT:  All right.  I mean, this is -- first of
21 all, it's got different dates in it that, you know, you're
22 asking for.  I don't understand that.  I don't understand how
23 you anticipate this would impact the other timing in the case.
24         You know, you've got -- one part you say you want to
25 go until the 23rd.  Another part you say you want to go until

1   the 30th.
2           You know -- so what is it you're asking for and why?
3   And why do you think that -- and this would obviously be a
4   second extension of the discovery period -- is appropriate,
5   other than that the Groh deposition that I've already taken
6   care of?
7           MR. POWELL:  So to be clear, we're asking for the
8   23rd.  I realize the 30th was left in there in one place.  That
9   was a clerical error.  The parties agreed to change those at
10  the last minute.
11          The parties have a number of outstanding depositions
12  that we have not been able to schedule.  Defendants believe
13  that defendants have been diligent in attempting to schedule
14  plaintiffs' depositions since sometime last October.  And that
15  we have been landed with these new notices of depositions on
16  defendants at the last possible moment in discovery.
17          That said, we have agreed to make this joint motion
18  for an extension in order to get them done.
19          THE COURT:  So this is only for the depositions?  All
20  the written discovery issues are not being extended for any
21  period of time?  Okay.
22          MR. POWELL:  That's correct.
23          THE COURT:  We are under that -- so this is only, and
24  only for depositions that have currently been noticed?
25          MR. POWELL:  Yes.

1          THE COURT:  So we're not opening up discovery for --
2    other than the one interrogatory that I have mentioned here
3    today.  Written discovery ends on the current timetable that we
4    have talked about?
5          MR. POWELL:  That's correct.
6          THE COURT:  No new deposition notices can be sent.
7    So it's only those that have been noticed to date to be
8    rescheduled at a time that would be concluded no later than
9    March 23?  Is that -- is that --
10         MR. POWELL:  Yes.
11         MR. ABBAS:  Yes, Your Honor.
12         THE COURT:  -- what we're talking about here?  How
13   does that impact the parties' ability to go to the final
14   pretrial conference on March 15?
15         MR. POWELL:  Do you want to field that one?  Because
16   I don't know.
17         MR. ABBAS:  Sure.  Your Honor, the plaintiffs
18   anticipate filing for summary judgment, and believe that this
19   case is resolvable on the papers at summary judgment.
20         And so, it's -- there are -- the Government will be
21   serving discovery responses next week.  We have discovery
22   responses to serve next week as well.  I imagine that there
23   might be some additional conflicts that arise.
24         The hope I think between both parties is that the
25   30(b)(6) -- the 30(b)(6) depositions will narrow the scope of

1   the dispute for written discoveries.  But it would be difficult
2   to wrap up discovery -- you know, even if we take -- even if
3   Your Honor grants the extension, it will be difficult to, you
4   know, prepare summary judgment motions while we're conducting
5   the 30(b)(6) depositions in March and the rest of the
6   plaintiffs' depositions.
7           So I don't believe that there is any type of trial
8   date set, is there, Your Honor?
9           THE COURT:  Well, no.  But in -- I'll tell you what
10  I'm going to do, and I'm just going to cut to the chase because
11  I am not going to move the final pretrial conference.  I am
12  going to indicate that the parties will appear in front of
13  Judge Trenga for the final pretrial conference.  That the
14  26(a)(3) disclosures won't be due at the final pretrial
15  conference.  And a timing for having them due and any briefing
16  on dispositive motions will be discussed with the District
17  Judge at the final pretrial conference.
18          The one thing, and I'll tell you why I'm doing that.
19  Is I want Judge Trenga to be in a position to set a trial date.
20  And if I delay the final pretrial conference another month,
21  your trial date is going to be bumped down.  And given we're
22  down a couple of judge from what we were several months ago,
23  the trial dates are getting longer and longer, and I want you
24  to get in line in March to get your trial date, which will
25  probably be more in the May/June timeframe than what typically

1   would have been the April/May timeframe.

2   So I'm going to grant it with that understanding.
3   That, you know, it's only for the depositions that have been
4   noticed to be concluded by the earlier date -- I guess it was
5   the 23rd.  That the parties are still will be appearing at the
6   final pretrial conference.  But I am not going to require you
7   to do your list of witnesses and list of exhibits that you
8   typically would need to do at a final pretrial conference
9   because I think you will need to finish up the depositions to
10  make sure that you've got that taken care of.  Okay?

11  All right.  Anything else?

12  MS. POWELL:  One quick question.

13  THE COURT:  Yes, ma'am.

14  MS. POWELL:  Which is just that plaintiffs -- sorry.
15  Plaintiffs still anticipate filing their motion to compel.  To
16  the extent that comes and necessitates additional briefing or
17  production of documents thereafter, I suppose that could change
18  dates as well.

19  THE COURT:  Well, hopefully not.  I mean, if they
20  file it, they file it.  We decide it.  If I order documents
21  produced, I order documents produced.  If I don't, then, you
22  know, I don't.  But --

23  MS. POWELL:  Then --

24  THE COURT:  Obviously, when I say written discovery,
25  I mean, you know, there are no new interrogatories being

1  served.  There are no new document requests being served.

2  There are, you know, no -- that we're now -- we can fight over

3  what has been served, but we can't start serving new document

4  requests and things like that.  Okay?

5          MS. POWELL:  Okay.

6          THE COURT:  Thank you.

7          NOTE:  The hearing concluded at 11:51 a.m.

8          ---------------------------------------------------

9

10         C E R T I F I C A T E  of  T R A N S C R I P T I O N

11

12         I hereby certify that the foregoing is a true and

13  accurate transcript that was typed by me from the recording

14  provided by the court.  Any errors or omissions are due to the

15  inability of the undersigned to hear or understand said

16  recording.

17

18         Further, that I am neither counsel for, related to,

19  nor employed by any of the parties to the above-styled action,

20  and that I am not financially or otherwise interested in the

21  outcome of the above-styled action.

22

23                          /s/ Norman B. Linnell

24                          Norman B. Linnell

25                          Court Reporter - USDC/EDVA