# Exhibit 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Anas ELHADY, et al.,    ) <br>           ) <br>     Plaintiffs,    ) <br>           ) <br> v.           ) <br>           ) <br> CHARLES H. KABLE, et al.,  ) <br>           ) <br>     Defendants.    ) <br>           ) | **Case No. 1:16-cv-375 (AJT/JFA)** |

---

## DECLARATION OF JEFFERSON B. SESSIONS III, ATTORNEY GENERAL

I, JEFFERSON B. SESSIONS, III, hereby state and declare as follows:

1.      I am the Attorney General of the United States and head of the United States Department of Justice ("DOJ"), an Executive Department of the United States. *See* 28 U.S.C §§ 501, 503, 509. The purpose of this declaration is to assert, at the request of the Federal Bureau of Investigation ("FBI"), and in my capacity as Attorney General and head of DOJ, a formal claim of the state secrets privilege in order to protect the national security interests of the United States. The statements made herein are based on my personal knowledge, on information provided to me in my official capacity, and on my evaluation of that information. As Attorney General, I possess original classification authority under Section 1.3 of Executive Order (E.O. 13526) dated December 29, 2009. *See* 75 Fed. Reg. 707.

1

2.      In the course of my official duties, I have been informed that Plaintiffs are twenty-three U.S. citizens who allege that they have been placed in the Government's terrorist screening database ("TSDB") in violation of their Fifth Amendment procedural due process rights.  Specifically, Plaintiffs allege that they were placed in the TSDB without notice of the purported deprivation or an opportunity to respond, that their liberty interest in unrestricted travel is infringed when they are subjected to additional screening at airports and land border crossings, and that the Government disseminates their watchlist status to various federal, state, local and private entities, which, they allege, causes reputational and other harm.  I further understand that Plaintiffs have moved to compel the disclosure of documents and testimony that FBI has withheld in discovery on the basis of certain privileges, including the state secrets privilege.  For example, I am advised that Plaintiffs' motion to compel seek several categories of documents that contain foreign government and other sensitive national security watchlisting information, including documents containing classified information concerning TSDB watchlisting policies and inclusion standards, as well as policies and practices regarding nominations to the TSDB, dissemination of TSDB information, screening procedure for TSDB listees, redress documents, and documents related to TSDB effectiveness.  *See* Plaintiffs' Motion to Compel, Dkt. No. 139.

3.      As described further below, after personal consideration of the matter, I am formally asserting the state secrets privilege in this case in order to prevent the disclosure of certain foreign government and other sensitive national security watchlisting information that is subject to discovery and disclosure in this case.  In unclassified terms, my state secrets privilege assertion encompasses three categories of information described below.  These categories of information appear: in (1) documents concerning the sharing of watchlisting information

2

between and among the U.S. and foreign governments and the methods and procedures through which this national security information is shared; (2) documents and information that describe policies and procedures for how foreign partner information sharing occurs, and (3) documents containing the Government's watchlisting procedures, policies, and practices. The three categories of information over which I am asserting privilege are:

(1) **Foreign Government Information.**  Information contained in documents that could be used to identify certain countries with which the U.S. has information-sharing agreements concerning the terrorist watchlist and the terms of agreements associated with particular countries.

(2) **Other Sensitive National Security Information Pertaining to Information Sharing with Foreign Partners.**  Information that would reveal classified and sensitive details concerning the information sharing between the United States and foreign partners.

(3) **Other Sensitive National Security Watchlisting Information**.  Other classified information associated with watchlisting, including classified documents and classified portions of documents concerning watchlisting policies and procedures.

4.　　　These three categories of information are discussed in further detail in the classified Declaration of Michael McGarrity, Assistant Director of the FBI's Counterterrorism Division, which is available solely for the Court's *ex parte, in camera* review.  I have read and carefully considered the classified McGarrity Declaration.  After careful and actual personal consideration of the matter, I have concluded that disclosure of the categories of information described above and in more detail in the classified McGarrity declaration reasonably could be expected to cause significant harm to the national security, and I therefore formally assert the state secrets privilege over this information.

5.     First, I concur with the determination of the FBI that the disclosure of information about sensitive foreign government relationships, including in documents subject to the motion to compel, reasonably could be expected to cause significant harm to the national security by having a chilling effect on foreign government cooperation and assistance, jeopardize collaborative efforts with foreign governments, and lead to gaps in vital intelligence.  This determination extends to information that could identify the specific foreign governments with which the United States has information-sharing agreements, in the context of the specific terms of those agreements.  I concur with the FBI that the need to protect this identifying information includes where they reside in documents not marked or treated as classified, for the reasons explained by the FBI in the classified McGarrity declaration.

6.     Second, I agree with the judgment of the FBI that the disclosure of information, policies and procedures for how foreign partner information sharing occurs, including in documents subject to the motion to compel, could be expected to cause significant harm to the national security by suggesting possible points of infiltration for terrorist networks or adversaries to exploit and otherwise negatively impact foreign relations and have a chilling effect on the free flow of vital information to the United States intelligence and law enforcement agencies.

7.     Third, I agree with the judgment of the FBI that the disclosure of information about highly sensitive operational documents relating to watchlisting, including in documents subject to the motion to compel, reasonably could be expected to cause significant harm to the national security by enabling individuals and/or groups to employ countermeasures, evade detection and/or take steps to harm U.S. interests, and revealing classified investigative information obtained and created by the FBI, as well as sources and methods of investigation.

My assertion of the state secrets privilege is limited to the classified information in these documents, and I understand that the unclassified portions of these documents are the subject of a separate accompanying law enforcement privilege assertion by the FBI.

8.      Any further elaboration concerning the foregoing matters on the public record would reveal information that could cause the very harms my assertion of the state secrets privilege is intended to prevent.  Again, the classified McGarrity declaration, submitted for *ex parte, in camera* review, provides a more detailed explanation of the information over which I am asserting the privilege and the harms to national security that would result from disclosure of that information.

9.      On September 23, 2009, DOJ announced a new Executive Branch policy governing the assertion and defense of the state secrets privilege in litigation.  Under this policy, DOJ will defend an assertion of the state secrets privilege in litigation, and seek dismissal of a claim on that basis, only when necessary to protect against the risk of significant harm to national security.  *See* Exhibit 1 (State Secrets Policy), § 1(A).  The policy provides further that an application of a privilege assertion must be narrowly tailored and that dismissal be sought pursuant to the privilege assertion only when necessary to prevent significant harm to national security.  *Id.* § 1(B).  Moreover, "[t]he Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States Government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security."  *Id.* § 1(C).  The policy also establishes detailed procedures for review of a proposed assertion of the state

secrets privilege in a particular case.  *Id.* § 2.  Those procedures require submissions by the relevant Government departments or agencies specifying "(i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; [and] (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm."  *Id.* § 2(A).  Based on my personal consideration of the matter, I have determined that the requirements for an assertion and defense of the state secrets privilege have been met in this case in accord with the September 2009 State Secrets Policy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **23rd** day of April, 2018, in Washington, D.C.

_____

JEFFERSON B. SESSIONS III
ATTORNEY GENERAL OF THE UNITED
STATES

6