IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANAS ELHADY *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:16-cv-375 (AJT/JFA) |
| ) | |
| CHARLES H. KABLE, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

Plaintiffs have challenged on constitutional grounds their presumed placement in the Terrorist Screening Database ("TSDB") maintained by the Terrorism Screening Center ("the TSC"). Presently pending is Plaintiffs' First Motion to Compel [Doc. 139] ("the Motion"). In the Motion, Plaintiffs seek an Order compelling the Government to more fully answer Interrogatory Number 30 of its First Set of Interrogatories to Defendant Piehota, served on January 22, 2018, seeking information pertaining to the dissemination of or access to the TSDB to "private partners" and to produce certain documents withheld on the basis of various asserted privileges, including the law enforcement privilege and the state secrets privilege. The Court held a hearing on the Motion on September 28, 2018, following which it took the Motion under advisement.

Plaintiffs seek the withheld documents on the grounds that any privilege should be disregarded given their importance to the issues in the case, including those related to (1) the Government's inclusion standards for the Terrorism Screening Database ("TSDB"); (2) nomination procedures to the TSDB; (3) dissemination of TSDB information; (4) screening policies that utilize TSDB information; (5) redress policies for those listed in the TSDB; and (5)

1

audit reports and statistical reports related to the effectiveness of the TSDB. The Court has reviewed the withheld documents *in camera* and has considered not only the merits of the privileges asserted and their relevance to the outstanding constitutional issues to be decided but also Plaintiffs' need for these documents for the purposes of adjudicating the Plaintiffs' claims. Based on that review as well as all the facts and circumstances in the case, including the extent of discovery already provided, the Court's ability to consider the substance of those documents without further disclosure in adjudicating the Plaintiffs' claims, and the decisions already issued by this Court and others with respect to related issues pertaining to the No Fly List, the outstanding issues appear ripe for adjudication, without the need to disclose to the Plaintiffs the sought after documents, by way of cross motions for summary judgment, which will also allow the Court to better assess whether there are outstanding issues of material fact whose resolution justifies disclosure to the Plaintiffs of some or all of the documents Plaintiffs seek in the Motion. The Court will therefore deny the Motion without prejudice with respect to the documents listed on Defendants' privilege log.

By contrast, the Court concludes that Defendants should provide a further detailed, complete, and specific response to Plaintiffs' Interrogatory Number 30 and related questions at the TSC's Rule 30(b)(6) deposition.[1] That supplemental response shall be provided subject to the outstanding protective order and shall also be limited to "attorneys' eyes only." Any issues as to the scope or substance of the required response should be addressed expeditiously to the Magistrate Judge. Accordingly, it is hereby:

ORDERED that Plaintiffs' First Motion to Compel [Doc. 139] be, and the same hereby is, GRANTED to the extent that within 14 days of this order, Defendant the Terrorist Screening

---

[1] In its response to Interrogatory Number 30, the TSC asserted that it does not "directly" disseminate TSDB data to "for profit" entities but it has not identified any documents or information it possesses concerning indirect dissemination to such entities.

2

Center shall provide a supplemental answer to Plaintiffs' Interrogatory Number 30; and the Motion is otherwise DENIED without prejudice; and it is further

ORDERED that the parties shall file cross motions for summary judgment on or before Monday, February 4, 2019, with subsequent briefing in accordance with the Court's Local Rules, and that a hearing on any summary judgment motions filed shall take place on March 14, 2019 at 10 a.m.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
January 4, 2019