# EXHIBIT A

| From: | Healy, Christopher (CIV) |
|---|---|
| To: | Carolyn Homer; Gadeir Abbas |
| Cc: | Powell, Amy (CIV); Konkoly, Antonia (CIV); Roth, Dena M. (CIV) |
| Subject: | RE: Meet and Confer Request re Outstanding Rogg that Defendants Haven"t Answered |
| Date: | Friday, February 15, 2019 12:42:08 PM |

Carolyn and Gadeir—

I have gotten some information with respect to question 3(a) below.  The authority for treating TSDB information in the same manner as criminal records within NCIC comes from 28 CFR 20.20 ("…Use of information obtained from the FBI Identification Division [precursor to CJIS] or the FBI/NCIC system shall also be subject to limitations contained in subpart C [which contains 28 USC 20.33].")  Even though TSDB information is being moved into NCIC, it does not become a criminal record.  Instead, it is given the same protections and subject to the same restrictions as criminal records.

I hope this helps address your question.  I will continue to update if we get more information on the other topics.

--Christopher

**From:** Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>
**Sent:** Thursday, February 14, 2019 12:49 PM
**To:** Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Gadeir Abbas <gAbbas@cair.com>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Cc:** CAIR Legal Defense Fund <ldf@cair.com>; Carolyn Homer <cHomer@cair.com>
**Subject:** RE: Meet and Confer Request re Outstanding Rogg that Defendants Haven't Answered

Carolyn, Gadeir –

Thanks for the call today.  I agree that it seems unlikely that we are going to resolve these issues before Friday, and we are hopeful that the parties can continue meeting and conferring as necessary or helpful thereafter.  Below is a quick recap of our call for our records.   Please let me know if I have misremembered or misconstrued anything.

1.   With reference with the email you sent this morning, you asked TSC to respond to an interrogatory about legal authority.  As of the call, the only record I knew of was the email you forwarded, and our response, which made clear that, as of that time, no rog had been served; we were merely discussing "proposed" language and were all anticipating service of final language at some later date.  Any attempt to serve it now would be untimely.  Carolyn thought it was later served; I don't recall it or a response offhand, but I have not dug deeply into my files since we talked.  Please let me know what your records show.  If we missed something, definitely let me know.

2.   With respect to Mr. Shibly, you didn't share much description of what transpired, but said that he had a picture of an email that was supposedly sent to Panamanian authorities.  We also discussed whether it would make sense for all Plaintiffs to update their discovery responses with subsequent travel (and for CBP to update its TECS production) or whether

the parties wanted to just cut off the record on Plaintiffs' travel as of the end of discovery. That would be about last February – I would need to check records. Neither side committed but you wanted to know the Government's position on cutting off the record at some earlier point so as to avoid further document production (that you thought seemed unlikely to greatly change the record). We will discuss the matter further and get back to you – but to be clear, firmly believe that it would be improper for Plaintiffs to supplement as to Shibly only, especially where you have indicated that no other plaintiff has had any relevant travel issues in the past year (which, obviously, has the potential to bear strongly on their continued standing to seek injunctive relief). In other words, the same cut-off date must apply to all plaintiffs, regardless of where we land on what that date should be.

3.   With respect to Mr. DeSarno's deposition, we admitted error in this instance. He should have known about the (limited) private entities acting in support of CJAs and, frankly, we should have caught it sooner. I hope that the supplemental rog response clears that up, and we're not willing to submit to another deposition on a tangential issue, but we'll look into your questions, which were:

   a.   The rules cited in the rog response are about use of "criminal records." TSDB data is not a criminal record. Why do these apply to TSDB data?

   b.   How or why are university police and hospital security considered criminal justice agencies?

   c.   How do private entities apply for or receive ORIs?

I'll take this back to the agency; I suspect we can at least provide some help in pointing you to the right sections of the regs and statutes. And may be willing to provide supplemental answers.

4.   With respect to the private ORIs, we're not willing to provide the list of identities. As discussed, we think the response complies with the court order and provides all the information needed. We would be willing to provide the list ex parte list to the Court. You asked whether we would provide it under an attorneys-eyes-only order. I suspect not, but will check with the clients

5.   Additional information about indirect dissemination. We jumped around a lot here, and I'm not sure I have good notes on everything you mentioned, but the big picture, I think, was that you think TSC absolutely should be looking for information outside its possession and control as "leader of the WLAC" to report on other agencies' uses and authorities. We fundamentally disagree.  (Your theories about the unitary executive aside, I seriously doubt the court is going to order discovery of nondefendant agencies!) I'm still talking with the clients about whether there is something more TSC can say under these circumstances.

6.   With respect to the proposed extension, we indicated that we would not join a motion but would consent to a week (or some other reasonable time) if Plaintiffs prevailed on the motion to compel we are discussing. You asked for a week outright to focus on this motion, as well as additional time if Plaintiffs prevail. We'll talk about it internally – I'm doubtful, but I'll send you language to represent the Government's position tomorrow.

Amy Elizabeth Powell
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800

Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>
**Sent:** Thursday, February 14, 2019 10:42 AM
**To:** Gadeir Abbas <gAbbas@cair.com>; Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Cc:** CAIR Legal Defense Fund <ldf@cair.com>; Carolyn Homer <cHomer@cair.com>
**Subject:** RE: Meet and Confer Request re Outstanding Rogg that Defendants Haven't Answered

Gadeir and Carolyn –

Here's a conference line for our 11 call. Talk to you soon.

Toni

1-877-465-7975
15528433#

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Thursday, February 14, 2019 8:00 AM
**To:** Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Cc:** CAIR Legal Defense Fund <ldf@cair.com>
**Subject:** Meet and Confer Request re Outstanding Rogg that Defendants Haven't Answered

Amy,

I alluded to this item over the phone, but we didn't end up discussing it on our call on Monday.  But, because it may figure in our motion on Friday, I wanted to separately meet and confer about it.

If you recall, last February, Judge Anderson gave the plaintiffs leave to issue an interrogatory to the defendants about the various statutory authorities the defendants rely upon to participate in the watchlisting system in whatever ways the agencies do.  We gave you that interrogatory in the email below and asked for an expedited response so that the answer could be used in the depositions.  You all disagreed, but to date, you've never answered this interrogatory.

Defendants should answer this interrogatory.  To begin with, it certainly would narrow our dispute about what the remedy is for the FBI's breathtakingly inaccurate testimony.  The defendants' answer to that rogg will give us important information about what legal authorities defendants rely upon to disseminate TSDB information to more than 1,000 private entities.

And you all should not benefit from this falling through the cracks.  A court gave us leave to pose a question to defendants, we posed that question, and you all just never answered.

We're flexible on timeline but must insist that you answer the interrogatory issued.

Regardless, we'd like to meet and confer on this interrogatory sometime today so that we can, if necessary, raise the matter in tomorrow's motion.

Regards,

Gadeir Abbas, Esq.
**Senior Litigation Attorney**

logo-1359288842

453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
**www.cair.com**
*licensed in VA  not in DC - practice limited to federal matters*

---

**From:** Gadeir Abbas
**Sent:** Wednesday, February 21, 2018 4:53 PM
**To:** Powell, Amy (CIV); Roth, Dena M. (CIV); Healy, Christopher (CIV); Konkoly, Antonia (CIV)
**Cc:** Lena F. Masri, Esq.; Ahmed Mohamed; Jack Cooper
**Subject:** TSC Dep and Other Issues

Amy,

I hope all is well.  We had a few items we wanted to follow up on from  last week's hearing.

(1) Do you all want to do the TSC deposition in Vienna, VA at TSC's HQ?  We're willing to honor that per our prior agreement, but we'll express our preference for the DOJ space on Mass Ave where we've been doing the plaintiff deps.  Either way, let us know.

[**NOTE:** we do ask that you confirm the  same conditions we agreed to re the DHS TRIP dep-- conference call line, private room for legal team to confer, access to printing/copying if needed, at the defendant's place of business]

I also need the address so I can tell the stenographer and videographer and to update the notice.  I'm not sure TSC has a publicly disclosed address.  Maybe the address is SSI?

(2) History of TSC, TSDB, Selectee List Topic - Per Judge Anderson's direction to us to formulate a 30(b)(6) topic regarding the history and evolution of the TSC, TSDB, and Selectee List, we propose the following language:

"Information regarding the history and evolution of the TSC, TSDB, and the Selectee List-- including general, high-level information regarding the history and evolution of the TSDB and Selectee List's inclusion standards--including when and how those inclusions standards came to be and the amendments to them that loosened or tightened those standards--as well as significant organizational and operational developments regarding TSC, the TSDB, and the Selectee List."

We're open to your suggestions on the language of the topic, but I think this general, high-level topic captures what Judge Anderson determined would be appropriate for us at the 30b6.

(3) For Hakmeh's deposition, what's EDMI's availability for the remote dep?  We'll have Hakmeh pick a date that works for you all and EDMI.

(4) Amri's deposition.  I was thinking that we could get Amri in sometime during the 3/5 week. You all will have a lot of work to prepare for 30b6 depositions, so please let us know when you'd like to fit Amri's deposition in.  (Dena - I know I owe you the Amri-signed stipulation.  I'm working on it, but I think we'll just be waiting for a signature)

(5) Regarding the Moataz and Ali, we'll file their motion to do the deps by skype this Friday and notice for 3/2.  If you all would prefer noticing for 3/9, we're open to doing that to allow all of us to just focus on the TSC dep next week.

(6) Technical information - Judge Anderson's decision last week authorized us to ask questions about IT-related security protocols regarding TSDB access and the dissemination of TSDB information.  Do you all think we should agree to topic language that covers those technical

matters?  Is Groh going to be able to field these technical matters or will you all have another witness?

(7) Additional rogg - This is the text of the rogg we'll serve: ""Explain the legal authority that directed the defendants to create TSDB information, control access to TSDB information, disseminate TSDB information, and utilize TSDB information for any purpose."  We think it's reasonable to ask TSC to respond prior to its 3/1 deposition, even if its the day before.

Regards,

Gadeir Abbas, Esq.
**Senior Litigation Attorney**


logo-1359288842

453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
**www.cair.com**