# EXHIBIT E

UNCLASSIFIED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

_____
                                               )
ANAS ELHADY, et al.,                           )
                                               )
            Plaintiffs,                        )
                                               )
                v.                             )      Case No. 1:16-cv-375
                                               )
CHARLES H. KABLE, et al.                       )
                                               )
            Defendants.                        )
                                               )
_____                  )

**DECLARATION OF SCOTT A. RAGO**
**FEDERAL BUREAU OF INVESTIGATION**

I, Scott A. Rago, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am the Acting Deputy Assistant Director ("DAD") of the Operational Programs Branch

   ("OPB"), Criminal Justice Information Services Division, Federal Bureau of Investigation

   ("FBI"), United States Department of Justice ("DOJ").  Aside from my role as Acting DAD,

   I am the Section Chief of the Global Law Enforcement Support Section ("GLESS"), which is

   within OPB.  I was designated as the Section Chief of GLESS in January 2019.  Prior to that

   time, I had served as Section Chief of the Global Operations Section beginning in 2016.  I

   began my career as a Special Agent with the FBI in 2000.  As the Acting DAD of OPB, I

   oversee a number of the CJIS Division's programs and initiatives, including the National

   Crime Information Center ("NCIC"), a nationwide, computerized information system.

   Generally speaking, the function of the NCIC is to assist the criminal justice community by

   providing information to apprehend fugitives, locate missing persons, locate and return stolen

   property, and other similar actionable criminal justice objectives.

1

2.  I submit this declaration in support of Defendants' response to Plaintiffs' February 15, 2019

    motion to compel regarding the supplemental response to Interrogatory 30 directed to the

    Terrorist Screening Center (TSC). The DAD of OPB, Michael A. Christman, signed the

    supplemental response to Interrogatory 30 on behalf of the CJIS Division, as the response

    included information from the CJIS Division. The statements contained in this declaration

    are based upon my personal knowledge, upon information provided to me in my official

    capacity, and upon conclusions and determinations reached and made in accordance

    therewith.

3.  The supplemental response to Interrogatory 30 explained that a subset of Terrorist Screening

    Database ("TSDB") information is included in the Known or Suspected Terrorist ("KST")

    File in the NCIC. The supplemental response explained that certain private entities are

    authorized access to the NCIC in accordance with 28 U.S.C. § 534(e) and regulations in Title

    28 C.F.R., Part 20. The supplemental response explained that the private entities which are

    provided access pursuant to 28 C.F.R. Part 20 may only access the NCIC pursuant to an

    agreement with a governmental criminal justice agency ("CJA") or a noncriminal justice

    governmental agency performing criminal justice dispatching services or data

    processing/information services for governmental criminal justice agencies. The

    supplemental response explained that the private entity is, thus, providing services on behalf

    of or in support of a CJA.[1]

4.  The supplemental response also explained that the CJIS Division does not collect information

    as to which private entities with access to the NCIC KST File are "for-profit" (which was the

---

1. Thus, the private entity is provided access to the NCIC for the same reason that the
governmental criminal justice agency is provided access, namely, to enable the sharing of
information to assist criminal justice agencies in carrying out their missions.

question posed in Interrogatory 30) but that the types of non-governmental entities with access to the NCIC KST File are: private correctional facilities; private security services for governmental facilities and hospitals; companies providing criminal justice dispatching services or data processing/information services to governmental criminal justice agencies; private probation and pretrial services companies; private city attorneys; and other entities similarly performing criminal justice services.  The supplemental response also explained the restrictions and security requirements imposed on private entities which are given access to the NCIC.  The supplemental response also explained that there are currently 1441 Originating Agency Identifiers (ORIs) issued to private entities which allow access to NCIC, but that the number of private entities issued ORIs under these provisions is less than 1441 as in many cases multiple ORIs have been issued to the same entity.

5.  I am advised that during a meet and confer between counsel on February 14, 2019, Plaintiffs inquired as to the process for a private entity to apply for an ORI.  I am advised that on February 15, 2019, Defendants responded to Plaintiffs by explaining that a private entity applying for an ORI under 28 CFR § 20.33(a)(7), must submit the following information:

- A description of the criminal justice duties (as defined at 28 CFR § 20.3(b)) that the private entity will be performing on behalf of the governmental entity;

- A copy of the required contract between the governmental CJA and the private entity, including the contract's signature page(s).  The agreement must:

    o  Incorporate the CJIS Security Addendum;

    o  Specify the criminal justice services (as defined at 28 CFR § 20.3(b)) the private entity will be providing to the governmental CJA; and

3

> o Specify a representative from the CJA that will assume NCIC operational
> responsibility and agree to act as the Agency Coordinator ("AC"). The AC
> manages the agreement between the private entity and the governmental CJA.
> The tasks of the AC include responsibility for supervision and ensuring the
> integrity of the NCIC system by requiring training, continuing education, and
> certification testing of all personnel who have or will have access to the NCIC
> system.

6. I am advised that during the February 14, 2019 meet and confer, Plaintiffs also asked for
   clarification on the applicability of 28 C.F.R. § 20.33 to TSDB information, given that
   § 20.33 references "criminal history record information," and TSDB information does not fit
   that description. On February 15, 2019, Defendants advised Plaintiffs' counsel that the
   authority for treating TSDB information within the NCIC KST File in the same manner as
   criminal records within NCIC comes from 28 CFR 20.20 ("…Use of information obtained
   from the FBI Identification Division [precursor to CJIS] or the FBI/NCIC system shall also
   be subject to limitations contained in subpart C [which contains 28 USC 20.33].")

7. I am advised that in their Motion to Compel, Plaintiffs seek an order requiring the FBI to
   provide Plaintiffs' counsel with a list of the private entities with ORIs which provide access
   to the NCIC. The FBI has no objection to the Court reviewing such a list *ex parte* in camera
   if the court deems such a list relevant, but the FBI considers such a list to be sensitive law
   enforcement information subject to the law enforcement privilege. Therefore, the FBI
   respectfully objects to providing such a list to Plaintiffs' counsel. Such a list could serve as a
   roadmap of opportunities for someone seeking to access the NCIC for an improper purpose.
   Someone with that list could target personnel at the private entities with harassing inquiries

or phishing attempts for unauthorized access to NCIC information or target them for recruitment to misuse that access.[2]  Nefarious use of NCIC could allow someone to improperly determine if he or his accomplices are under investigation or have been listed in the KST File, and therefore, in the TSDB.  This information would tip off an investigative subject that he is the subject of law enforcement interest.  Because the NCIC contains sensitive information[3], the improper release of which could cause harm to federal, state and local law enforcement investigations and to national security interests, I have concluded that disclosure of such a list could be expected to risk circumvention of the law and cause harm to law enforcement and national security interests of the United States.

8.  I also want to clarify what it means to be provided access to the NCIC.  All users, whether law enforcement officers or employees of a private entity, access information in the NCIC files by entering biographic information, such as name, date of birth, or social security number.  (A search cannot be performed if only a name is entered.)  Thus, information in an NCIC file, such as the KST file, can only be accessed pursuant to a properly formed query on a specific individual.  If there is no information on that individual in a KST File, then the user would not be provided any information from the KST File.  Stated another way, access to the

---

2. While it is known that thousands of state and local police departments have NCIC access, the FBI's concern is that private entities with NCIC access might be perceived as better targets than governmental law enforcement agencies by someone seeking to obtain unauthorized access to NCIC information.

3. In addition to the KST, the NCIC includes 13 other person files, including: Supervised Release; National Sex Offender Registry; Foreign Fugitive; Immigration Violator; Missing Person; Protection Order; Unidentified Person; Protective Interest; Gang; Wanted Person; Identity Theft; Violent Person; and National Instant Criminal Background Check System (NICS) Denied Transaction. The NCIC also includes 7 property files containing records of stolen articles, boats, guns, license plates, parts, securities, and vehicles.  The system also contains images that can be associated with NCIC records to help agencies identify people and property items.

NCIC does not mean that the user is necessarily provided KST File information.

Furthermore, a user cannot perform broad searches, such as searches to look for groups of

people who are listed in the KST File, or to obtain a list of all individuals listed in the KST

File.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of February 2019.

Scott A. Rago
Section Chief
Global Law Enforcement Support Section
Operational Programs Branch
Criminal Justice Information Services Division
Federal Bureau of Investigation