**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANAS ELHADY,** *et al.,* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**CHARLES H. KABLE,** Director of the )<br>Terrorist Screening Center; in his official )<br>capacity, *et al.;* )<br>)<br>Defendants. ) | **Case No. 16-cv-00375**<br>**Hon. Anthony J. Trenga** |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

Plaintiffs, by and through the undersigned counsel, file their reply in support of their motion to compel—a document they pray will be the final discovery-regarding brief in this case. Nevertheless, an important issue has arisen for the very first time requiring the Court's resolution. The late-breaking development is the Defendants' new decision to assert, in their response for the very first time ever, the law enforcement privilege over the names of the private entities with access to TSDB information.

For years, Defendants denied that they disseminate TSDB information to private entities. Now, they assert a law enforcement privilege to keep the identities of those private entities a secret.

Plaintiffs challenge this privilege assertion and respectfully request that the court adjudicate it. Can the defendants claim a law enforcement privilege over the names of the 1,441 private entities with access to TSDB information? If they can, then the Court must decide whether the probative value of the actual names justifies disclosure. If the defendants cannot

1

claim a law enforcement privilege over the 1,441 names, the appropriate remedy is clear: the defendants must produce the names.

And the substance of the defendants' privilege assertion is not serious. Their explanation that the disclosure of the names would encourage "[n]efarious use of the NCIC" is puzzling and subtly suggests that their inability to securely control NCIC-based access to TSDB information is good reason to allow them to keep secret details about this aspect of the watchlisting system. It is a befuddling argument.

Judge Trenga's order directed the defendants to be specific. Defendants cannot satisfy their obligation to be specific if they generalize the types of private entities with access to TSDB information.

This is not a sensitive area. Some of the recipients are likely public companies. Dealings between the defendants and corporate members of the public must be disclosed to Plaintiffs and do not implicate any pending law enforcement investigation.

Plaintiffs want the names not out of mere curiosity—though, to be sure, counsel expects to be shocked if given the opportunity to know. But that is not why Plaintiffs want the names. Plaintiffs want the names of the 1,441 private entities so that they can understand Defendants' private sector dissemination practices. Of all the ways to remedy Defendants' failure to provide adequate information about its private sector dissemination practices throughout the discovery process, the names of those companies is what allows Plaintiffs to make their own assessment of the facts rather than rely on Defendants' often-misleading characterizations.

.

                                        Respectfully submitted,

                                        COUNCIL ON AMERICAN-ISLAMIC RELATIONS

BY:   /s/ Gadeir Abbas
GADEIR I. ABBAS (VA: 81161)*

LENA F. MASRI (P73461)
*Attorneys for Plaintiff*
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420

*Gadeir Abbas is licensed in VA, not in D.C.
Practice limited to federal matters.*

Dated: February 21, 2019

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court GRANT their Motion to Compel.

                Respectfully submitted,

                COUNCIL ON AMERICAN-ISLAMIC RELATIONS

                BY:    /s/ Lena Masri
                LENA F. MASRI (P73461)
                GADEIR I. ABBAS (VA: 81161)
                *Attorneys for Plaintiff*
                453 New Jersey Ave, SE
                Washington, DC 20003
                Phone: (202) 742-6420

                *Gadeir Abbas is licensed in VA, not in D.C. Practice limited to federal matters.*

                AKEEL & VALENTINE, PLLC

                BY:    /s/ Shereef Akeel
                SHEREEF H. AKEEL (P54345)
                *Attorney for Plaintiffs*
                888 W. Big Beaver Rd., Ste. 910
                Troy, MI 48084
                Phone: (248) 269-9595
                shereef@akeelvalentine.com

Dated: February 21, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2018, I electronically filed the foregoing by using the Court's ECF system. I further certify that all participants in the case are registered ECF users and will be electronically served by the Court's ECF notification system.

Respectfully submitted,

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS

BY:     /s/ Gadeir Abbas
LENA F. MASRI (P73461)
GADEIR I. ABBAS (VA: 81161)
*Attorneys for Plaintiff*
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420

*Gadeir Abbas is licensed in VA, not in D.C.
Practice limited to federal matters.*

AKEEL & VALENTINE, PLLC

BY:     /s/ Shereef Akeel
SHEREEF H. AKEEL (P54345)
*Attorney for Plaintiffs*
888 W. Big Beaver Rd., Ste. 910
Troy, MI 48084
Phone: (248) 269-9595
shereef@akeelvalentine.com

Dated: February 21, 2019