## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| ANAS ELHADY, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 1:16cv375 |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES KABLE, et al. | ) | |
| Defendants. | ) | |
| | ) | |

---

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING OF, AND DISPOSITION OF LAW ENFORCEMENT PRIVILEGED INFORMATION

On February 22, 2019, Magistrate Judge Anderson ordered that "[c]ounsel for plaintiffs shall have the opportunity to view the list of private entity names [in possession of an Originating Agency Identifier ("ORI")][1] at a government facility by Monday, February 25, 2019."  Dkt. No. 271. From the bench, Judge Anderson further ordered that only Plaintiffs' barred attorney representatives, admitted to this Court at least for purposes of this case, were permitted to view this list ("the List"); that Plaintiffs were not entitled to a copy of the list; and that any use of the information contained in this list was "[o]nly for the purposes of this litigation."  Hearing Tr., attached hereto as Defendants' Exhibit ("DEX") 1, p. 42-43.  In order to give meaning and clarity to these restrictions, Defendants now move for the entry of the attached Proposed Protective Order Governing Access to, Handling of, and Disposition of Law Enforcement Privileged Information (the "Proposed Protective Order") to provide further guidance about how information derived from the List may be used in litigation.

---

[1] An ORI is a multi-character alphanumeric identifier assigned by the National Crime Information Center ("NCIC") to an agency or entity in order to identify it in transactions on the NCIC System.

The Proposed Protective Order covers any information or documents that could tend to specifically identify entities on the List, including Plaintiffs' counsels' notes and any testimony, conversations, filings, or presentations by the Parties or their counsel that might tend to identify entities on the List.   Such information should be restricted to those permitted access by the Court and should not be filed or presented on the public record without leave of the Court.

## **PROCEDURUAL BACKGROUND**

On February 22, 2019, Magistrate Judge Anderson heard argument on Plaintiffs' Fifth Motion to Compel, which involved, *inter alia*, Plaintiffs' request that they be afforded a copy of the list of private entities with ORIs.[2]   *See* Dkt. No. 268.   In a sworn declaration by Scott A. Rago, the Acting Deputy Director ("DAD") of the Operational Programs Branch ("OPB"), Criminal Justice Information Services ("CJIS") Division, Federal Bureau of Investigation ("FBI"), Defendants invoked the law enforcement privilege over the List.   Dkt. No. 268-5 (Rago Decl.) ¶ 7.   As the Rago Declaration explained, were the List to be disclosed publically, it:

> could serve as a roadmap of opportunities for someone seeking to access the NCIC for an improper purpose.   Someone with that list could target personnel at the private entities with harassing inquiries or phishing attempts for unauthorized access to NCIC information or target them for recruitment to misuse that access. Nefarious use of NCIC could allow someone to improperly determine if he or his accomplices are under investigation or have been listed in the KST File, and therefore, in the TSDB.   This information would tip off an investigative subject that he is the subject of law enforcement interest.   Because the NCIC contains sensitive information, the improper release of which could cause harm to federal, state and local law enforcement investigations and to national security interests, I have concluded that disclosure of such a list could be expected to risk circumvention of the law and cause harm to law enforcement and national security interests of the United States.

---

[2] No private entity can receive an ORI unless it can demonstrate that it is either (a) an authorized railroad or college/university police department, pursuant to 28 U.S.C. § 534(e), or (b) is providing services on behalf of or in support of (i) a criminal justice agency (CJA), as set forth in 28 C.F.R. § 20.3(b)(7), or (ii) a noncriminal justice agency performing criminal justice dispatching functions or data processing/information services for CJAs, as set forth in 28 C.F.R. § 20.3(b)(6), and submits the required documentation demonstrating its eligibility.   *See* Dkt. No. 262-2 (Defendant Terrorist Screening Center's ("TSC")'s Supplemental Response to Interrogatory 30).

*Id.*; *see also id.* at p. 5 fn. 2 (further stating that "[w]hile it is known that thousands of state and local police departments have NCIC access, the FBI's concern is that private entities with NCIC access might be perceived as better targets than governmental law enforcement agencies by someone seeking to obtain unauthorized access to NCIC information").

In recognition of the law enforcement sensitive information contained in the List (and thus, the validity of Defendants' privilege assertion), Magistrate Judge Anderson granted Plaintiffs' request respecting the List only in part.  He ordered that Plaintiffs' counsel—and Plaintiffs' counsel only— be provided an opportunity to view the List, at a government facility, in order "to be able to . . . assure yourself that the categories that have been laid out in the supplemental answer to interrogatories are consistent with what have been indicated here today." Tr. p. 42-43.  He further instructed that Plaintiffs' counsel were neither entitled to a copy of the List, nor permitted themselves to copy the List, and that any information they learned from their viewing "can only be used for the purposes of this litigation." *Id.*  On February 25, 2019, Magistrate Judge Anderson issued a further Order affirming that Plaintiffs' counsel were to be afforded access to the List only for purposes of

> determin[ing] if defendants' representations concerning the categories of the entities contained on [the List] are accurate.  The court specifically indicated that plaintiffs' counsel would not be provided with a copy of [the List].  To allow plaintiffs' counsel to take notes that would include the specific entities on [the List] would circumvent the intent of the court's order.  Accordingly, during viewing of [the List], plaintiffs' counsel may not take notes that reproduce the names of the entities on [the List].

Dkt. No. 274.

Beginning on the afternoon of February 22, 2019, the parties conferred at length regarding the arrangements and conditions for the Court-ordered viewing.  *See* DEX 2, DEX 3, DEX 4, DEX 5.  As relevant to the instant filing, Defendants sent Plaintiffs a proposed protective order substantially similar to one requested here, stating that "[i]n light of the Magistrate's order that the List be restricted to viewing by Plaintiffs' counsel of record, with no copies permissible, we thought

it would be useful for both parties to clarify the scope of that verbal protective order and how plaintiffs' counsel may use the information gleaned." DEX 2.[3]  In broad terms, Defendants proposed that law enforcement privileged information derived from the List should also be treated as attorneys eyes only, that if either party were to seek to use any law enforcement privileged information derived from the List in the course of this litigation, any written filings containing such information be filed under seal, and that any court hearings in which such information will be discussed be closed.  Defendants' proposed order further contained terms prohibiting Plaintiffs' counsel from disclosing, in any manner, any law enforcement sensitive information they learned in the course of their viewings, and requiring the destruction of any law enforcement sensitive information remaining in Plaintiffs' possession at the conclusion of this litigation.

In response to Defendants' proposal, Plaintiffs initially stated that they "agree[d] that it is important for the parties to establish clear expectations." DEX 2.  However, on February 23, after reviewing the Proposed Protective Order, Plaintiffs stated, categorically, that they would not agree to the proposed terms.  *Id.*  Plaintiffs did not counter-propose any specific alternative terms.  *Id.*  In subsequent attempts by Defendants to further confer regarding appropriate terms for a protective order that would commemorate that agreed upon (if generalized) condition, Plaintiffs agreed generally to treat information derived from the List as attorneys eyes only, but continued to state their opposition to Defendants' Proposed Protective Order, without offering any alternative terms for negotiation.  *See* DEX 3, DEX 4, DEX 5.

---

[3] The Proposed Protective Order has been edited from the first proposal for stylistic reasons and also for three substantive reasons: (1) to account for the fact that the viewing has already occurred; (2) to more precisely define the protected information; and (3) to permit the Parties to address the potential need for courtroom closure at a future date.

**ARGUMENT**

Defendants respectfully request that the Court enter the attached Proposed Protective Order.  For the reasons set forth below, the Proposed Protective Order is wholly consistent with, and necessary to give both meaning and clarity to, the Court's February 22 and 25 Orders.

Requirement to file any law enforcement sensitive information under seal.  First, the Proposed Protective Order's requirement that any party that seeks to make use of any law enforcement sensitive information in the course of this litigation file any written filings containing such information under seal,  is wholly consistent with the Court's February 22 and 25 Orders.  In imposing the viewing restrictions discussed above, Magistrate Judge Anderson recognized the validity of the harms that Defendants explained could result, were the List to be made public, either in whole or in part.  Any disclosure of the law enforcement sensitive information that Plaintiffs' counsel learned through their viewings of the List on the public docket—or in open court proceedings—would directly open the door to those harms, and vitiate, or at minimum substantially undermine, the sensible restrictions that the Court has already imposed.[4]

Indeed, in the course of the parties' discussions, Plaintiffs have themselves on several occasions stated their agreement with at least the broad principle that any such information must be filed under seal, pursuant to this Court's Local Rules governing procedures for the same.  *See* DEX 3 (email stating that before they could provide access to the List, Defendants required Plaintiffs to

---

[4] Although the Court expressly prohibited Plaintiffs' counsel from writing down the names of entities from the List, Plaintiffs' counsel's notes—and what defense counsel understand to be Plaintiffs' anticipated filings—may contain information about the content of the List that would be law enforcement sensitive because it could be used to deduce the names of entities on the List.  The Proposed Protective Order is intended to cover only information that may tend to specifically identify such entities.  Defendants do not believe such information is necessary to resolve any of the issues before the Court, and have provided substantial public record information about the entities on the List generally.  But to the extent Plaintiffs intend to use such information, there should be an order in place specifically preventing its disclosure.

5

agree that, *inter alia*, "[i]f Plaintiffs wish to rely on the information gleaned in this litigation, any such information must be filed under seal"; response from Plaintiffs indicating that a different issue was the only "area of disagreement that persists."). Thus, the Proposed Protective Order both fulfills and ensures compliance with the Court's February 22 and 25 Orders by allowing Plaintiffs to use information they learned from their counsels' viewings in order to attempt to support their claims, but only under seal.

The proposed order is also consistent with the order of the District Court dated January 4, 2019, which contemplated that the response regarding "for profit entities" might implicate privileged information and directed that such a response "shall be provided subject to the outstanding protective order and shall also be limited to attorneys' eyes only." Dkt. 258. At the time, there was no outstanding protective order governing privileged information, but the Court clearly contemplated that the kind of information at issue could be appropriately produced pursuant to the terms of a protective order. Defendants are now proposing one.

Destruction of any law enforcement sensitive information in Plaintiffs' possession at the conclusion of the litigation. Plaintiffs objected to the provision in the proposed order that requires Plaintiffs' counsel to destroy any law enforcement sensitive information in their possession at the conclusion of this litigation. This requirement straightforwardly fulfills the Court's express instruction that this information be used "[o]nly for the purposes of this litigation." Tr. p. 42-43.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court enter the attached Proposed Protective Order.

Dated: March 1, 2019                    Respectfully submitted,

                                       G. ZACHARY TERWILLIGER
                                       United States Attorney

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

AMY POWELL
DENA M. ROTH
ANTONIA KONKOLY
CHRISTOPHER HEALY
Trial Attorneys, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7324
Washington, DC 20530
Tel: (202) 514-2395
amy.powell@usdoj.gov
dena.m.roth@usdoj.gov
antonia.konkoly@usdoj.gov
christopher.healy@usdoj.gov


/s/ Lauren A. Wetzler
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Ave.,
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2019, I filed the foregoing via the CM/ECF system, which

will send a Notification of Electronic Filing to all counsel of record.

<u>/s/ *Lauren A. Wetzler*</u>
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Ave.,
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov