# EXHIBIT 5

| | |
|---|---|
| **From:** | Powell, Amy (CIV) |
| **To:** | "Gadeir Abbas"; Konkoly, Antonia (CIV); Roth, Dena M. (CIV); "Carolyn Homer"; "Lena F. Masri, Esq." |
| **Cc:** | Healy, Christopher (CIV) |
| **Subject:** | RE: Elhady - order on ORI list |
| **Date:** | Wednesday, February 27, 2019 11:54:00 AM |

Gadeir:

A quick note on the three follow-up items mentioned below:

Plaintiffs made 3 other specific requests that I said I would take back to clients:

(1) for another viewing so that Shareef Akeel could view the documents on another day; and

<span style="color:red">We're tried hard to accommodate your schedule, but I think the additional 6 hours today is more than sufficient, and that it is not necessary to arrange yet another viewing, especially given that Mr. Akeel has not been otherwise involved in discovery at all.</span>

(2) whether the proposed PO can be modified so as to not require destruction of their notes (unlikely we will agree to this); and

<span style="color:red">We think this is important part of the order (and, indeed, is implicitly contemplated by the court's restriction that the AEO information may be used in this litigation only). Accordingly, when this litigation is finally over, we think the information in Plaintiffs' counsel's possession should be destroyed, as it may not be used for any other purpose.</span>

(3) whether your attorneys can write down information from specific websites of entities that they google in the office (not names or abbreviations or specific identifying information – just general descriptions). <span style="color:red">I think this is okay as long as we are clear that the written information should not include specifically identifying information (no names, addresses, or specific descriptions that would be connected to a specific entity - made up example - "global university with renowned Buddhist tea pot department in XYZ town" ) but could include general descriptions (""hospital security service" or "dispatching company" or "campus police" or "telecommunications company").</span>

I hope this helps! And (at least slightly) narrows the area of our disagreement.

Amy Elizabeth Powell
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

---

**From:** Powell, Amy (CIV)
**Sent:** Wednesday, February 27, 2019 10:01 AM
**To:** 'Gadeir Abbas' <gAbbas@cair.com>; Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Carolyn Homer <cHomer@cair.com>; Lena F. Masri, Esq. <lmasri@cair.com>
**Cc:** Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>

**Subject:** RE: Elhady - order on ORI list

A quick recap of our call:

Plaintiffs expressed their opinion that the list is consistent with Groh's description of it, and intend to get that before the Court somehow. I noted that we disagree and that we are still in the process of answering Plaintiffs' questions about the entities. (As discussed, it is the Government's position that the list is entirely consistent, and it seems like Plaintiffs cannot rationally conclude that it is not without even waiting for answers to its questions, which we are working on). I asked what kind of relief Plaintiffs intended to seek and you were not sure yet (although you would like for the list to just be public)

You expressed frustration with how to get your issues before the Court and you don't think the proposed PO allows it.. Plaintiffs suggested various ideas, including allowing them to print out websites associated with the entities on the list (but that would involve taking with you a writing of the names); permission to file the websites or a record of some kind on the court docket (same problem); actually filing a copy of the list under seal (same problem and then some). We are not going to agree, I think, to any loosening of the current protective or lifting of the Court's order. Plaintiffs do not currently plan on identifying entities by name in their Friday filing, and did agree that any discussion of the content of the list (beyond what it is already public or in our supplement) should be under seal.

We then circled back around to the proposed protective order, which Plaintiffs do not agree to. You are considering whether to propose some lifting/loosening of the court's current order and agree that for now everything should be under seal. We plan on proposing the protective order we sent you previously, as soon as Friday, but we are open to discussion about its contents and how/when to propose. It seems like we are likely to propose competing protective orders to the Court on Friday?

Plaintiffs made 3 other specific requests that I said I would take back to clients: (1) for another viewing so that Shareef Akeel could view the documents on another day; and (2) whether the proposed PO can be modified so as to not require destruction of their notes (unlikely we will agree to this); and (3) whether your attorneys can write down information from specific websites of entities that they google in the office (not names or abbreviations or specific identifying information – just general descriptions). Let me know if I missed anything you specifically want me to take back to clients or discuss further.


Amy Elizabeth Powell
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Wednesday, February 27, 2019 9:08 AM
**To:** Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Carolyn Homer <cHomer@cair.com>; Lena F. Masri, Esq. <lmasri@cair.com>; Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>
**Cc:** Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Subject:** Re: Elhady - order on ORI list

Perfect

Get Outlook for Android

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Wednesday, February 27, 2019 9:04:55 AM
**To:** Gadeir Abbas; Konkoly, Antonia (CIV); Roth, Dena M. (CIV); Carolyn Homer; Lena F. Masri, Esq.
**Cc:** Healy, Christopher (CIV)
**Subject:** RE: Elhady - order on ORI list

Dena and I can call you now – we'll try you in just a few.

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Wednesday, February 27, 2019 9:01 AM
**To:** Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>; Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Carolyn Homer <cHomer@cair.com>; Lena F. Masri, Esq. <lmasri@cair.com>
**Cc:** Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Subject:** Re: Elhady - order on ORI list

Amy - I just called you.  When are you available to speak?

Gadeir Abbas, Esq.
**Senior Litigation Attorney**

logo-1359288842

453 New Jersey Ave, SE
Washington, DC 20003

Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
[www.cair.com](www.cair.com)
*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Wednesday, February 27, 2019 7:27:20 AM
**To:** Gadeir Abbas; Konkoly, Antonia (CIV); Roth, Dena M. (CIV); Carolyn Homer; Lena F. Masri, Esq.
**Cc:** Healy, Christopher (CIV)
**Subject:** RE: Elhady - order on ORI list

Thanks for responding.  As we previously discussed, and as I think you agree, the Court's order makes this information "attorneys eyes only" and permits "use in litigation" but does not specify how that use might be accomplished.  This proposal does specify– under seal, pursuant to the Court's attorneys-eyes-only protective order, which we understood you previously to agree was the appropriate way to proceed.  It seems like you also want clarity about how to do that?  If you have edits to the order, please feel free to propose.  The rest of this is mostly just standard language that we would put in any written protective order but we are open to your suggestions if you think it goes "beyond" the court's order in some way?  Our impression is that pretty much everything in here is already required by the Court order other than the specific use-in-litigation provisions.  If you disagree, we probably need to discuss why.  I am happy to chat anytime today.

Amy

Amy Elizabeth Powell
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Wednesday, February 27, 2019 7:42 AM
**To:** Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Carolyn Homer <cHomer@cair.com>; Lena F. Masri, Esq. <lmasri@cair.com>
**Cc:** Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>; Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Subject:** Re: Elhady - order on ORI list

Toni,

Your proposed protective order goes way beyond what Judge Anderson ordered. What's insufficient about the judge's order?

Regardless, we are eager to discuss various issues related to handling information regarding the private entity list. Certainly, information gleaned from this list will figure prominently in our summary judgment filings as well as in filings related to defendants' compliance with Judge Trenga's orders. It'll be best for everyone if we establish expectations for how AEO material will get presented to the court.

We're available to meet and confer anytime today.

Regards,

Gadeir Abbas, Esq.
**Senior Litigation Attorney**



logo-1359288842

453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
www.cair.com
*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Konkoly, Antonia (CIV) <Antonia.Konkoly@usdoj.gov>
**Sent:** Tuesday, February 26, 2019 10:21:43 PM
**To:** Gadeir Abbas; Roth, Dena M. (CIV); Carolyn Homer; Lena F. Masri, Esq.
**Cc:** Powell, Amy (CIV); Healy, Christopher (CIV)
**Subject:** RE: Elhady - order on ORI list

Gadeir –

As we have mentioned at various points, defendants believe it is important to have clear rules in place governing the use of any information plaintiffs learn through their viewing of the ORI list. You have agreed with the principle that "clear expectations" are necessary, and on our Monday morning call, we understood you to represent that you were at least broadly in agreement with the terms we proposed in the attached protective order (excepting the issue about the writing down of entity names, that has since been resolved).

Accordingly, I am re-forwarding our proposed PO for your (re)consideration. We are open to discussion, but if we cannot come to an agreement in the next few days, we'll need to file a motion

on Friday in order to have the motion heard, and a PO entered, before the SJ briefs come due. We'd appreciate your prompt attention to this matter, and add this to list of topics we need to discuss tomorrow.

Thanks,
Toni

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Friday, February 22, 2019 5:40 PM
**To:** Roth, Dena M. (CIV) <droth@CIV.USDOJ.GOV>; Carolyn Homer <cHomer@cair.com>; Lena F. Masri, Esq. <lmasri@cair.com>
**Cc:** Powell, Amy (CIV) <apowell@CIV.USDOJ.GOV>; Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>; Healy, Christopher (CIV) <chhealy@CIV.USDOJ.GOV>
**Subject:** Re: Elhady - order on ORI list

Thanks Dena.

We'll get back to you tomorrow after we've had a chance to consider your proposal. But we agree that it is important for the parties to establish clear expectations.

Gadeir Abbas, Esq.
**Senior Litigation Attorney**



453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
www.cair.com
*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Roth, Dena M. (CIV) <Dena.M.Roth@usdoj.gov>
**Sent:** Friday, February 22, 2019 4:36:52 PM
**To:** Gadeir Abbas; Carolyn Homer; Lena F. Masri, Esq.
**Cc:** Powell, Amy (CIV); Konkoly, Antonia (CIV); Healy, Christopher (CIV)
**Subject:** Elhady - order on ORI list

Gadeir –

In light of the Magistrate's order that the ORI List be restricted to viewing by Plaintiffs' counsel of record, with no copies permissible, we thought it would be useful for both parties to clarify the scope of that verbal protective order and how plaintiffs' counsel may use the information gleaned.

We were hoping we could just agree on some language to propose to the Court.  Here's a draft – we're happy to discuss but we would love to get this on the docket ASAP for the Court's consideration.

Re: logistics – please advise if you are able to come to our offices at 1100 L Street NW in the afternoon on Monday, who will be coming, and what times work best for you.

(I will be offline the rest of the day today through tomorrow, so please reply all to the group)

Dena


Dena M. Roth
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Ph: 202-514-5108
dena.m.roth@usdoj.gov