# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ANAS ELHADY,** *et al.*, | ) | |
| | ) | **Case No. 16-cv-00375** |
| Plaintiffs, | ) | **Hon. Anthony J. Trenga** |
| | ) | **Hon. Mag. John F. Anderson** |
| | ) | |
| v. | ) | RE-FILED PUBLICLY PURSUANT |
| | ) | TO COURT ORDER (Dkt. 295) |
| **CHARLES H. KABLE,** Director of the | ) | |
| Terrorist Screening Center; in his official | ) | |
| capacity, *et al.;* | ) | |
| | ) | |
| Defendants. | ) | |

_____

## PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S FEBRUARY 22 ORDER AND FOR REMEDIAL DISCOVERY MEASURES IN LIGHT OF DEFENDANTS' PRIVATE DISSEMINATION PRACTICES

Pursuant to Fed R. Civ. P 37(a)(3)(B) and E.D. Va. L.R. 37, Plaintiffs hereby move to compel Defendants to comply with Judge Anderson's February 22, 2019 order directing Plaintiffs' counsel to "have the opportunity to view the list of private entity names at a government facility." *See* Dkt. 271.  Additionally, Plaintiffs respectfully request that the Court compel the Defendants to provide Plaintiffs remedial discovery to fairly deal with the late-breaking revelation of facts with dispositive potential. The probative value of the federal government's private dissemination of facts warrants it.  And Defendants' ongoing efforts to mislead—whether deliberately or simply out of an inability to accurately and fully fess up to what they all have been doing in secret—make remedial discovery the appropriate way to resolve this difficult situation.  Counsel for all parties have conferred— and will continue to confer—but Defendants oppose this motion.

1

## ARGUMENT

The Court's February 22, 2019 order was intended to compel the Defendants' compliance with Judge Trenga's order that Defendants provide to "provide a further detailed, complete, and specific response to Plaintiffs' Interrogatory Number 30 and related questions at the TSC's Rule 30(b)(6) deposition." Doc. 258.  Part of that order was logistical: Judge Anderson ordered Defendants to provide "[c]ounsel for plaintiffs…the opportunity to view the list of private entity names at a government facility by Monday, February 25, 2019." Dkt. 271.  The other part of the order was substantive: Judge Anderson ordered the attorneys' eyes only viewing so that Plaintiffs' counsel will be able to "assure yourself that the categories that have been laid out in the supplemental answer…are consistent with what have been indicated here today."  Notice of Filing Under Seal Ex. A – Public February 22nd Hearing Transcript at 43.  The Court directed Plaintiffs to bring to Judge Anderson's attention any "issues that [the Court] need[s] to address.  *Id.* at 42.

Defendants have partially complied with Judge Anderson's order. Gadeir Abbas viewed the documents on February 25th and Lena Masri and Carolyn Homer viewed the documents on February 27th.  Shereef Akeel, who is based in Michigan, was available to travel to view the documents on February 28th or on a mutually agreeable day as soon after as possible.  Counsel for the Defendants, however, objected—arguing that Shereef[1] is not a core part of Plaintiffs' legal team.  He is, and Plaintiffs must insist—irrespective of the

---

[1] Shereef is now and has always been a critical part of Plaintiffs' legal team.  Shereef Akeel is admitted to practice in this case, and he has been a part of this legal team for years—ever since before this lawsuit was filed.  He is also the most senior lawyer on Plaintiffs' legal team, with a long track record of litigating some of the most difficult and protracted kinds of civil rights and constitutional cases.  We need him, and Defendants' should not exclude a key member of Plaintiffs' legal team from the document review.

inconvenience to Defendants' counsel—that Shereef Akeel be given an opportunity to view the list.

Defendants have also made clear in the meet-and-confer process that they will be providing meaningful additional information about their private dissemination practices. Plaintiffs expect that Defendants' supplement will narrow the dispute, though based on correspondence and discussions with opposing counsel, the supplement will leave substantial issues left for this Court to resolve.

Those issues include the most basic one: whether Defendants continue to mislead the Court about their private dissemination practices. The list of private entities with access to the federal government's vaunted terrorist watchlist—a program for which they have repeatedly invoked the state secrets privilege—indicates that **the terrorist watchlist is available to individual people, possibly from their personal devices in the comforts of their living rooms**. The list includes a church. It includes a perplexing number of animal shelters, advocacy-oriented 501(c)(3) entities, a veterans-oriented foundation, a broad band company, an investment company, a steel mill, publicly-traded companies which were purchased by other publicly-traded companies, private investigative firms, and some entries suggest that universities—not just their police departments—have access to TSDB information. It's an alarming group of entities, and if Plaintiffs had received information about it when they should have, it would have fundamentally altered the course of discovery in this case.

Because the Defendants' absolutely recklessness approach to dissemination is potentially dispositive, Plaintiffs propose a set of remedial discovery measures to put a reasonably detailed, complete, and specific description of these dissemination practices

into the summary judgment briefing.  Plaintiffs have proposed an exhaustive set of issues

that, in our view, would need to be addressed in order to comply with Judge Trenga's

orders.  These measures include the following:

(1) Defendants commitment to reducing all information they prepared and vetted about the private dissemination list, executive-level information about private dissemination practices, and individual entries on that list to an admissible form, though that information would remain AEO;

(2) Blank ORI application, or if more than one is in use, all blank ORI applications;

(3) Basic statistics regarding the number of ORI applications received, accepted, rejected, and modified;

(4) Boilerplate government contracts Defendants use with ORI's, as well as 10 executed contracts regarding ORI's that, in Plaintiffs' view, are of top-tier concern;

(5) A log of every ORI's signed acknowledgment form that Defendants assert establishes meaningful and effective limits on access and us of TSDB information;

(6) Executive-level information regarding what Defendants know about whether any rules that may exist on access and use of TSDB information are followed

Complying with these remedial discovery measures would not be burdensome for

the federal government.  Plaintiffs would not propose any alteration of the briefing

schedule, and could insert the additional discovery into its response motion.  And the

remedial discovery measures are particularly appropriate here, in order to address a

startling pattern of obfuscation and withholding that—whether intentionally or by

inexcusable accident—shield a potentially dispositive fact from the plaintiffs: Defendants

share their list with anyone or anything that asks.

**CONCLUSION**

While Plaintiffs will file, after Defendants make their supplement available, a more detailed accounting of the remedial discovery measures that it respectfully requests this Court impose, Plaintiffs respectfully request an *in camera* hearing where counsel for all parties and the Court have the private entities list in front of them.

Respectfully submitted,

COUNCIL ON AMERICAN-ISLAMIC RELATIONS

BY:       /s/ Gadeir Abbas
LENA F. MASRI (DC 1000019) (pro hac vice)
GADEIR I. ABBAS (VA 81161)*
CAROLYN M. HOMER (DC 1049145) (pro hac vice)
*Attorneys for Plaintiffs*
453 New Jersey Ave, SE
Washington, DC 20003
          Phone: (202) 742-6420

*Gadeir Abbas is licensed in VA, not in D.C.  Practice limited to federal matters.*

AKEEL & VALENTINE, PLLC
SHEREEF H. AKEEL (P54345)
888 W. Big Beaver Rd., Ste. 910
Troy, MI 48084
Phone: (248) 269-9595
shereef@akeelvalentine.com

Dated: March 1, 2019 (refiled March 8, 2019 per Court Order)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, I electronically filed the foregoing by using the

Court's ECF system.  I certify that all counsel will receive copies through the ECF system.


Respectfully submitted,

/s/ Gadeir I. Abbas

Dated: March 8, 2019