# Exhibit 53

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

_____
                                    )
ANAS ELHADY, et al.,                )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      )   Case No. 1:16-cv-375
                                    )
CHARLES H. KABLE, et al.            )
                                    )
        Defendants.                 )
                                    )
_____)

**DECLARATION OF ROBIN A. STARK-NUTTER**
**FEDERAL BUREAU OF INVESTIGATION**

1. I, Robin A. Stark-Nutter, hereby declare as follows, pursuant to 28 U.S.C. § 1746: I am the Section Chief of the National Instant Criminal Background Check System (NICS) Section, Criminal Justice Information Services ("CJIS") Division, Federal Bureau of Investigation ("FBI"), United States Department of Justice ("DOJ"). I was designated as the Section Chief of NICS in January 2017. As the Section Chief of NICS, I oversee the operational functions of the Section. I entered on duty with the FBI in October 1995 as a Management and Program Analyst.

2. I submit this declaration in support of the motion for summary judgment being filed by Defendants. I understand that, within the FBI, separate declarations from the Terrorist Screening Center, the Counterterrorism Division, and the CJIS Division's Operational Programs Branch, are being submitted concurrently.

3. This declaration explains the relationship between the NICS and the National Crime Information Center's ("NCIC") Known or Suspected Terrorist ("KST") File.

1

4. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

5. The NICS is a computerized system designed to determine if a person is disqualified from receiving or possessing firearms by conducting a name based search of available records using the individual's required biographic descriptors (i.e., name, sex, race, complete date of birth, and state of residence). Title 18, U.S.C. § 922(g) prohibits certain individuals from purchasing or possessing a firearm. Being listed in the NCIC KST File is not a prohibition on purchasing or possessing a firearm. The current federal statutory prohibitors for firearms possession involve either a disqualifying adjudication (felony convictions, indictments, fugitives, mental defective, and dishonorable discharge from the Armed Forces), a voluntary renunciation of citizenship, unlawful drug use, or unlawful alien status. Specifically, 18 U.S.C. § 922(g)(1-9) and (n) prohibit the following individuals from possessing, shipping/transporting, or receiving any firearm or ammunition:

(1) a person convicted of a crime punishable by imprisonment exceeding one year;

(2) a person who is a fugitive from justice;

(3) a person who is an unlawful user of or who is addicted to a controlled substance;

(4) a person who has been adjudicated as a mental defective or who has been committed to a mental institution;

(5) an alien who is unlawfully in the United States or who has been admitted to the United States under a nonimmigrant visa;

(6) a person who has been discharged from the Armed Forces under dishonorable conditions;

(7) a person who, having been a citizen of the United States, renounces his citizenship;

(8) a person subject to a court order that was issued after a hearing in which the person participated, which order restrains the person from harassing, stalking, or threatening an intimate partner or partner's child, and which order includes a finding that the person is a credible threat to such partner or partner's child, or by its terms prohibits the use, attempted use or threatened use of such force against such partner or partner's child;

(9) a person who has been convicted of a misdemeanor crime of domestic violence;

(10) any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year.

6. The Brady Handgun Violence Prevention Act of 1993, Public Law No. 103-159, 107 Stat. 1536 (November 30, 1993) (Brady Act), codified in part, 18 U.S.C. § 922(1), requires Federal Firearms Licensees (FFLs) (e.g. firearms dealers) to contact the NICS to determine whether a prospective firearm transfer would violate the provisions of 18 U.S.C. § 922(g) or (n) or state law.

7. When an FFL requests a NICS check, a name search is conducted to search three national databases for possible matches: (1) the NCIC, containing records on wanted persons, protection orders, and other persons such as those listed in the KST File; (2) the Interstate Identification Index (III), which contains criminal history records, and (3) the NICS Indices, which contain information on prohibited persons as defined in 18 U.S.C. § 922(g) or (n) or state law.

8. A NICS check will result in a response – either from NICS or through a point-of-contact state-designated law enforcement agency (POC), which serves as an intermediary between the FFL and the federal databases searched by NICS – to the FFL indicating one of three possible

determinations: (1) proceed with the purchase of the firearm; (2) deny the purchase of the firearm; or (3) delay the purchase of the firearm.

9. If the NICS check reveals no record indicating the person seeking to purchase the firearm is a prohibited person, the NICS generates a "proceed" response. A "delayed" response is issued when the information supplied by the prospective firearms purchaser matches a record contained in one or more of the databases that requires more extensive research, to determine if any prohibitions exist and obtain additional information when necessary. Finally, a response of a "denial" indicates the individual has been determined to be prohibited from receiving or possessing a firearm due to matching a record in one or more of the aforementioned databases. If the response is to delay or deny the purchase of the firearm, the underlying reason for the denial or delay is not given to the FFL.

10. When an FFL receives a "delayed" response, the Brady Act prohibits the FFL from completing the transfer for no more than three business days while the FBI or POC attempts to determine whether or not the prospective purchaser's receipt of a firearm would violate federal or state law. If by the time this three-business-day period expires no determination has been made as to whether the prospective purchaser's receipt of a firearm would be unlawful, 18 U.S.C. § 922(t)(1)(B)(iii) permits (but does not require) the FFL to complete the sale and transfer the firearm to the individual.

11. A match to the KST File is not a basis for denial of a firearm but will generate a "delayed" response until it is determined whether or not the person in question is legally eligible to purchase a firearm. When there is a potential match to a KST File record whether through the FBI or a POC, an FBI NICS Examiner contacts the Terrorist Screening Center ("TSC") and provides the TSC with applicable identifying information on the individual. The TSC will

confirm whether or not the potential transferee is a positive match to an identity in the KST File. If the TSC confirms the match, the TSC contacts the relevant nominating officials, who check for any information that has not yet been entered into the databases the NICS searches, that would prohibit the transfer of a firearm under 18 U.S.C. § 922(g) or (n) or state law.

12. If the potential transferee is determined not to be a positive match to an identity in the KST file, or no prohibiting information is provided by the nominating officials, and, if no other prohibiting information has been discovered by NICS, the FFL receives a "proceed" response.

13. The NICS does not inform the FFL of any listing in the NCIC KST File, or any information that would support such a listing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of March 2019.

Robin A. Stark-Nutter
NICS Section Chief
Criminal Justice Information Services Division
Federal Bureau of Investigation