# Elhady Plaintiffs
# MSJ Exhibit 43

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

TONY WEST
Assistant Attorney General
Civil Division
SANDRA M. SCHRAIBMAN
Assistant Branch Director
Federal Programs Branch
DIANE KELLEHER
diane.kelleher@usdoj.gov
AMY POWELL
Amy.powell@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., #7318
Washington, D.C. 20001
Phone: (202) 514-4775
Fax:    (202) 616-8470
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| AYMAN LATIF, *et al.*, Plaintiffs, v. ERIC H. HOLDER, JR., *et al.*, Defendants. | Case 3:10-cv-00750-BR DECLARATION OF CHRISTOPHER M. PIEHOTA |

## DECLARATION OF CHRISTOPHER M. PIEHOTA

I, Christopher M. Piehota, hereby declare the following:

1. (U) I am the Deputy Director for Operations of the Terrorist Screening Center ("TSC"). I

became the Deputy Director for Operations in February 2010. I have been a Special

Agent with the Federal Bureau of Investigation ("FBI") since 1995 and have served in a

1

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000021

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

variety of counterterrorism, counterintelligence, intelligence, and senior management positions.

2.  (U) The TSC is a multi-agency center that was created by the Attorney General pursuant to Homeland Security Presidential Directive ("HSPD")-6 on September 16, 2003. The TSC is administered by the FBI and receives support from, *inter alia*, the Department of Homeland Security ("DHS"), the Department of State ("DOS"), the Department of Justice, and the Office of the Director of National Intelligence. TSC is staffed by officials from multiple agencies, including FBI, DHS, DOS, Transportation Security Administration ("TSA") and U.S. Customs and Border Protection ("CBP").

3.  (U) I make this declaration in support of the government's motion for summary judgment. The matters stated herein are based on my personal knowledge and my review and consideration of information available to me in my official capacity, including information furnished by TSC personnel, including FBI Special Agents, Federal Air Marshals, other government agency employees or contract employees in the course of their official duties.

## OVERVIEW OF U.S. TERROR WATCHLISTS

4.  (U) Since the attacks of September 11, 2001, Congress and the President have mandated that federal executive departments and agencies share terrorism information with those in the counterterrorism community that are responsible for protecting the homeland such as CBP officers who conduct inspections at U.S. ports of entry, TSA personnel implementing the No Fly and Selectee lists, and domestic law enforcement officers.

2

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000022

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

5. (U) Prior to the creation of the TSC in 2003, nine U.S. Government agencies maintained 12 different watch lists intended to accomplish a variety of purposes.[1] Two of these lists, the No Fly and Selectee Lists, were originally maintained by the TSA, which was formerly within the Department of Transportation and is now part of DHS.

6. (U) The Terrorist Screening Database ("TSDB") was created pursuant to HSPD-6; the TSDB is the U.S. Government's consolidated terrorist watchlist and is maintained by the TSC. The TSDB contains no derogatory intelligence information. Instead, the TSDB contains only sensitive but unclassified terrorist identity information consisting of biographic identifying information such as name or date of birth. The TSDB also contains limited biometric information such as photographs, iris scans, and fingerprints.

7. (U) The TSC and the TSDB are supported by a 24 hours a day/7 days a week/365 days a year operations center that is continuously updated with information concerning encounters with known[2] or suspected[3] terrorists.

8. (U) The TSC receives sensitive but unclassified terrorist identity information for inclusion in the TSDB from two sources: (1) the National Counterterrorism Center (NCTC), which provides information about known or suspected international terrorists; and, (2) the FBI, which provides information about known or suspected domestic terrorists. The unclassified terrorist identity information is derived from classified

---

[1] (U) *See,* Government Accountability Office, *Terrorist Watch Lists Should Be Consolidated to Promote Better Integration and Sharing*, GAO-03-322, April 2003.

[2] (U) A known terrorist is an individual who has been convicted of, currently charged with, or under indictment for a crime related to terrorism in a U.S. or foreign court of competent jurisdiction. Watchlisting Guidance, July 2010, Appendix 1, Page 2.

[3] (U) A suspected terrorist is an individual who is reasonably suspected to be, or have been, engaged in conduct constituting, in preparation for, in aid of, or related to terrorism and terrorist activities based on an articulable and reasonable suspicion. Watchlisting Guidance, July 2010, Appendix 1, Page 3.

3

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000023

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

intelligence or derogatory information that supports a finding that the individual is a known or suspected terrorist. If the individual is being nominated for the No Fly or Selectee lists, additional derogatory information must exist demonstrating that the individual meets the requisite criteria.

9. (U) Pursuant to Section 1021 of the Intelligence Reform and Terrorism Prevention Act of 2004, the NCTC serves as the primary organization in the U.S. Government for analyzing and integrating all intelligence possessed or acquired by the U.S. Government pertaining to terrorism and counterterrorism, excepting purely domestic counterterrorism information.[4] The NCTC also ensures that appropriate agencies have access to and receive intelligence needed to accomplish their assigned missions and serves as the central and shared knowledge bank on known and suspected terrorists and international terror groups, as well as their goals, strategies, capabilities, and networks of contacts and support.

10. (U) The TSDB is a sensitive but unclassified system that is updated continuously. The terrorist identity information (i.e., name, date of birth, place of birth, etc.) contained in the TSDB is deemed For Official Use Only ("FOUO") because it is derived from classified national security and unclassified but sensitive law enforcement information.

11. (U) The TSC, through the TSDB, makes terrorist identity information accessible to various screening agencies and entities by the regular export of updated subsets of TSDB

---

[4] (U) Because of the codification of NCTC in the Intelligence Reform and Terrorism Prevention Act (IRTPA) of 2004, Executive Order 13354, which originally created NCTC, was revoked by amendments to Executive Order 12333 in July 2008.

4

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000024

LAW ENFORCEMENT SENSITIVE

SENSITIVE SECURITY INFORMATION

data. For example, the No Fly and Selectee Lists are subsets of TSDB information that are available for passenger and employee screening.

12. (U)  DHS defines the No Fly List as "a list of individuals who are prohibited from boarding an aircraft" and the Selectee List as "a list of individuals who must undergo additional security screening before being permitted to board an aircraft."[5]

13. (U) The No Fly and Selectee Lists are treated as Sensitive Security Information (SSI), as is the watchlist status of an individual on either list. *See,* 49 CFR 1520.5(b)(9)(ii).

## NO FLY and SELECTEE LISTS CRITERIA

14. (U\\LES)



---

[5] (U) *See,* U.S. Department of Homeland Security, Privacy Office, *Report on Effects on Privacy and Civil Liberties: DHS Privacy Office Report Assessing the Impact of the Automatic Selectee and No Fly Lists on Privacy and Civil Liberties as Required Under Section 4012(b) of the Intelligence Reform and Terrorism Prevention Act of 2004, Public Law 108-458,* April 27, 2006.

[6] (LES)



*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000025

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

guidance. Consequently, a new Watchlisting Guidance was approved and authorized for release to the watchlisting and screening communities in July 2010.

15. (U) Under the July 2010 Watchlisting Guidance, the following criteria must be met to qualify for placement on the No Fly List: Any person, regardless of citizenship, who represents:



---

[7] (U) Defined in 18 U.S.C. § 2331(5)(C) as "within the territorial jurisdiction of the United States."

WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000026

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

16. (U) Under the July 2010 Watchlisting Guidance, the following criteria must be met to

qualify for placement on the Selectee List: Any person, regardless of citizenship,



17. (U) As part of the July 2010 Watchlisting Guidance, the watchlisting community also

developed five general guidelines regarding the No Fly and Selectee Lists that should be

reemphasized in order to effectively implement the No Fly List and Selectee List criteria.

They are:



7

WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000027

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION



8

WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000028

Case 3:10-cv-00750-BR    Document 44-1    Filed 11/17/10    Page 9 of 19
Case 1:16-cv-00375-AJT-JFA    Document 307-13    Filed 03/12/19    Page 10 of 20 PageID#
15265

LAW ENFORCEMENT SENSITIVE

SENSITIVE SECURITY INFORMATION



18. (U//LES)



## HOW NAMES ARE ADDED TO AND REMOVED FROM THE NO FLY AND SELECTEE LISTS

19. (U) Names are added to and removed from the No Fly and Selectee Lists through an

ongoing nomination and review process. Files from NCTC containing nominations to the

TSDB are uploaded to the TSC. These files contain the nominee's identifying

information, as well as, the underlying information in support of the nomination. FBI

case agents also submit nominations to the No Fly and Selectee Lists by completing the

relevant forms and providing a summary of the underlying information that demonstrates

that a person meets the standards for inclusion on either list. TSC refers to all of this

underlying information as "derogatory information."

20. (U) TSC personnel then review   nominations   to determine (a) whether the biographic

information associated with a nomination contains sufficient identifying data so that a

person being screened can be matched to or distinguished from a watchlisted terrorist on

the TSDB; and (b) whether the nomination is supported by the minimum substantive

derogatory criteria for inclusion in the TSDB, with limited exceptions, as well as the

9

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000029

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

additional derogatory requirements for the No Fly and Selectee lists. TSA employees assigned to and stationed at the TSC serve as subject matter experts regarding those individuals nominated to the No Fly and Selectee Lists.

21. (U) Generally, nominations to the TSDB are based on whether there is reasonable suspicion to believe that a person is a known or suspected terrorist. To meet this standard, the nominator, based on the totality of the circumstances, must rely upon "articulable" intelligence or information which, taken together with rational inferences from those facts,



Mere guesses or "hunches," or the reporting of suspicious activity alone are not enough to constitute a reasonable suspicion and are not sufficient bases to watchlist an individual. Additionally, nominations must not be solely based on race, ethnicity, national origin, religious affiliation, or First Amendment protected activities, such as free speech, the exercise of religion, freedom of the press, freedom of peaceful assembly, and petitioning the government for redress of grievances.

22. (U) Upon conclusion of the TSC's review, TSC personnel will either accept or reject the TSDB nomination. If a nomination is accepted, the TSC will create a TSDB record which includes only the "terrorist identifiers" (*i.e.*, name, date of birth, etc.). Because it is a sensitive but unclassified system, the TSDB does not include substantive derogatory

10

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000030

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

information or classified national security information. This means, as explained in more detail below, that government screening officers, such as CBP officers at ports of entry and state and local law enforcement, can use the identifying information from the TSDB even though they may not possess Secret or Top Secret security clearances.

23. (U) To uphold the directive in HSPD-6 to maintain "thorough, accurate and current" information within the TSDB, several quality control measures are continuously applied by nominating agencies, the TSC, and NCTC. These measures include periodic reviews and audits to guarantee the integrity of the information relied upon for maintenance of TSDB records, and an ongoing responsibility upon the nominating agencies to notify NCTC and TSC of any changes that could affect the validity or reliability of that information. In those cases where modification or deletion of a record relating to international terrorism is required, the nominating agency must immediately notify NCTC, which will process the request and transmit it to the TSC for action. For nominations relating to domestic terrorism, the FBI must follow applicable FBI procedures to request that a FBI-nominated TSDB record be modified or deleted. Additionally, the TSC regularly reviews every record stored in the TSDB to ensure that the nominating standards were met, and to correct or remove any record that does not meet those standards.

24. (U) Most of the derogatory information relied on by nominating agencies consists of operational facts derived from underlying international counterterrorism investigations or intelligence collection methods, which are generally classified to protect intelligence sources and methods. When separated from the classified means by which they were

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000031

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

obtained, the terrorist identity information stored in the TSDB is deemed sensitive but unclassified for terrorist watchlisting and screening purposes. This allows government officials to access TSDB data for screening purposes without compromising an investigation or intelligence collection methods.

25. (U) Because the contents of the TSDB are derived from classified and sensitive law enforcement and intelligence information, the U.S. Government does not confirm or deny whether an individual is on the watchlist. Disclosure of an individual's watchlist status may reveal, as a general matter that an individual is of counterterrorism investigative interest to the U.S. Government. Revealing U.S. Government interest in a particular individual could also alert any terrorist group associated with the individual that they too may be under investigation.

26. (U) The disclosure of watchlist status could also provide the individual or associated terrorist group with the ability to identify the specific means by which the U.S. Government gathered information about them, thereby endangering classified or law enforcement sensitive sources and methods. By not disclosing the contents of the TSDB, the operational counterterrorism and intelligence collection objectives of the federal government are protected, as well as the personal safety of the officers involved in counterterrorism investigations. The TSDB is an effective tool in the U.S. Government's counterterrorism efforts in part because its contents are not disclosed to the public.

27. (U) Neither confirming nor denying that a person is in the TSDB protects the nature, source and methods of any intelligence gathering that occurred if the individual is or was the subject of a counterterrorism investigation. Publically revealing this type of

12

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000032

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 13 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 14 of 20 PageID#
15269

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

information could harm national security, because an individual or associated terrorist group could use a person's disclosed TSDB status to their advantage by allowing them to avoid future detection, destroy evidence, coerce witnesses, change plans from what is known by law enforcement or intelligence agencies, or recruit new members who are unknown to the Government. Releasing an individual's status could enable that person or an associated terrorist group to manipulate or circumvent enhanced airline or border screening procedures, thus increasing their ability to commit an act of terrorism.

28. (U) Furthermore, to confirm that someone is not in the TSDB would imply that silence about another person is actually a confirmation of their status in the TSDB. Confirming that an individual is not in the TSDB or the subject of a national security investigation would substantially harm law enforcement investigative and intelligence gathering interests because such knowledge would serve to encourage the commission of an act of terrorism and lead someone intent on committing an act of terrorism to move without detection. Knowing which members of terrorist group have escaped the attention of law enforcement and intelligence investigations will permit such groups to manipulate the system and provide an incentive for them to prepare for and commit an act of terrorism prior to being detected.

29. (U) Lastly, disclosing the underlying derogatory information used to nominate an individual to the TSDB would compromise ongoing or future intelligence or law enforcement operations and hinder the effectiveness of intelligence gathering methods by limiting the collection techniques used, informing targets of the U.S. government's range of intelligence capabilities, and encouraging the development of countermeasures.

13

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000033

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 14 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 15 of 20 PageID#
15270

LAW ENFORCEMENT SENSITIVE

SENSITIVE SECURITY INFORMATION

### REDRESS PROCESS

30. (U) The DHS Traveler Redress Inquiry Program (DHS TRIP) provides the public with a

single point of contact for all traveler screening issues and is available at

http://www.dhs.gov/files/programs/gc_1169676919316.shtm. This program acts as a

mechanism for travelers who have experienced difficulties while traveling, such as

delayed or denied airline boarding, screening problems at ports of entry, or being

repeatedly identified for additional screening.

31. (U) Since there are many reasons why a traveler may seek redress, DHS TRIP works with

DHS component agencies, such as CBP and Immigration and Customs Enforcement

("ICE") and other government agencies, including the Department of State and the TSC,

as appropriate, to make an accurate determination about the traveler's redress matter.

32. (U) The TSC supports DHS TRIP by helping to resolve complaints that appear to be

related to data in the TSDB. This interagency redress process is described in the

*Memorandum of Understanding on Terrorist Watchlist Redress Procedures*[10], which was

executed on September 19, 2007, by the Secretaries of State, Treasury, Defense and

Homeland Security, the Attorney General, the Director of the FBI, the Director of NCTC,

the Director of the Central Intelligence Agency, the Director of National Intelligence, and

the Director of the TSC.

33. (U) Even though approximately 99% of DHS TRIP complaints do not relate to the

TSDB, when a traveler's inquiry may appear to concern data in the TSDB, the matter is

referred to the TSC Redress Unit, which assigns the matter to a TSC redress analyst for

---

[10] (U) A copy is attached hereto.

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this
record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written
permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized
release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and
49 CFR parts 15 and 1520.

Elhady-FBITSC-000034

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 15 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 16 of 20 PageID#
15271

LAW ENFORCEMENT SENSITIVE

SENSITIVE SECURITY INFORMATION

research.[11] Upon receipt of a DHS TRIP complaint, TSC Redress reviews the available

information, including the information and documentation provided by the traveler, and

determines (1) whether the traveler is an exact match to an identity in the TSDB; and, if

an exact match exists, (2) whether the identity should continue to be in the TSDB or

whether the status should be changed (for example, No Fly to Selectee).

34. (U) In cases where the traveler is an exact match to an identity in the TSDB, the TSC

Redress Unit will provide copies of the complaint form and other relevant information to

the nominating agency to assist in the resolution of the complaint. The TSC Redress Unit

will then work with the agency that originally nominated the individual to be included in

the TSDB to determine whether the complainant's current status in the TSDB is suitable

based on the most current, accurate, and thorough information available. The TSC

Redress Unit may ask the nominating agency to provide updated information or analysis,

as well as for recommendations on addressing the complaint.

35. (U) After reviewing the available information and considering any recommendation from

the nominating agency, the TSC Redress Unit will make a determination on whether the

record should remain in the TSDB, or have its TSDB status modified or removed, unless

the legal authority to make such a determination resides, in whole or in part, with another

government agency. In such cases, TSC will only prepare a recommendation for the

decision-making agency and will implement any determination once made. When

changes to a record's status are warranted, the TSC will ensure such corrections are

made, since the TSC remains the final arbiter of whether terrorist identifiers are removed

---

[11](U) The TSC does not accept redress inquiries directly from the public, nor does it respond directly to redress inquiries.

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000035

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 16 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 17 of 20 PageID#
15272
LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

from the TSDB. The TSC will also verify that such modifications or removals carry over
to the various screening systems that receive TSDB data (*e.g.*, the Selectee and No Fly
Lists).

36. (U) After the TSC Redress Unit completes its review of the matter, DHS TRIP is notified
of the recommendation so DHS TRIP may send a determination letter to the traveler.
The determination letter provides as much information to the traveler as possible without
disclosing the traveler's status in the TSDB or other law enforcement databases, or
whether there is other government agency interest in the individual that may be
considered law enforcement sensitive. The letter does not reveal the person's status
because that could alert an individual, or any terrorist group the individual is associated
with, to the fact that he or she is of investigative interest to the FBI or other members of
the Intelligence Community.

## PROCESS FOR U.S. PERSONS PROHIBITED FROM BOARDING FLIGHTS WHEN LOCATED ABROAD

37. (U) The TSC and the FBI, in coordination with the Department of State, DHS, TSA and
CBP, developed policy on how to respond following an encounter with a U.S. person[12]
who was prohibited from boarding a flight originating outside the continental United
States (OCONUS) that was bound for the United States, due to their possible inclusion on
the No Fly List. The goal of the policy is to proactively and quickly resolve the travel
issues of U.S. persons located abroad who have been prohibited from boarding flights
returning to the United States.

---

[12] (U) "U.S. person" here refers to a U.S. citizen or Lawful Permanent Resident (LPR).

16

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000036

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 17 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 18 of 20 PageID#
15273

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION

38. (U//LES)



17

WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this
record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written
permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized
release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and
49 CFR parts 15 and 1520.

Elhady-FBITSC-000037

Case 3:10-cv-00750-BR  Document 44-1  Filed 11/17/10  Page 18 of 19
Case 1:16-cv-00375-AJT-JFA  Document 307-13  Filed 03/12/19  Page 19 of 20 PageID#
15274

~~LAW ENFORCEMENT SENSITIVE~~
~~SENSITIVE SECURITY INFORMATION~~



39. (U//LES)

40. (U//LES)

41. (U//LES)

18

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000038

Case 3:10-cv-00750-BR   Document 44-1   Filed 11/17/10   Page 19 of 19
Case 1:16-cv-00375-AJT-JFA   Document 307-13   Filed 03/12/19   Page 20 of 20 PageID#
15275

LAW ENFORCEMENT SENSITIVE
SENSITIVE SECURITY INFORMATION



42. (U//LES)

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of November, in Virginia.

CHRISTOPHER M. PIEHOTA
Deputy Director for Operations
Terrorist Screening Center

*WARNING:* This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.

Elhady-FBITSC-000039