IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANAS ELHADY *et al.*,                        )
                                             )
                    Plaintiffs,              )
v.                                           )        Civil Action No. 1:16-cv-375 (AJT/JFA)
                                             )
CHARLES H. KABLE, *et al.*,                  )
                                             )
                                             )
                    Defendants.              )
_____)

## ORDER

In their Amended Complaint for Injunctive and Declaratory Relief and Jury Demand [Doc. No. 22], Plaintiffs claim that they are included in the Government's Terrorist Screening Database, referred to colloquially as the Government's Terrorist Watchlist (the "TSDB"), which they allege subjects them to additional screening at airports and border crossings and other adverse consequences and have challenged their inclusion in the TSDB on the grounds that it violates (1) procedural due process (Count I), (2) substantive due process (Count II), (3) the Administrative Procedure Act (Count III), (4) the Equal Protection Clause (Count IV), and (5) the non-delegation doctrine (Count V).

By Memorandum Opinion and Order dated September 5, 2017 [Doc. No. 47], the Court dismissed for failure to state a claim Plaintiffs' substantive due process claim (Count II), Equal Protection Clause claim (Count IV), and non-delegation doctrine claim (Count V).

By Memorandum Opinion and Order dated September 4, 2019 [Doc. No. 323] (the "Order"), the Court entered summary judgment in Plaintiffs' favor with respect to their procedural due process claim (Count I) and Administrative Procedure Act claim (Count III), concluding that placement on the TSDB affected constitutionally protected liberty interests that

triggered a constitutionally adequate remedy for those placed on the TSDB and directed the parties to file supplemental briefing as to what constitutes a constitutionally adequate remedy.[1]

In their supplemental briefing, Plaintiffs propose that the Court issue "[p]roper declaratory relief [that] will clarify exactly what process is and is not sufficient to put people on the TSDB[,]" including declarations that (1) the current TSDB inclusion standard is insufficient and that any inclusion standard must be based on criminal activity; (2) there must be notice and opportunity to be heard; (3) there must be adequate, timely, and detailed post deprivation notice; and (4) there must be an adequate hearing before a neutral arbiter. [Doc. No. 332] at 2–23. Plaintiffs also seek broad injunctive relief with respect to all persons currently on the TSDB, including actions necessary to eliminate the unconstitutional stigma of those improperly placed on the TSDB. *Id.* at 23–27.

In their supplemental briefing, Defendants reassert their position that "Plaintiffs have not demonstrated entitlement to any relief in this matter because they have not shown that they are being harmed by the Terrorist Screening Database ("TSDB"), or that they are being deprived of a liberty interest protected by the Due Process Clause." [Doc. No. 331] at 6. Nevertheless, recognizing that the Court has determined that there has been a procedural due process violation and has solicited the parties' view on appropriate remedy, Defendants propose that the Court "simply enter a declaratory judgment regarding the violation found, and that any injunction entered should, at most, simply order the Defendants to develop additional procedures to be

---

[1] By Order dated December 4, 2019 [Doc. No 335], the Court ordered Defendants to "file a statement that identifies with specificity those facts recited in the Court's September 4, 2019 order [Doc. No. 323], as to which it contends there is a general factual dispute, with a specific supporting reference to the existing summary judgment record." On December 16, 2019, Defendants filed Defendants' Statement Identifying Facts Recited In The Court's September 4, 2019 Order That Are Disputed [Doc. No. 338] (the "Statement"). In the Statement, the Government states that while it contends that facts recited in the Court's September 4, 2019 Order were "disputed, clarified or placed in context in Defendants' opposition," in filing the Statement, "the government does not concede that any specific fact disputed is material."

provided to appropriate Plaintiffs, commensurate with their particular circumstances" and that "a final appealable judgment" be entered so that the Defendants "may consider appellate options." *Id.*

Upon consideration of the litigation history, the parties' positions, the unsettled nature of the issues and claims presented, including the threshold showing necessary to confer standing for the purposes of obtaining a constitutionally adequate remedy with respect to a possible TSDB listing, particularly in light of the consequences that attend placement on the TSDB through its distribution and use for purposes in addition to airport screening, as discussed in the September 4, 2019 Order; and based on the record, finding and concluding that Plaintiffs are entitled to further relief in connection with their procedural due process claim (Count I), it is hereby

ORDERED pursuant to Fed. R. Civ. P. 54(b) that final judgment be, and the same hereby is, ENTERED against Plaintiffs and in favor of Defendants as to Counts II (substantive due process claim), IV (The Equal Protection Clause claim), and V (the non-delegation doctrine claim), which claims the Court dismissed on September 5, 2017 [Doc. No. 47] and as to which the Court expressly determines there is no just cause for delay; and it is further

ORDERED pursuant to 28 U.S.C. § 2201 that a declaratory judgment be, and the same hereby is, ENTERED in favor of the Plaintiffs and against Defendants in connection with their procedural due process claim in Count I and their Administrative Procedure Act claim in Count III, and the Court declares, as set forth in its Memorandum Opinion and Order dated September 4, 2019 [Doc. No. 323], that (1) Plaintiffs, or at least some of them, have standing to raise their constitutional challenges; (2) Plaintiffs have constitutionally protected liberty interests that are implicated by their inclusion in the TSDB; and (3) the DHS TRIP process through which

Plaintiffs may challenge their inclusion in the TSDB is not constitutionally adequate to protect those liberty interests; and it is further

ORDERED that to the extent the Court's declaratory judgment and declaration of rights entered herein pursuant to 28 U.S.C. § 2201 with respect to Plaintiffs' procedural due process claim in Count I and their Administrative Procedure Act claim in Count III does not constitute a final appealable judgment, the Court hereby certifies pursuant to 28 U.S.C. § 1292(b) that the Court's declaration of rights involves a controlling question of law as to which there is substantial ground for difference of opinion and therefore an immediate appeal from this Order may materially advance the ultimate termination of the litigation; and it is further

ORDERED that Defendants promptly review the listing of any named Plaintiff currently listed in the TSDB according to additional procedures to be added to a revised DHS TRIP process that are reasonably calculated to provide the required procedural due process, together with the creation of an adequate administrative record, with particular consideration given to (1) the threshold showing necessary to determine whether any such Plaintiff is entitled to such a review and the notice and explanation given to any Plaintiff determined not to meet that threshold; (2) the notice and opportunity to respond to any derogatory information; (3) the notice to be given Plaintiffs with respect to their TSDB status upon completion of that review; and (4) the opportunity for review and/or appeal of any adverse determination; and it is further

ORDERED that Defendants shall disclose those revised procedures to the Court for its review as to their constitutional adequacy, as well as the status of the named Plaintiffs with respect to any TSDB listing after a review under those revised procedures; and within forty-five (45) days of the date of this Order shall file a status report as to these revised DHS TRIP

procedures and Defendants' review of any Plaintiffs' placement on the TSDB under those revised procedures; and it is further

ORDERED that, notwithstanding any appeals, this action shall continue as appropriate pursuant to 28 U.S.C § 2202 and 28 U.S.C § 1292(b) with respect to any remaining claims or further necessary or proper relief based on the declarations and orders contained herein.

The Clerk is directed to forward copies of this Order to all counsel of record and to enter a final judgment pursuant to Rule 58 with respect to the claims designated herein as final under Rule 54(b) and deemed final under 28 U.S.C. § 2201.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 18, 2019