IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Anas ELHADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-375 (AJT/JFA) |
| ) | |
| CHARLES H. KABLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO PARTIALLY VACATE THE COURT'S DECEMBER 18, 2019 ORDER
IN LIGHT OF TEN-DAY DEADLINE**

On December 18, 2019, the Court ordered, *inter alia,* that (1) final judgment be entered against Plaintiffs and in favor of Defendants as to Counts II, IV, and V, pursuant to Federal Rule of Civil Procedure 54(b); (2) a declaratory judgment be entered in favor of Plaintiffs and against Defendants in connection with Counts I and III pursuant to 28 U.S.C. § 2201; (3) "to the extent the Court's declaratory judgment and declaration of rights entered herein pursuant to 28 U.S.C. § 2201 with respect to . . . Count I and . . . Count III does not constitute a final appealable judgment, the Court hereby certifies pursuant to 28 U.S.C. § 1292(b) that the Court's declaration of rights involves a controlling question of law as to which there is substantial ground for difference of opinion and therefore an immediate appeal from this Order may materially advance the ultimate termination of the litigation"; (4) ordered Defendants to revise its DHS TRIP procedures as it relates to the TSDB and to apply those revised procedures to any named Plaintiff currently listed in the TSDB; and (5) "notwithstanding any appeals, this action shall continue as appropriate pursuant to 28 U.S.C. § 2202 and 28 U.S.C. § 1292(b) with respect to any remaining claims or further necessary or proper relief based on the declarations and orders contained herein." Dkt. No. 341 ("Final Order").

1

Defendants move the Court to partially vacate its Final Order—specifically, that aspect of its Final Order certifying interlocutory appeal of the Court's declaration of rights with respect to Counts I and III pursuant to 28 U.S.C. § 1292(b) without prejudice to re-certifying the question. *See* Final Order at 4. Defendants submit the following in support of this motion:

1. In its supplemental briefing, and as noted by the Court in its Final Order at 2-3, Defendants requested that the Court enter a final, appealable judgment limited to providing declaratory relief for the procedural due process violation found and, at most, directing the agencies to provide additional process consistent with its findings to those Plaintiffs who have demonstrated a deprivation. *See, e.g.,* Dkt. No. 331 at 3, Dkt. No. 333 at 29.

2. Defendants did not specifically request that the Court certify its judgment pursuant to 28 U.S.C. § 1292(b), which provides that the Court of Appeals may permit an appeal "if application is made to it within ten days after the entry of the order." Defendants are unable to perfect an application for appeal within ten days of the Final Order. The process for authorizing and perfecting an appeal by the Government is a time-consuming process, requiring the input of all affected agencies, and the Civil Division's Appellate staff, before consideration and approval by the Solicitor General of the United States. 28 C.F.R. § 0.20(b). While that process can ordinarily be accomplished within sixty days, *see* Fed. R. App. P. 4(a)(1)(B), it is considerably more difficult to do so within ten days. And that difficulty is substantially compounded here by the imminent Christmas, Hanukkah, and New Year's holidays, during which many key agency and Department counsel will be out of the office for scheduled vacations.

3. Defendants understand the Court's Order to be injunctive in effect and thus appealable at least under 28 U.S.C. § 1292(a)(1), even absent any certification pursuant to 28 U.S.C. § 1292(b). Notwithstanding, Defendants appreciate the Court's effort to ensure an appealable

order by also certifying pursuant to § 1292(b) and wish to preserve their ability to pursue that avenue if necessary. Defendants thus request that the Court vacate the specific aspect of its Final Order certifying its judgment for interlocutory appeal with respect to Counts I and III pursuant to 28 U.S.C. § 1292(b) at this time, so that Defendants may have an adequate opportunity to consider whether it wishes to pursue interlocutory appeal. Defendants will notify the Court within forty-five (45) days of the Final Order as to whether they intend to appeal the Final Order, and if so, whether they request that the Court recertify its judgment pursuant to 28 U.S.C. § 1292(b). *See Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 866 (4th Cir. 2001) (describing a district court's power to recertify a question for review); Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3d ed.) ("the district court should have power to enter a new order, again certifying the matter for appeal, so long as it concludes that the statutory criteria continue to be satisfied.").

4. No other aspect of the Final Order would be affected if the Court grants this motion.

Dated: December 20, 2019                           Respectfully submitted,

                                                                             G. ZACHARY TERWILLIGER
                                                                             United States Attorney

                                                                             JOSEPH H. HUNT
                                                                             Assistant Attorney General
                                                                             Civil Division

                                                                             ANTHONY J. COPPOLINO
                                                                             Deputy Director
                                                                             Federal Programs Branch

                                                                             AMY POWELL
                                                                             DENA M. ROTH
                                                                             ANTONIA KONKOLY
                                                                             CHRISTOPHER HEALY
                                                                             Trial Attorneys, Federal Programs Branch
                                                                             United States Department of Justice
                                                                             Civil Division, Federal Programs Branch
                                                                             1100 L Street, N.W. Rm 11204

Washington, DC 20530
Tel: (202) 514-2395
amy.powell@usdoj.gov
dena.m.roth@usdoj.gov
antonia.konkoly@usdoj.gov
christopher.healy@usdoj.gov

*/s/ Lauren A. Wetzler*
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Ave.,
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov