IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Anas ELHADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-375 (AJT/JFA) |
| ) | |
| CHARLES H. KABLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO RE-CERTIFY THE COURT'S DISPOSITION OF COUNTS I AND III FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C § 1292(b)**

**INTRODUCTION**

Defendants respectfully move the Court to re-certify its disposition of Counts I and III of the instant action—*i.e.*, Plaintiffs' procedural due process claim and co-equal claim under the Administrative Procedure Act ("APA") (collectively, Plaintiffs' "procedural due process claims")—for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"). The Court previously *sua sponte* found these claims suitable for such certification, and issued the same in its order of December 18, 2019, Dkt. No. 341 ("Original Final Order"). Although the Court subsequently vacated its certification at Defendants' motion, *see* Dkt. No. 345 (Defendants' Motion to Partially Vacate the Court's December 18, 2019 Order In Light of Ten-Day Deadline); Dkt. No. 348 (Dec. 27, 2018 Order, granting the requested relief) ("Revised Final Order"), Defendants were clear in making that request that they sought only temporary relief, and adequate time in which to authorize and perfect an appeal. *See* Dkt. No. 345.

Defendants have now obtained the requisite appeal authority from the Office of the Solicitor General, and hereby notify the Court of their intention to pursue an interlocutory appeal of the Court's disposition of Plaintiffs' procedural due process claims. While Defendants understand the Court's Revised Final Order as to Counts I and III to be injunctive in effect, and thus immediately appealable as a matter of right under 28 U.S.C. § 1292(a)(1), they also respectfully request that the Court re-issue its Section 1292(b) certification under Section 1292. *See Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 866 (4th Cir. 2001) (describing a district court's power to recertify a question for review); Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3d ed.) (2019 Update) ("[T]he district court should have power to enter a new order, again certifying the matter for appeal, so long as it concludes that the statutory criteria continue to be satisfied.").

As set forth below—and as the Court already determined in its Original Final Order—the Court's declaration of rights regarding Plaintiffs' procedural due process claims "involves a controlling question of law as to which there is substantial ground for difference of opinion[,]" such that "an immediate appeal … may materially advance the ultimate termination of this litigation[.]" Original Final Order at 4. Accordingly, the requirements of Section 1292(b) are well-satisfied, and a re-certification is amply warranted.

## PROCEDURAL BACKGROUND

In its Original Final Order, the Court found that its issuance of declaratory judgment as to Plaintiffs' procedural due process claims "involves a controlling question of law as to which there is substantial ground for difference of opinion," such that "an immediate appeal … may materially advance the ultimate termination of this litigation." Original Final Order at 4. In accordance with this finding, the Court *sua sponte* issued a Section 1292(b) certification with respect to these claims (*i.e.*, Counts I and III). *Id.*

On December 20, 2019, Defendants moved the Court to vacate that aspect of the Original Final Order certifying interlocutory appeal of the Court's declaration of rights with respect to Counts I and III pursuant to Section 1292(b). *See* Dkt. No. 345. In so moving, Defendants explained that they sought this relief on an interim basis, without prejudice to re-certification at a later time, and for the sole and express purpose of obtaining adequate time in which to seek authorization for an appeal. *Id.*; *see also* 28 U.S.C. § 1292(b) (providing that the Court of Appeals may permit interlocutory appeal pursuant to Section 1292(b) "if application is made to it within ten days after the entry of the [district court's certification] order"); *id.* ¶ 2 (explaining that "[t]he process for authorizing and perfecting an appeal by the Government is a time-consuming process … [culminating in] consideration and approval by the Solicitor General of the United States," and that "many key agency and Department counsel" were imminently scheduled to be out of the office for holiday vacations). Defendants further committed in this filing that within 45 days of the Court's entry of the Original Final Order, they would notify the Court as to whether they intended to appeal the Court's disposition of Counts I and III, and if so, whether they requested that the Court re-issue its Section 1292(b) certification of those claims. *Id.* ¶ 3.

On December 27, 2019, the Court granted Defendants' motion, vacated the Original Final Order, and issued its Revised Final Order. Dkt. No. 348. Like the Original Final Order, the Revised Final Order again entered a declaratory judgment pursuant to 28 U.S.C. § 2201 in favor of Plaintiffs and against Defendants as to Plaintiffs' procedural due process claims. The Revised Final Order further ordered Defendants to revise DHS TRIP procedures as they relate to persons in the Terrorist Screening Database ("TSDB") (but not its No Fly List subcomponent), and to apply those revised procedures to any named Plaintiff currently listed in the TSDB. *Id.* Like the Original Final Order, the Revised Final Order entered Rule 54(b) judgment in Defendants' favor as to each of Plaintiffs' remaining claims (Counts II, IV, and V). *Id.* Unlike the Original Final Order, the Revised

Final Order omitted any Section 1292(b) certification with respect to Plaintiffs' procedural due process (or any other) claims. *Id.*

## LEGAL STANDARD

A district court may certify one of its orders for immediate interlocutory appeal when the court finds that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

## ARGUMENT

As the Court already determined in its Original Final Order, the requirements of Section 1292(b) are well-satisfied in the circumstances presented here.

First, the Revised Final Order's disposition as to Counts I and III "involves a controlling question of law." 28 U.S.C. § 1292(b). The term "question of law," for purposes of Section 1292(b), refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine"—as opposed to, for example, "whether the party opposing summary judgment had raised a genuine issue of material fact." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (citation omitted). "A *controlling* question of law [includes] every order [that], if erroneous, would be reversible error on final appeal." *Id.* (alterations in original) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)); *see also, e.g., Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (noting that when resolution of the legal question at issue would not be dispositive of the litigation, district courts "look to whether the immediate appeal would be 'serious to the conduct of the litigation, either practically or legally'") (quoting *Katz*, 496 F.2d at 755-56); 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2008) (2019 Update) (in determining whether to grant

Section 1292(b) certification, a court should weigh, among other things, "[t]he difficulty and general importance of the question presented" and "the significance of the gains from reversal").

The district court's order in this case—holding that plaintiffs' alleged inclusion on the TSDB implicates a protected liberty interest under the Due Process Clause—is a pure question of law appropriate for certification under Section 1292(b). *See, e.g., Harper v. Young*, 64 F.3d 563, 566 (10th Cir. 1995) ("The identification of the liberty interests that a protected by the Due Process Clause is a question of federal constitutional law."); *Walker v. Hughes*, 558 F.2d 1247, 1260 (6th Cir. 1977) ("The issue as to whether the policy statements have created liberty interests is a question of law."). Assuming there is a protected liberty interest, the question of whether the TSDB redress process is constitutionally adequate is also a question of law appropriate for Section 1292(b) certification.

Second, there is also "substantial ground for difference of opinion" regarding the Court's resolution of Counts I and III. 28 U.S.C. § 1292(b). "Whether substantial ground for difference of opinion exists turns on the extent to which the controlling law is unclear." *Job v. Simply Wireless, Inc.*, No. 1:15-CV-676, 2016 WL 8229037, at *1 (E.D. Va. Jan. 19, 2016). The "paradigmatic examples of unclear controlling law sufficient to support an interlocutory appeal" include, *inter alia*, "when a district court faces a question on which courts of appeal are split and on which there is no binding authority in the controlling circuit," and "when the question presented is difficult, novel, and of first impression." *See id.* As the Supreme Court has counseled, "district courts should not hesitate to certify an interlocutory appeal" when a decision "involves a new legal question or is of special consequence[.]" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

Here, the Tenth Circuit in *Abdi v. Wray*, 942 F.3d 1019, 1031-34 (10th Cir. 2019) reached a conclusion at odds with this Court's resolution Counts I and III, and upheld the Rule 12 dismissal of procedural due process claims analogous to those pled by Plaintiffs here. Specifically, Plaintiff Abdi, a U.S. citizen, alleged that as a result of his inclusion on the Selectee List, he "is unable to check in

5

for flights online or at the self-service kiosks at the airport" and that he "has been subject to extended security screenings each time he travels by air," including by being "routinely subjected to secondary inspections, questioning, and prolonged searches of his person and luggage." *Id.* at *1023. He also alleged that the Government had "disseminated his status as a 'known or suspected terrorist' to state and local authorities [and] foreign governments," among others. *Id.* at *1024. The Tenth Circuit affirmed the dismissal of Abdi's travel-based substantive and procedural due process claims because "the burdens and delays [he] alleged … do not substantially interfere with his travel rights," *id.* at *1030, as demonstrated by three factors. "First, [his] placement on the Selectee List affects only one mode of transportation throughout the country" but does not otherwise restrict his ability to "commute interstate." *Id.* at 1030-31. Second, his delay "for just two days" was "commensurate" with travel delays other courts had upheld. *Id.* at 1031. And third, "the excessive security [he] experiences is not unlike that of many air travelers," including where he alleged that he "missed one flight due to the length of his security screenings[.]" *Id.* To the extent this Court relied upon plaintiffs' "stigma plus" theory, the Tenth Circuit likewise disagreed with this Court's conclusion. *See id.* at 1034 n.4.

To be clear, Defendants do not seek to re-litigate here the correctness of this Court's resolution of Plaintiffs' procedural due process claims. However, the starkly different outcomes reached by this Court and the Tenth Circuit on functionally identical claims plainly demonstrate, at minimum, "fair-minded jurists might reach contradictory conclusions" on the important and novel issues presented by *Abdi* and the instant case.[1] *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th

---

[1] *Abdi* further accords with *Beydoun v. Sessions*, 871 F.3d 459, 468 (6th Cir. 2017), in which the Sixth Circuit likewise found that any travel-related burdens suffered by plaintiffs who alleged placement on the Selectee List were, at most, "incidental or negligible," and thus did not implicated the Fifth Amendment; *see also id.* (further rejecting the plaintiffs' contention that, because they were deterred from traveling, they have a constitutional claim). While *Beydoun* was decided on substantive due process grounds, its reasoning is strongly at odds with this Court's procedural due process analysis,

6

Cir. 2011). Further, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." *Coal. For Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civil No. CCB-06-2773, 2015 WL 4040425, at *6 (D. Md. June 29, 2015) (quoting 16 Fed. Prac. & Proc. Juris. § 3930); *see, e.g., id.* (granting § 1292(b) certification in light of the "context of this extraordinarily important case," even though the court was "confident in the correctness" of its ruling). Here, in light of the TSDB's relatively recent genesis, and key role in the protection and advancement of this country's national security interests, the issues raised by Plaintiffs' procedural due process claim are certainly both "new" and "of special consequence," *Mohawk Indus., Inc.*, 558 U.S. at 111—and thus warrant allowing the Fourth Circuit an immediate opportunity to review this Court's disposition of these claims.

Third and finally, an immediate appeal of the Revised Final Order's disposition as to Counts I and III would indisputably "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This standard is met where "reversal [of the court's order on appeal] would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense." *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018). "[A] movant need not show that a reversal on appeal would actually end the litigation." *Id.* (citation omitted). Here, Defendants note

---

notwithstanding that this Court also dismissed Plaintiff's substantive due process claims for failure to state a claim under Ruler 12(b)(6).

Further, similar district court opinions (in which the Government prevailed in whole or in part on similar issues) include: *Kovac v. Wray*, No. 3:18-CV-011, 2019 WL 1057935, at* l8 (N.D. Tex. Mar. 5, 2019); *Kadura v. Lynch*, No. CV 14-13128, 2017 WL 914249, at *6-7 (E.D. Mich. Mar.8, 2017); *Beydoun v. Lynch*, No. l4-CV-13812, 2016 WL 3753561 (E.D. Mich. July 14, 2016); *Bazzi v. Lynch*, No. 16-10123, 2016 WL 4525240, at *5 (E.D. Mich. Aug. 30, 2016); *Bibicheff v. Holder*, 55 F. Supp. 3d 254, 264-65 (E.D.N.Y. 2014); *Scherfen v. DHS*, No. 3: CV-08-1554, 2010 WL 456784, at *7 (M.D. Pa. Feb. 2, 2010); *Green v. TSA*, 35l F. Supp. 2d l119, 1130 (W.D. Wash. 2005).

that the Court has entered Rule 54(b) judgment in Defendants' favor as to each of Plaintiffs' remaining claims. Revised Final Order at 1. Should Plaintiffs elect to appeal as to one or more of the dismissed claims, the Court's re-certification of Counts I and III under Section 1292(b) would consolidate appellate proceedings, and in so doing significantly streamline and expedite the ultimate final resolution of this case. Even if Plaintiffs elect not to appeal the Court's dismissal of any of their remaining claims, their procedural due process claims will be the sole claims remaining in this suit—and an immediate appellate resolution of these claims would still yield the same expedition and conservation of judicial resources.

## **CONCLUSION**

For the above-stated reasons, the Court should re-certify its disposition of Counts I and III of this action for immediate interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

Dated: January 31, 2020

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director
Federal Programs Branch

AMY POWELL
DENA M. ROTH
ANTONIA KONKOLY
CHRISTOPHER HEALY
Trial Attorneys, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W. Rm 11204
Washington, DC 20530
Tel: (202) 514-2395

8

amy.powell@usdoj.gov
dena.m.roth@usdoj.gov
antonia.konkoly@usdoj.gov
christopher.healy@usdoj.gov

*/s/ Lauren A. Wetzler*
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
2100 Jamieson Ave.,
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov