IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Anas ELHADY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:16-cv-375 (AJT/JFA) |
| CHARLES H. KABLE, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' STATUS REPORT**

Pursuant to the Revised Final Order dated December 27, 2019, Dkt. No. 348, Defendants submit this status report to inform the Court as to the Government's progress in applying revised procedures to Plaintiffs in this action. In that Order, the Court directed the Government to "promptly review the listing of any named Plaintiff currently listed in the [Terrorist Screening Database ("TSDB")] according to additional procedures to be added to a revised DHS TRIP process that are reasonably calculated to provide the required procedural due process, together with the creation of an adequate administrative record, with particular consideration given to (l) the threshold showing necessary to determine whether any such Plaintiff is entitled to such a review and the notice and explanation given to any Plaintiff determined not to meet that threshold; (2) the notice and opportunity to respond to any derogatory information; (3) the notice to be given Plaintiffs with respect to their TSDB status upon completion of that review; and (4) the opportunity for review and/or appeal of any adverse determination[.]" Revised Final Order, at 2. The Court further directed that Defendants disclose to the Court the revised procedures and "the status of the named Plaintiffs with respect to any TSDB listing" at the conclusion of the ordered review, and ordered the submission of a status report within 45 days of the revised final order "as to these

1

revised DHS TRIP procedures and Defendants' review of any Plaintiffs' placement on the TSDB under those revised procedures." *Id.* at 2-3.

The Government has moved for a stay of the Revised Final Order pending appeal, but unless and until it is stayed, the Government is in the process of complying with the Revised Final Order. Compliance with the Revised Final Order requires consultation and coordination with multiple components within multiple agencies that have a role in watchlisting. The policy development is being conducted at the agency level and coordinated through the Watchlisting Advisory Council ("WLAC").[1] To date, Defendants have taken the following affirmative steps to comply with the Revised Final Order:

- The Government has identified which, if any, of the Plaintiffs are currently in the TSDB, and the Terrorist Screening Center ("TSC") has carefully assessed the current status of any such individuals based upon available information and has made whatever changes were necessary, if any;

- The Government has commenced an interagency deliberative policy process to propose and evaluate options for revised procedures to be applied to a review of any Plaintiff's watchlist status, taking into consideration the four issues enumerated by the Court in the Revised Final Order, as well as other concerns described in the Court's summary judgment opinion. Towards this end, members of the WLAC have begun the intra- and interagency deliberative process of evaluating the feasibility and

---

[1] The WLAC is not itself an agency and does not possess decision-making authority. It is a forum in which participating agencies gather—voluntarily and pursuant to their own separate and individualized authorities—to discuss and address certain types of watchlisting-related issues. Thus, here, the WLAC is the forum through which Defendants (and other WLAC participants) will, according to their own individual authorities, coordinate any potential revised procedures to be applied to a review of any Plaintiff's watchlist status. *See, e.g.,* August 8, 2018 Declaration of Timothy P. Groh, Dkt. No. 231-1; September 5, 2018 Supplemental Declaration of Timothy P. Groh, Dkt. No. 251-1.

policy implications of changes to the redress process. There have been multiple intra- and inter-agency meetings to propose, discuss, and evaluate possible changes to the redress process or other changes to the watchlisting system, with a view toward better enabling WLAC participants to present and evaluate options for addressing the Revised Final Order. Agencies have formulated specific proposals for consideration.

- The WLAC is scheduled to convene for its first quarterly meeting of 2020 within the next few weeks, and Defendants anticipate that the WLAC members will discuss and evaluate the specific proposals generated by the ongoing deliberative process. If the Revised Final Order is not stayed, the Defendants will be in a better position to estimate the completion of this process once the scheduled WLAC meeting has taken place.

Dated: February 10, 2020

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director
Federal Programs Branch

AMY POWELL
DENA M. ROTH
ANTONIA KONKOLY
CHRISTOPHER HEALY
Trial Attorneys, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W. Rm 11204
Washington, DC 20530

            Tel: (202) 514-2395
            amy.powell@usdoj.gov
            dena.m.roth@usdoj.gov
            antonia.konkoly@usdoj.gov
            christopher.healy@usdoj.gov

            */s/ Lauren A. Wetzler*
            LAUREN A. WETZLER
            Chief, Civil Division
            Assistant United States Attorney
            2100 Jamieson Ave.,
            Alexandria, VA. 22314
            Tel: (703) 299-3752
            Fax: (703) 299-3983
            Lauren.Wetzler@usdoj.gov