**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| Anas **ELHADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:16-cv-375 (AJT/JFA)** |
| ) | |
| **CHARLES H. KABLE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**JOINT STATUS REPORT**

The parties, by and through undersigned counsel, respectfully respond to the Court's Order

of December 7, 2021, requesting that the Parties "inform the court by writing as to the outstanding

issues in this case."   ECF No. 375.

Defendants' Position.    Defendants are aware of no further outstanding issues.   The Court

should now enter judgment in the Government's favor, as directed by the Fourth Circuit.   *See*

*Elhady v. Kable*, 993 F.3d 208, 229-30 (4th Cir. 2021) ("We thus reverse the district court's denial

of the government's motion for summary judgment and remand this case with instructions to enter

judgment in favor of the government.").

Although Plaintiffs state below that they seek leave to file another amended complaint,

Defendants have not seen a proposed amended complaint, and would likely oppose a motion to

amend as untimely and prejudicial.   The possibility of a forthcoming motion to amend or a new

lawsuit, however, does not affect the mandate issued by the Court of Appeals, and the Court should

enter judgment for the Government now.   *See United States v. Susi*, 674 F.3d 278, 283 (4th Cir.

2012) (stating that the mandate rule "compels compliance on remand with the dictates of a superior

court") (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)).

Plaintiffs' Position.    Plaintiffs agree that this Court should follow the Fourth Circuit's instructions and "enter judgment in favor of the government" on the procedural due process claims resolved. *Elhady v. Kable*, 993 F.3d 208, 229-30 (4th Cir. 2021). The Fourth Circuit, however, did not close the door on watchlist challenges of all kinds. Instead, the decision identified the kinds of challenges that can coexist alongside the decision in *Elhady.* And those challenges permitted by *Elhady* include "[i]ndividual applications of the program" that violate "recognized legal prohibitions and thus remain subject to judicial review." *Id.* at 213. Indeed, the Fourth Circuit was deliberate in emphasizing that its opinion "should not be read to suggest that law enforcement actions in airports or at the border are immune from judicial review."  *Id.* at 225. *Elhady* goes so far as to suggest "other avenues, including Fourth Amendment claims," that "litigants can proceed through."  *Id.*

Plaintiffs seek leave to amend their complaint consistent with the Fourth Circuit's decision in *Elhady.* This Court, as well as the legal teams on all sides, spent years in discovery establishing the most extensive factual record regarding the watchlisting system ever adjudicated. Those same facts can be put to use in furtherance of as-applied claims—via the Fourth Amendment as well as other sources of law suggested or implied by the Fourth Circuit—that respond to *Elhady's* rejection of Plaintiffs' "roundhouse swing at the TSDB program" and fit within the case-by-case framework that now sets the ground rules for the adjudication of watchlist challenges. *See also Elhady* at 225 ("When aiming at a small and sensitive target, a scalpel is superior to a scythe.").

2

Dated:  December 21, 2021                    Respectfully submitted,

                                             JESSICA D. ABER
                                             United States Attorney

                                             BRIAN M. BOYNTON
                                             Acting Assistant Attorney General
                                             Civil Division

                                             ANTHONY J. COPPOLINO
                                             Deputy Director, Federal Programs Branch

                                             AMY POWELL
                                             ANTONIA KONKOLY
                                             CHRISTOPHER R. HEALY
                                             Trial Attorneys
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L St NW
                                             Washington, DC 20530
                                             Tel: (202) 514-2395
                                             amy.powell@usdoj.gov
                                             antonia.konkoly@usdoj.gov
                                             christopher.healy@usdoj.gov

                                             /s/ *Lauren A. Wetzler*
                                             LAUREN A. WETZLER
                                             Chief, Civil Division
                                             Assistant United States Attorney
                                             Office of the United States Attorney
                                             2100 Jamieson Ave.
                                             Alexandria, VA. 22314
                                             Tel: (703) 299-3752
                                             Fax: (703) 299-3983
                                             Lauren.Wetzler@usdoj.gov

                                             *Attorneys for Defendants*

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS

BY: _____/s/ Gadeir Abbas
LENA F. MASRI (P73461)
GADEIR I. ABBAS (VA: 81161)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
gAbbas@cair.com

*Gadeir Abbas is licensed in VA, not in D.C.*
*Practice limited to federal matters.*

*Counsel for Plaintiffs*